# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

A Ward of the City of Washington, DC
**Dontae Bailey**
400 6th Street, S.E. #401
Washington, D.C. 20004

**Erika Bunton**
As the parent of the minor child,
**Allan Barnes**
And
**Allan Barnes**
400 6th Street, SW
Washington, DC 20024

AND

A Ward of the City of Washington, DC
**Charles Estes, Jr**
400 6th Street, S.W.
Washington, D.C. 20024

Civil Action No.
Next date:

AND

**Carrie Jones SW**
As the parent of the minor child,
**Andreas Evans**
And
**Andreas Evans**
441 4th Street, SW
Washington, DC 20024

A Ward of the City of Washington, DC
**Auzhane Dixon**
400 5th Street, S.E. #401
Washington, D.C. 20004

AND

**Lisa Fletcher**
As the parent of the minor child,
**Jerome Fletcher**

1

And
**Jerome Fletcher**
400 6th Street, S.W
Washington, D.C. 20024

AND

**Grace Santo**
As the parent of the minor child,
**JaJuan Hill**
And
**JaJuan Hill**
400 6th Street, S.W.
Washington, D.C. 20024

AND

A Ward of the City of Washington, DC
**Demarques Roscoe**
615 Forrester St, S.E.
Washington, D.C. 20032

AND

**Tyronnis Carmichael**
As the parent of the minor child,
**Mark Washington**
And
**Mark Washington**
400 6th Street, S.W.
Washington, D.C. 20024

V.

**Government of the District of Columbia,**
A Municipal Corporation
441 4th Street, N.W.
Washington, D.C. 20001

Serve
**Office of the Attorney General**
Robert J. Spagnoletti, Attorney General
Janice Stokes, designee
441 4th Street, N.W.
Washington, D.C. 20001

2

And

**Mayor Anthony Williams**
Office of the Secretary
Tabetha Braxton, designee
1350 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Defendants

---

# COMPLAINT

## JURISDICTION

1.      Jurisdiction of this Court is founded upon 28 U.S.C. 1331, the "Individuals with Disabilities in Education Act", 20 U.S.C. 1415, et seq., P.L. 101-476, and 42 U.S.C. 1983, et seq.

2.      The plaintiffs are minor children and/or their parents (guardians), suing on their behalf.

3.      Either the plaintiffs are or were residents or wards of the District of Columbia during the pendency of the underlying administrative proceedings or they are or were under the care and control of the Children and Family Services Administration (CFSA) of the District of Columbia during that period.

4.      Plaintiffs join together in the action under Rule 20, Federal Rules of Civil Procedure.

5.      The Defendant, Government of the District of Columbia, is a municipal corporation.  As one of its statutory functions, Defendant established and supports the Board of Education (Board) that governs the District of Columbia Public School System, (hereinafter called "DCPS"). Board and the DCPS are responsible for affording children in the District of Columbia all rights and privileges granted pursuant to the "Individuals with Disabilities in Education Act" (IDEA), 20 U.S.C. 1415, and et. seq.  Specifically, in the instance case, they are responsible for issuing

payments of attorneys' fees and costs incurred by the plaintiffs, as prevailing parties, in pursuing claims and actions under IDEA.

6. Mayor Anthony Williams is chief executive officer of the Government of the District of Columbia who is responsible for the proper execution of all laws relating to the District.

7. The Office of the Attorney General is charged to conduct all law business of the Government of the District of Columbia and to defend all suits instituted against said government.

## STATEMENT OF FACTS

In each of the individual plaintiff's cases:

8. The prevailing party in the matter(s) before the DCPS was the plaintiff.

9. Attorney's fees and related costs based on rates prevailing in the community for the kind and quality of services furnished are to be awarded to the prevailing party.

10. The plaintiffs were/are represented by Cathy Braxton, Esq., PC, (Braxton) either by appointment from a Judge of District of Columbia Superior Court or through a private retainer arrangement.

11. The services provided by Braxton were ordinary and necessary to successfully represent the plaintiffs.

12. Braxton provided services that were consistent with the level of services that he would provide to any of his clients based on his expertise and experience, his understanding of the law to be applied in these cases and his normal office practices.

13. DCPS, acknowledged the representation by Braxton and conceded liability for varying percentages of the hours counsel spent by making a partial payment on certain invoices for services that were submitted to them in accordance with IDEA, 20 U.S.C. 1415 et seq.

14. DCPS did not challenge the billing rate of Braxton as unreasonable.

15. DCPS did not deny that the time and related services, represented on the invoices as billable, had been actually incurred by Braxton.

16. DCPS arbitrarily withheld payment of all, or a portion of the amount billed on the invoices challenged herein.

17. DCPS did not dispute the services provided by Braxton (i.e. review, evaluation and document preparation) but reduced invoiced amounts by rejecting some of the time designated by Braxton as necessary to complete various services.

18. DCPS did not challenge the need for the services provided by Braxton only the amount of time spent.

19. DCPS has not published a schedule of fees but allows attorney's to use reasonable judgment in determining not only the types of services to be provided but also the time to be allocated to various services.

20. DCPS rejected the time spent by Braxton in traveling to and from required meetings and hearings in this matter.

21. DCPS did not challenge the accuracy of the time spent by Braxton on travel to required meetings and hearings in this matter.

22. DCPS did not reduce the amount paid on the invoice for travel based on any factual data obtained from Braxton, or any other source, as to the time actually spent on each case.

23. DCPS reduced the payment for each of the plaintiffs in the amount indicated below:

**AMOUNTS CLAIMED AS DUE AS OF THE DATE OF THE COMPLAINT**

| | |
|---|---|
| **CHARLES ESTES, JR** | $ 1006.25 |
| **DEMARQUES ROSCOE** | $ 962.50 |
| **DONTAE BAILEY** | $ 700.00 |
| **AUZHANE DIXON** | $ 1,478.50 |
| **ALLAN BARNES** | $ 3,000.00 |
| **ANDREAS EVANS** | $ 3,350.00 |
| **JEROME FLETCHER** | $ 2,700.00 |
| **JAJUAN HILL** | $ 3,900.00 |
| **MARK WASHINGTON** | $ 2,600.00 |
| TOTAL | $19,697.25 |

WHEREFORE, the plaintiffs respectfully request that this Honorable Court

Find the Defendants have, with respect to these plaintiffs, deprived said plaintiffs of the rights, privileges and the benefits that are available and secured by the applicable laws of the United States, specifically 20 U.S.C. 1400 et. seq.

B.  Award the plaintiffs damages in the amount of $ 19, 697.25 plus interest from the date of the payment.

C.  Award to the plaintiffs pursuant to 42 U.S.C. 1983, etc. seq., the reasonable attorneys' fees and cost incurred by virtue of the instant litigation.

D.  Award any other relief that this Honorable Court deems just and appropriate based on the allegations of this litigation.

Respectfully submitted
Anthony R. Davenport, Esq., P.C.

Anthony R. Davenport, Esq. (D.C. Bar No. 405079 )
601 Pennsylvania Ave. N.W.
Suite 900
Washington, D.C. 20004
(202) 434-8201