UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.B.[1] *et al.*,<br>A ward of the District of Columbia,<br><br>  Plaintiffs,<br><br>     v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation,<br><br>  Defendant. | Civil Action No. 06-0017 (GK) |

**JOINT MEET AND CONFER STATEMENT**

Pursuant to LCvR 16.3 and the March 9, 2006, Order, the parties respectfully submit the foregoing Joint Meet and Confer Statement.

**STATEMENT OF THE CASE**

Plaintiffs bring this action to obtain attorneys' fees and costs as the prevailing parties in District of Columbia Public Schools ("DCPS") administrative hearings, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq* and 42 U.S.C. § 1983. They allege that DCPS inappropriately reduced their fee requests and seek recovery of the full amounts of their fee petitions.

Defendant District of Columbia disputes Plaintiffs' prevailing party status under the IDEA. Defendant also objects to full payment of the fee petitions where Plaintiffs have not met their burden to establish all elements of the requested fee award. In addition to the IDEA, Defendant also relies on the fee cap in the D.C. Appropriations Act for each relevant year. Defendant contends that § 1983 is not applicable to this lawsuit,

---

[1] All minors will be referred to only by their initials, pursuant to LCvR 5.4(f)(2).

and no substantive count of the Complaint relies on § 1983.  Defendant also asserts that Plaintiffs' claims are barred by the applicable Statute of Limitations.

## LCvR 16.3

1. This case can be decided by dispositive motion.

2. The parties have agreed that the Plaintiffs D.B., C.E., A.D., and D.R. will amend the Complaint within 30 days of the date of the Scheduling Order to identify and substitute their guardians' names for their own.[2]  Further, at this time, the parties do not believe that the factual and legal issues can be agreed upon or narrowed.

3. The parties do not believe that this matter should be assigned to a magistrate judge.

4. The parties are open to settlement discussions, but do not believe that settlement is possible at this time.

5. The parties do not believe that ADR will be beneficial in this case.

6. This case can be decided by dispositive motion.  The parties propose the following schedule:

    a. Plaintiffs will amend their Complaint to identify and substitute the guardians' names for the minors D.B., C.E., A.D., and D.R. within 45 days of the Scheduling Order.

    b. Plaintiffs also will file all pertinent documents to establish fee entitlement, such as invoices and hearing officer's decisions, within 45 days of the Scheduling Order.

---

[2] Minors do not have the legal capacity to bring and maintain law suits.  D.B., C.E., A.D., and D.R all appear to be minor wards of the District of Columbia and cannot bring this case.  Plaintiffs' counsel has agreed to amend the Complain to address this.

    c. Plaintiffs and Defendant will file cross-dispositive motions within 45 days of Plaintiffs' filing of pertinent documents.

    d. Plaintiffs and Defendant will file their oppositions no later than 30 days from the date of the filing of the cross-dispositive motions.

    e. Plaintiffs and Defendant will file their replies no later than 20 days from the filing of the oppositions.

    f. If necessary, once dispositive motions have been ruled on, a status conference to discuss the need for a pre-trial conference will be set within 30 days of the date of the order.

7. The parties do not believe that there is a need for disclosures under Fed. R. Civ. Pro. 26(a)(1).

8. The parties believe that limited discovery is warranted at this time. Plaintiffs will file pertinent documents to establish fee entitlement, such as invoices and hearing officer's decisions for each student, within 45 days of the Scheduling Order. Defendant reserves the right to obtain limited discovery regarding Plaintiffs' discovery, if necessary, before the filing of cross-dispositive motions.

9. The parties do not believe that there will be a need for expert witnesses.

10. The instant case is not a class action.

11. There is no need to bifurcate discovery or trial.

12. There is no need for a pretrial conference at this time.

13. At this point, there is no need to set a trial date.

14. The parties do not believe that there are any other matters to consider at this time.

Respectfully submitted,

| | |
|---|---|
| ROBERT J. SPAGNOLETTI<br>Attorney General of the District of Columbia | **/s/**_____<br>Anthony R. Davenport, Esq., P.C.<br>D.C. Bar No. 405079 |
| GEORGE C. VALENTINE<br>Deputy Attorney General<br>Civil Litigation Division | **/s/**_____<br>Angela T. Green, Esq.<br>D.C. Bar No. 484436<br>601 Pennsylvania Ave., N.W.<br>Suite 900<br>Washington, D.C. 20004 |
| **/s/ Edward P. Taptich**<br>EDWARD P. TAPTICH [#012914]<br>Chief, Equity Section 2 | |
| | Counsel for Plaintiffs |
| **/s/ Eden I. Miller**<br>EDEN I. MILLER [#483802]<br>Assistant Attorney General<br>441 Fourth Street, N.W., Sixth Floor South<br>Washington, D.C. 20001 | |
| Counsel for Defendants | |

March 16, 2006