# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Shelia Ann Perkins**                          )
As the parent of the minor child,               )
**D. B.**                                        )
And                                              )
**D. B.**                                        )
1649 W Street, #T2, S.E.                         )
Washington, D.C. 20020;                          )**Civil Action No: 1:06cv00017 GK)**
                                            )**Next Date: May , 2006 (status)**

**Erika Bunton**                                 )
As the parent of the minor child,               )
**A. B.**                                        )
And                                              )
**A. B.**                                        )
400 6th Street, S.W.                  )
Washington, D.C. 20024;                          )
                                            )

**Charles Estes**                                )
As the parent of the minor child,               )
**C. E.**                                        )
And                                              )
**C. E.**                                        )
400 6th Street, S.W.                  )
Washington, D.C. 20024;                          )
                                            )

**Carrie Jones**                                 )
As the parent of the minor child,               )
**A. E.**                                        )
And                                              )
**A. E.**                                        )
441 4th Street S.W.                   )
Washington, D.C. 20024;                          )
                                            )

**Nicole Dixon**                                 )
As the parent of the minor child                )
**A. D.**                                        )
And                                              )
**A. D.**                                        )
1475 Columbia Road, N.W. Apt. 202                )
Washington, D.C. 20009;                          )
                                            )

**Lisa Fletcher**                                )
As the parent of the minor child,               )
**J. F.**                                        )

And                                              )
**J. F.**                                         )
400 6th Street, S.W.                   )
Washington, D.C. 20024;                          )
                                                 )
**Grace Santo**                                   )
As the guardian of the minor child,              )
**J. H.**                                         )
And                                              )
**J. H.**                                         )
400 6th Street, S.W.                   )
Washington, D.C. 20024;                          )
                                                 )
**Shannon Roscoe**                                )
As the parent of the minor child,                )
**D. R.**                                         )
And                                              )
**D. R.**                                         )
615 Forrester Street S.E.                        )
Washington, D.C. 20032;                          )
                                                 )
**Tyronnis Carmichael**                           )
As the guardian of the minor child,              )
**M. W.**                                         )
And                                              )
**M. W.**                                         )
400 6th Street, S.W.                   )
Washington, D.C. 20024                           )
                                                 )
v.                                               )
                                                 )
**Government of the District of Columbia,**       )
A Municipal Corporation                          )
441 4th Street, N.W.                             )
Washington, D.C. 20001                           )
                                                 )
Serve                                            )
**Office of the Attorney General**                )
Robert J. Spagnoletti, Attorney General          )
441 4th Street, N.W.                             )
Washington, D.C. 20001                           )
                                                 )
And                                              )
                                                 )
**Mayor Anthony Williams**                        )
Office of the Secretary                          )

1350 Pennsylvania Avenue, N.W.          )
Washington, D.C. 20004                   )
                                         )
Defendants                               )

# COMPLAINT

## JURISDICTION

1.      Jurisdiction of this Court is founded upon 28 U.S.C. 1331, the "Individuals with

Disabilities in Education Act", 20 U.S.C. 1415, et seq., P.L. 101-476, and 42 U.S.C.

1983, et seq.

2.      The plaintiffs are minor children and/or their parents (guardians), suing on their

behalf.

3.      The plaintiffs are or were residents or wards of the District of Columbia during

the pendency of the underlying administrative proceedings or they are or were under the

care and control of the Children and Family Services Administration (CFSA) of the

District of Columbia during that period.

4.      Plaintiffs join together in the action under Rule 20, Federal Rules of Civil

Procedure.

5.      The Defendant, Government of the District of Columbia, is a municipal

corporation.  As one of its statutory functions, Defendant established and supports the

Board of Education (Board) that governs the District of Columbia Public School System,

(DCPS). The Board and the DCPS are responsible for affording children in the District of

Columbia all rights and privileges granted pursuant to the "Individuals with Disabilities

in Education Act" (IDEA), 20 U.S.C. 1415, and et. seq.  Specifically, in the instance case,

they are responsible for issuing payments of attorneys' fees and costs incurred by the plaintiffs, as prevailing parties, in pursuing claims and actions under IDEA.

6.      Mayor Anthony Williams is chief executive officer of the Government of the District of Columbia, who is responsible for the proper execution of all laws relating to the District.

7.      The Office of the Attorney General is charged to conduct all legal business of the Government of the District of Columbia and to defend all suits instituted against said government.

## STATEMENT OF FACTS

In each of the individual plaintiff's cases:

8.      The prevailing party in the matter(s) before the DCPS was the Plaintiff.   See Plaintiffs' Exhibit A.

9.      Attorney's fees and related costs based on rates prevailing in the community for the kind and quality of services furnished are to be awarded to the prevailing party.

10.     The Plaintiffs were or are represented by Cathy Braxton, Esq., PC, (Braxton) either by appointment from a Judge of the District of Columbia Superior Court, or through a private retainer arrangement.  See Plaintiffs' Exhibits A - C.

11.     The services provided by Braxton were ordinary and necessary to successfully represent the plaintiffs.  See Plaintiffs' Exhibits B - C

12.     Braxton provided services that were consistent with the level of services that she would provide to any of her clients based on her expertise and experience, her understanding of the law to be applied in these cases and her normal office practices.

4

13.     DCPS, acknowledged the representation by Braxton and conceded liability for varying percentages of the hours counsel spent by making a partial payment on certain invoices services that were submitted to them in accordance with IDEA, 20 U.S.C. 1415 et seq. See Plaintiffs' Exhibits B – C.

14.     DCPS did not challenge the billing rate of Braxton as unreasonable. See Plaintiffs' Exhibit C.

15.     DCPS did not deny that the time and related services, represented on the invoices as billable, had been incurred by Braxton. See Plaintiffs' Exhibit C.

16.     DCPS arbitrarily withheld payment of all, or a portion of the amount billed on the invoices and challenged herein. See Plaintiffs' Exhibit C.

17.     DCPS did not dispute the services provided by Braxton (i.e. review, evaluation and document preparation) but reduced invoiced amounts by rejecting some of the time designated by Braxton as necessary to complete various services. See Plaintiffs' Exhibits B – C.

18.     DCPS did not challenge the need for the services provided by Braxton, only the amount of time spent. See Plaintiffs' Exhibit C.

19.     DCPS has not published a schedule of fees, but allows attorneys to use reasonable judgment in determining not only the types of services to be provided, but also the time to be allocated to various services.

20.     DCPS rejected the time spent by Braxton in traveling to and from required meetings and hearings in this matter. See Plaintiffs' Exhibit C.

21.     DCPS did not challenge the accuracy of the time spent by Braxton on travel to required meetings and hearings in this matter. See Plaintiffs' Exhibit C.

22.    DCPS did not reduce the amount paid on the invoice for travel based on any

factual data obtained from Braxton, or any other source, as to the time actually spent on

each case.

23.    DCPS reduced the payment for each of the plaintiffs in the amount indicated

below:


**AMOUNTS CLAIMED AS DUE AS OF THE DATE OF THE COMPLAINT**

| | |
|---|---|
| **C. E.** | **$1006.25** |
| **D. R.** | **$962.50** |
| **D. B.** | **$700.00** |
| **A. D.** | **$1478.50** |
| **A. B.** | **$3000.00** |
| **A. E.** | **$3350.00** |
| **J. F.** | **$2700.00** |
| **J. H.** | **$3900.00** |
| **M. W.** | **$2600.00** |
| **TOTAL** | **$19,697.25** |


WHEREFORE, the plaintiffs respectfully request that this Honorable Court find that the

Defendants have, with respect to these plaintiffs, deprived said plaintiffs of the rights,

privileges and the benefits that are available and secured by the applicable laws of the

United States, specifically 20 U.S.C. 1400 et. seq.

B.    Award the plaintiffs damages in the amount of $ 19, 697.25 plus interest from the date of
the payment.

C.    Award to the plaintiffs pursuant to 42 U.S.C. 1983, etc. seq., the reasonable attorneys' fees
and cost incurred by virtue of the instant litigation.

D.    Award any other relief that this Honorable Court deems just and appropriate based on the
allegations of this litigation.


Respectfully submitted
Anthony R. Davenport, Esq., P.C.

Anthony R. Davenport, Esq. (D.C. Bar No. 405079 )
601 Pennsylvania Ave. N.W.
Suite 900
Washington, D.C. 20004
(202) 434-8201

7

**PLAINTIFFS' EXHIBIT A**

**HEARING OFFICER DETEMINATIONS**

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### *OFFICE OF MANAGEMENT SERVICES*

#### SPECIAL EDUCATION DUE PROCESS HEARING

| | | |
|---|---|---|
| In the Matter of Mark Washington | ) | |
| | ) | |
| Date of Birth: July 7, 1993 | ) | |
| ("Student") | ) | Hearing Date: August 14, 2003 |
| | ) | |
| | ) | |
| District of Columbia Public Schools | ) | 825 North Capitol St. NE |
| ("DCPS" or "District") | ) | Washington, DC |
| | ) | |
| Attending School: Truesdell ES | ) | Coles B. Ruff, Esq. |
| | | Independent Hearing Officer |

*(stamp: O.F.C.E. / 2003 AUG 21 AM 10:30 / STUDENT HEARING)*

### CONFIDENTIAL
### HEARING OFFICER'S DETERMINATION
### AND ORDER

Hearing Participants:

Counsel for Student:                   Cathy A. Braxton, Esq.
                                       217 15th Street NE Street, NW
                                       Washington, DC   20002

Counsel for DCPS:                      James Fisher, Esq.
                                       Office of General Counsel
                                       825 North Capitol St. NE
                                       Washington, DC  20002

## INTRODUCTION:

A Due Process Hearing was convened on August 14, 2003, at the District of
Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002. The
hearing was held pursuant to a hearing request submitted by the counsel for the student
dated July 11, 2003.

## JURISDICATION:

The hearing was held and this decision was written pursuant to the *Individuals
with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the Rules of
the Board of Education of the District of Columbia and the DC Appropriations Act,
Section 145, effective October 21, 1998.

(In the Matter MW  DOB 7/7/93  HOD August 21, 2003)

## DUE PROCESS RIGHTS:

The student's counsel waived a formal reading of the due process rights.

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel and documents contained in the parties' disclosure statements, which were admitted into the record. The parties discussed the matter on the record and reached an agreement.

## FINDINGS OF FACT:

The Hearing Officer finds that the agreement reached on the record by the parties is in the best interest of the student and, therefore, a Hearing Determination is hereby issued incorporating the agreement as stated.

## ORDER:

1. DCPS has issued a prior notice on behalf of the student to Moten Center where he will attend in the 2003-04 school year.

2. DCPS shall provide transportation for the student and Moten Center will be charged with the implementation of the student's individual educational program (IEP).

3. Petitioner is the prevailing party.

4. All issues raised in the due process hearing request have been fully resolved by the terms of this Order.

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Coles B. Ruff, Esq.
**Hearing Officer**
**Date: August 21, 2003**                    Issued: _8-21-03_

2

# CONFIDENTIAL

# HEARING OFFICER DETERMINATION

Name of Student:    **DEMARQUES ROSCOE**

Date of Birth:        11/24/87

Current Placement: Roosevelt Sr. High School

Date of Hearing:    November 8, 2002

DCPS Representative -  Michael Levy, Esq.

Parent Representative - Cathy Braxton, Esq.

Hearing Officer: Lois Hochhauser, Esq.

DeMarques Roscoe                                                    Page 2

I. **INTRODUCTION:** This hearing took place on November 8, 2002 at the offices of the District of Columbia Public Schools (DCPS) Student Hearing Office (SHO) located at 825 North Capitol Street, N.E. in the District of Columbia regarding the student, **DeMarques Roscoe** (student # 7888474), who was present. Michael Levy, Esq. represented DCPS. Cathy Braxton, Esq. represented DeMarques's parent, Shannon Roscoe, who was also present. Review of the due process rights was waived.

II. **JURISDICTION:** The proceeding was conducted in accordance with the Individuals with Disabilities Education Act (IDEA) and its regulations; the Section 504 of the Rehabilitation Act of 1973; Rules of the Board of Education of the District of Columbia; and Section 145 of the District of Columbia Appropriations Act of 1999.

III. **ISSUE:** Did DCPS violate the applicable laws rules or regulations in this matter?

IV. **DOCUMENTARY EVIDENCE:** DCPS did not introduce any documents. DCPS introduced documents: DR 1 - DR 13[1].

V. **SUMMARY OF PROCEEDINGS, DISCUSSION, FINDINGS AND CONCLUSIONS**

DeMarques Roscoe, born November 24, 1987, is identified as learning disabled (LD) and is eligible for special education. He currently attends a part-time special education program at Roosevelt Sr. High School.

The parent contents that the student's last triennial review took place in 1994. DCPS does not agree with the year identified by the parent, but concedes that it has failed to complete evaluations for the student. IDEA, at §300.321 requires that DCPS reevaluate a student eligible for special education. Pursuant to §300.536(b), a reevaluation must be conducted "if conditions warrant" it, but at least once every three years. The Hearing Officer concludes that DCPS failed to complete required evaluations for DeMarques in a timely manner. [2]

---

[1]The parent's submission was not in the SHO file. However, it was not disputed that the submission was made in a timely manner. The parent provided the Hearing Officer with her copy that is currently in the file but should be returned to the parent when the SHO locates its file.

[2]The parties agree that since DCPS agreed it failed to complete required evaluations in a timely manner, specific findings did not need to be made regarding the triennial. The specific time violation may become relevant if a request for compensatory relief is made, and the parties then can present evidence on that issue.

The parent raised several other issues, i.e. that the current individualized education program (IEP) is incomplete and that the student is not receiving special education services at Roosevelt. The parties agreed that since the IEP will need to be revised and a placement decision made based on the new evaluations that will be ordered, that the issue regarding the defects in the current IEP would not be addressed at this time. With regard to the provision of current services, DeMarques testified that he has not received special education instruction or counselling thus far this school year, although such is required in his IEP. (DR 4). DeMarques provided his current class schedule and stated that all classes, i.e. Algebra, English, Zoology/Botany, Spanish, Travel/Tourism, World History and Physical Education are in regular education. He testified that he prefers special education classes because he is able to keep up in those classes.

As relief, the parent seeks independent testing at George Washington University. In additional to the psychoeducational, vocational and speech/language assessments, she also seeks a clinical assessment for DeMarques. Ms. Roscoe testified that DeMarques is often withdrawn and that he has low self-esteem because he is unable to keep up with his mainstream peers. She stated that DeMarques often refuses to go to school as a result of these issues. The Hearing Officer concluded that sufficient evidence was presented to justify the completion of a clinical assessment.

DCPS requested the opportunity to do the testing itself. The Hearing Officer agreed that DCPS would have the opportunity to complete the psychoeducational and speech/language assessments, because it is generally able to complete assessments with its own personnel. Since the other assessments usually take more time and DCPS usually contracts out for the testing, and since there has been delay in completing assessments and the parent has represented she could get the assessments completed promptly, and since there was clear evidence of the need to have the assessments completed expeditiously, the Hearing Officer ordered that the parent could obtain the vocational and clinical assessments at public expense. If DCPS does not complete the other testing in the time frame ordered, the parent may also obtain those at public expense. The parent stated she could get all testing completed by the deadline ordered for the MDT/IEP meeting. DCPS requested, and the Hearing Officer ordered, that if the student, parent or representative were responsible for any delays, the time frames would be extended on a proportionate basis.

At the request of the parties, the Hearing Officer retained jurisdiction, as detailed below, but the parties may request another hearing officer if they so choose.

DeMarques Roscoe                                                    Page 4

   The parent may raise the other issues if a hearing on compensatory relief is sought.

   VI.  **DETERMINATION:** Based on these findings and conclusions, consistent with the analysis presented, and with the participation of the parties, at the close of the proceeding, it was:

   **ORDERED:** By **November 26, 2002**, DCPS will complete the speech/language and psychoeducational assessments, and the parent will complete independent clinical and vocational assessments at public expense.  If DCPS does not complete the speech/language and psychoeducational assessments by November 26, then the parent may obtain those assessments at public expense.

   **ORDERED:** By **December 6, 2002**, DCPS will reconvene the MDT and revise the IEP, as needed.  By **December 11, 2002**, DCPS will complete a placement meeting and issue a placement notice for the remainder of the current school year.  DCPS may propose Roosevelt again, but must have a placement meeting before proposing any placement, even the current one.

   **ORDERED:** The parent's right to seek compensatory relief on behalf of her son is reserved.  The parties should discuss the issue of compensatory relief at the IEP meeting and attempt to resolve the issue and develop a plan of compensatory relief if they agree such is appropriate.  If they cannot resolve the matter, the parent may obtain an expedited proceeding on this issue, the hearing to be held no later than ten school days from the date of receipt of the request by the Student Hearing Office.  At that hearing, the parties may present evidence on the issue of the provision of services this school year and the appropriateness of the current IEP.

   **ORDERED:** DCPS will be granted an extension of one day for each day of delay caused by the student, parent or representative.

   **ORDERED:** The Hearing Officer retained jurisdiction regarding issues of placement and compensatory relief for the 02/03 school year, but the parties may request another hearing officer if they so choose.

                                           _Lois Hochhauser_
                                           Lois Hochhauser, Esq.
                                           Hearing Officer

                                           Date submitted: November 12, 2002

Date issued:  _11-12-02_

**This is a final administrative decision.  Appeals can be made to a court of competent jurisdiction within thirty days of the date of this Determination.**

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*Office of Compliance*
CONFIDENTIAL

Nadine S. Evans, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, DC 20002
(202) 442-5432

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| JaJuan Hill ("Student"), | ) | **HEARING OFFICER'S DECISION** |
| Date of Birth: September 2, 1987 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: August 11, 2003 |
| | ) | |
| v. | ) | Held at: 825 North Capitol Street, N.E. |
| | ) | 8th Floor |
| District of Columbia Public Schools | ) | Washington, DC 20002 |
| ("School", "DCPS") | ) | |
| [Deal JHS] | ) | Case Number: |
| | ) | |
| Respondent. | ) | |

OFFICE

2003 SEP -2 AH 9:30

STUDENT HEARING

Parent(s):                          Ward of the District of Columbia

Counsel for Parent(s):              Cathy A. Braxton, Esq.
                                    217 15th Street, NE
                                    Washington, DC 20002

Counsel for School:                 Karen J. Herbert, Esq.
                                    825 North Capitol Street, NE
                                    9th Floor
                                    Washington, DC 20002

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

# INDEX OF NAMES

## JaJuan Hill v. District of Columbia Public Schools

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | Not Applicable (N/A) |
| Special Education Teacher | N/A |
| School Psychologist | N/A |
| Regular Education Teacher | N/A |
| Assistant Principal, Coolidge SHS | Carolyn Richards |
| Speech Pathologist | N/A |
| Occupational Therapist | N/A |
| Physical Therapist | N/A |
| Private Psychologist | N/A |
| CHILD AND CHILD'S DCPS ID # or SSN | JaJuan Hill, 8367848 |
| Child's Parent(s) (specific relationship) | N/A |
| Student's Representative | Cathy A. Braxton, Esq. |
| School System's Representative | Karen J. Herbert, Esq. |
| Social Worker | Grace Santo |
| Principal, Sunrise Academy | Makini Niliwaambieni |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### *OFFICE OF COMPLIANCE*

### Special Education Due Process Hearing

## I.   INTRODUCTION

On July 10, 2003, the attorney for the student filed a Request for Due Process Hearing with the Student Hearing Office. The Request alleges DCPS (1) failed to provide the student with an appropriate placement; (2) denied the student a Free Appropriate Public Education (FAPE); and (3) failed to find the student eligible for compensatory education. A Due Process Hearing was convened on August 11, 2003 at the DCPS Student Hearing Office, 825 North Capitol Street, N.E., 8th Floor, Washington, DC 20002.

## II.   JURISDICTION

The Due Process Hearing was convened, and this decision was written, pursuant to Public Law 105-17, The Individuals with Disabilities Education Act of 1997, 20 United States Code 1400 et. seq.; Title 34 of the Code of Federal Regulations, Part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act.

## III.   ISSUE(S)

1. Whether DCPS failed to provide the student with an appropriate placement?

2. Whether DCPS denied the student a Free Appropriate Public Education (FAPE)?

3. Whether DCPS failed to find the student eligible for compensatory education?

## IV.   SUMMARY OF HEARING PROCESS

During the hearing, counsel for parent and counsel for DCPS offered exhibits into evidence, and the exhibits were admitted, without objections. DCPS presented testimony by the Assistant Principal at Coolidge High School (Coolidge), and counsel for the student presented testimony by the Principal at Sunrise Academy and the student's Social Worker.

Counsel for the student moved for a directed verdict on the issue of the inappropriateness of the Coolidge placement, after testimony by the DCPS witness. The motion was granted. The parties also agreed concerning a date for a MDT meeting.

**V.    STIPULATIONS**

DCPS stipulated to the fact that the student has an emotional disability.

**VI.    FINDINGS OF FACT**

The Hearing Officer hereby makes the following Findings of Fact:

1.    The student is a fifteen (15) year-old ward of the District of Columbia.

2.    The student has been a victim and perpetrator of sexual assault, and has demonstrated "aggressive", and "sexually intimidating" behavior toward female classmates.

3.    The student was placed at Deal Junior High School for school year 2002-2003.

4.    On June 20, 2003 a MDT convened in order to review the student's evaluations, and revise the student's IEP.

5.    The team determined that the student was "speech/language impaired" and also held discussions on whether the student was mentally retarded, and whether he suffered from an emotional disability.

6.    The MDT notes do not reflect a resolution to the questions of whether the student is mentally retarded, or whether he has an emotional disability.

7.    The team agreed to place the student in Coolidge, his neighborhood school.

8.    Coolidge does not have a program for emotionally disabled students.

9.    Sunrise Academy is primarily a school for emotionally disabled students, although the school also has learning disabled students.

10.    The school population consists of male students between the ages of seven (7) and eighteen (18).

11.    The school has certified special education teachers, individual, group and family counseling services, and can provide all of the services detailed in the student's IEP.

4

## VII.   CONCLUSIONS OF LAW

### 1.   DCPS failed to provide an appropriate placement for the student.

DCPS has the burden of proving that it is in compliance with all due process provisions. [Title 5 D.C.M.R. Section 3022.16; 20 U.S.C.A. 1401(a)(1); 20 U.S.C.A. 1415(b)(2)].

The student's MDT notes detail a long discussion concerning whether the student has an emotional disability. Given the student's history of being sexually assaulted, and or assaulting his younger sister, it may be difficult to believe that he does not suffer from some emotional disability. There is also the added fact that the student becomes sexually aggressive, and intimidating with female peers. DCPS, through its counsel stipulated to the fact that the student has an emotional disability, although the hearing officer does not believe that the issue was firmly established by the MDT.

In light of the stipulation, the student's placement at Coolidge cannot be appropriate. The Assistant Principal of Coolidge testified that the school does not have a program for emotionally disabled students. Therefore, DCPS has failed to prove by a preponderance of the evidence that the placement at Coolidge is appropriate.

Sunrise Academy does have an appropriate program for the student. The school offers all of the services required by the student's IEP, and it provides an all-male student population. This environment, along with the required therapy, may assist the student in resolving some of the psychological and emotional issues that have him headed toward becoming a sexual predator.

### 2.   The inappropriate placement has not resulted in a denial of FAPE.

Although, based upon an emotional disability, the placement at Coolidge was inappropriate, the placement did not result in a denial of FAPE. The student was allowed to remain at Deal through the end of the school year. The student's placement at Coolidge would not have begun until September 2003.

Due to the agreement reached by the parties concerning the time frame for another MDT meeting, and the lack of information on the student's compensatory education claim, no determination is made regarding that issue.

5

## VIII.  ORDER

Pursuant to the Agreement reached between the parties, and the Findings of Fact and Conclusions of Law, it is hereby ORDERED, that:

1.  DCPS shall place, and fund the student's placement at Sunrise Academy for school year 2003-2004.

2.  DCPS shall convene a MDT on September 19, 2003, to formally review the issue of whether the student has an emotional disability, and if so, the IEP shall be reviewed and revised to reflect the new disability category.

3.  If the MDT determines that additional evaluation(s) are required, said evaluation(s) shall be scheduled within five (5) school days of the MDT, and shall occur within thirty (30) days after the evaluations are scheduled.

4.  The MDT shall review the 2001, 2002, and 2003 IEPs developed by DCPS, if said IEPs exist, as well as any other reports or records, in order to determine whether the student is eligible for compensatory education. If the student is eligible, the MDT shall determine the amount, manner, and form of the award of compensatory education.

5.  All meetings shall be scheduled through counsel for the student (court appointed educational advocate).

6.  Any delay caused by the attorney for the student, the educational advocate, or anyone working on the student's behalf, shall result in a day-for-day extension to DCPS on any deadline.

## VIIII.  APPEAL PROCESS

**This is the FINAL ADMINISTRATIVE DECISION.   Appeal may be made to a court of competent jurisdiction within thirty (30) days for the date this decision was issued.**

Nadine S. Evans, Esq., Hearing Officer          Date: _August 29, 2003_

Date Issued:

_9/2/03_

Student Hearing Office, DCPS

6

INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*Office of Compliance*
IMPARTIAL DUE PROCESS HEARING

| | |
|---|---|
| In the Matter of )<br><br>JaJuan Hill ("Student"), )<br>Date of Birth:  September 2, 1987 )<br><br>       Petitioner, )<br><br>   v. )<br><br>District of Columbia Public Schools )<br>[Deal JHS] )<br><br>       Respondent. ) | **CERTIFICATION OF RECORD** |

     I, Nadine S. Evans, Esq., Impartial Due Process Hearing Officer in this matter,

DO HEREBY CERTIFY that the attached Record of Proceeding and attached Index of

Exhibits itemizes the entire record in the above entitled matter as of this date, consisting

of all letters, pleadings, orders, exhibits, depositions, and tapes.

     I FURTHER CERTIFY that the documents and things forwarded herewith are

either the original, or true copy of the original documents submitted in this matter.

     EXECUTED this  29th  day of  August , 2003 .

                               DUE PROCESS HEARING OFFICER

7

# MATTER OF  JaJuan Hill  V.  District of Columbia Public Schools

## INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| JH-1 | Amended Due Process Hearing Request (8/4/03) | Yes |
| JH-2 | Due Process Hearing Request (7/10/03) | Yes |
| JH-3 | Memorandum of Law | Yes |
| JH-4 | Psycho-educational Evaluation Report (6/19/03) | Yes |
| JH-5 | Psycho-educational Evaluation Report (3/3/03) | Yes |
| JH-6 | Psychological In-take Evaluation (3/31/03) | Yes |
| JH-7 | Columbia House Incident Reports (3/03 & 4/03) | Yes |
| JH-8 | IEP (6/13/03) | Yes |
| JH-9 | Sex Offender Evaluation (3/1/00) | Yes |
| JH-10 | MDT Prior Notice (6/20/03) | Yes |
| JH-11 | Stanford Nine Test Results (4/01 & 4/02) | Yes |
| JH-12 | Pittsylvania County Psycho-ed. Eval. Report (4/3/97) | Yes |
| JH-13 | Conditional Ltr. of Acceptance- Sunrise (5/12/03) | Yes |
| JH-14 | Record Review and Evaluation (6/9/03) | Yes |
| DCPS-1 | MDT Meeting Notes (6/13/03) | Yes |
| DCPS-2 | MDT Meeting Notes (6/13 & 6/20/03) | Yes |
| DCPS-3 | IEP (6/20/03) | Yes |
| DCPS-4 | IEP Notes (6/20/03) | Yes |
| DCPS-5 | Prior Notice (6/20/03) | Yes |
| DCPS-6 | Psycho-educational Evaluation Report (10/24/01) | Yes |
| DCPS-7 | Clinical Evaluation Report (10/24/01) | Yes |
| DCPS-8 | Psychiatric Evaluation Report (3/28 & 4/4/03) | Yes |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**MATTER OF** <u>JaJuan Hill</u>  <u>v. District of Columbia Public Schools</u>

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---------|---------------------------------------------------|
| 7/10/03 | Request for Due Process Hearing |
| N/A | Notice of Pre-Hearing Conference (as applicable) |
| 7/9/03 | Notice of Due Process Hearing |
| 8/11/03 | Transcripts or audio tapes of hearing |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# District of Columbia Public Schools
## Office of Management Services

**Terry Michael Banks, Due Process Hearing Officer**
**825 North Capitol Street, N.E.; Room 8076**
**Washington, D.C. 20002**
**(571) 437-7381**
**Facsimile: (202) 442-5556**

## Confidential

| | |
|---|---|
| ALLAN BARNES, STUDENT ) | |
| ) | |
| Date of Birth: August 26, 1988 ) | |
| ) | |
| Petitioner, ) | Hearing Date: August 11, 2003 |
| ) | |
| v. ) | Request for Hearing: July 10, 2003 |
| ) | |
| THE DISTRICT OF COLUMBIA ) | |
| PUBLIC SCHOOLS ) | |
| ) | Held at: 825 North Capitol Street, N.E. |
| Respondent. ) | 8th Floor |
| ) | Washington, D.C. 20002 |
| ) | |
| Student Attending: ) | |
| Accotink Academy ) | |

### HEARING OFFICER'S DECISION

**Parents:**      Ward of the District of Columbia

**Counsel for the Parent/Student:**      Cathy A. Braxton, Esquire
217 – 15th Street, N.E.
Washington, D.C. 20002
(202) 543-8162; Fax: (202) 543-8163

**Counsel for DCPS:**      James E. Fisher, Esquire
Linda M. Smalls, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.; 9th Floor
Washington, D.C. 20002

003

DCPS ID No.: 7882940

     An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

# INDEX OF NAMES

### *Allan Barnes v. District of Columbia Public Schools*

| | |
|---|---|
| Child And Child's DCPS ID # or SSN | Allan Barnes<br>DCPS ID No. 7882940 |
| Child's Parent(s) (specific relationship) | Gary Jacobs, Guardian *ad litem* |
| Child/Parent's Representative | Cathy A. Braxton, Esquire |
| School System's Representative | James E. Fisher, Esquire<br>Linda M. Smalls, Esquire |
| Principal | Peggy Willing, Accotink Academy |
| Placement Specialist, DCPS | Arlene F. Jackson |
| Special Education Teacher | Marilyn Peacock, Accotink Academy |
| Social Worker | Erika Bunton |

2

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
*OFFICE OF MANAGEMENT SERVICES*
**SPECIAL EDUCATION DUE PROCESS HEARING**

| | |
|---|---|
| In The Matter of: ) | Hearing Date: June 3, 2003 |
| ) | |
| Andreas Evans, ) | Present School: |
| Date of Birth: September 8, 1983 ) | Spingarn High School |
| ("Student"), ) | |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | |
| District of Columbia Public Schools ) | |
| 825 North Capital Street, NW ) | |
| Washington, DC ) | |
| ("DCPS" or "District") ) | |
| ) | David R. Smith, Esq. |
| Respondent. ) | Impartial Hearing Officer |

## HEARING OFFICER'S DETERMINATION AND ORDER

**Participants:**

Student's Education Advocate:

Cathy Braxton Esq..
217 15th Street, NE
Washington, D.C. 20002

Guardian Ad Litem:

Jesse Goode, Esq.

Counsel for DCPS:

Michael Levy, Esq.
Office of the General Counsel
825 North Capitol Street, NE
9th Floor
Washington, D.C. 20002

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*OFFICE OF MANAGEMENT SERVICES*

**SPECIAL EDUCATION DUE PROCESS HEARING**

## INTRODUCTION:

A Due Process Hearing was convened on June 3, 2003 at the District of
Columbia Public Schools ("DCPS"), 825 North Capitol Street, N.E. Washington, D.C.
20002. The hearing was held pursuant to a hearing request submitted by counsel for the
parent dated May 9, 2003.

## JURISDICTION:

The Hearing was scheduled and this decision was written pursuant to the
*Individuals with Disabilities Education Act* (I.D.E.A.), P.L. 101-476, as amended by P.L.
105-17, the *Rules of the Board of Education of the District of Columbia and the DC
Appropriations Act, Section 145,* effective October 21, 1998.

## DUE PROCESS RIGHTS:

Counsel for the parent waived a formal reading of the Due Process Rights.

## FIVE-DAY DISCLOSURES:

**Parent:**

AW-01, through AE-12, per Disclosure Letter dated 5-27-03

## SUMMARY OF RELEVANT EVIDENCE:

The hearing request was filed based on the contention that DCPS had failed to
develop an appropriate IEP for the student and determine an appropriate placement. As
the hearing proceeded, the parties discussed the case and were able to reach an agreement
on the record. Based on their agreement, DCPS will conduct a vocational assessment of
the student by June 20, 2003, reconvene an MDT/IEP/Placement meeting within 10
business days of the completion of the vocational assessment. A copy of the vocational
assessment will be provided to the educational advocate no later than 48 hours prior to
the MDT/IEP/Placement meeting. The MDT/IEP meeting will be scheduled through the
offices of the special education advocate. Also, the form and quantity of any claim for
entitlement to compensatory education shall be discussed at the MDT/IEP/Placement
meeting.

The education advocate and the GAL stated that the student has expressed an
interest in office/clerical/retail duties and therefore have requested that DCPS fund the
participation of an independent expert to assist the MDT/IEP/Placement team in

2

identifying vocational programs appropriate for the student in view of his disability classification of mentally retarded. The funding request is for an amount not to exceed $500.00.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

The Hearing Officer finds that the terms of the agreement as stated on the record are in the best interest of the student and therefore will issue this Hearing Officer's Determination incorporating the terms of the agreement as stated herein. The Hearing Officer also finds that the request for the independent expert with regard to identifying appropriate vocational programs in office/clerical and retail duties in an amount not to exceed $500.00 to be reasonable.

**ORDER:**

1.     DCPS will conduct a vocational assessment of the student by June 20, 2003 and reconvene an MDT/IEP/Placement meeting within 10 business days of the completion of the vocational assessment. A copy of the vocational assessment will be provided to the educational advocate no later than 48 hours prior to the MDT/IEP/Placement meeting.

2.     The form and quantity of any claim for entitlement to compensatory education shall be discussed at the MDT/IEP/Placement meeting.

3.     DCPS shall fund an independent expert to assist the MDT/IEP/Placement team identify appropriate vocational programs in office/clerical and retail fields in an amount not to exceed $500.00.

4.     All notices of meeting will be sent to the educational advocate and any delay in matter referenced above caused by the student or his representatives will extend the applicable time line by one day for each day of delay.

**APPEAL PROCESS:**

**This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.**

_____
David R. Smith
Hearing Officer

Date  6 - 13 - 03

Issued  6-13-03

# District of Columbia Public Schools

## *Office of Management Services*
## *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE  8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| **In the Matter of** ) | **HEARING OFFICER'S** |
| ) | **MEMORANDUM OF** |
| AUZHANE DIXON, student ) | |
| Date of Birth: March 26, 1996 ) | **SETTLEMENT AGREEMENT** |
| Petitioner, ) | |
| ) | Hearing Date: January 31, 2003 |
| versus ) | |
| ) | Held at:  825 North Capitol Street, NE |
| The District of Columbia Public Schools, ) | Eighth Floor |
| Webb Elementary School, ) | Washington, D.C. 20002 |
| Respondent. ) | |

**Parent:**                    Nicole Dixon
                               1475  Columbia Road, NW Apt. No. 202
                               Washington, D.C. 20009

**Counsel for the Parent/Student:**    Cathy Braxton, Esq.
                               217  15th  Street, NE
                               Washington, D.C. 20002

**District of Columbia Public Schools:**    Michael Levy, Esq., Attorney-Advisor
                               Office of the General Counsel, DCPS
                               825 North Capitol Street, NE  9th Floor
                               Washington, D.C. 20002

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to
identify specific witnesses and other relevant witnesses. The index will be detached before release of this
Settlement Agreement as a public record.

## JURISDICTION

The hearing teleconference convened under Public Law 105-17, The Individuals with Disabilities Education Act Amendments of 1997, 20 United States Code 1400 et. seq.; Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia Municipal Regulations and Section 145, D.C. Appropriations Act, effective October 21, 1998.

## STATEMENT OF THE CASE

On November 27, 2002, Counsel for the Parent filed the herein Request for Mediation/Hearing on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of failure to evaluate in all areas of suspected disability and of inappropriateness of IEP and placement.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 3:00 P.M., Friday, January 31, 2003 at DCPS Headquarters, 825 North Capitol Street, NE, 8th Floor, Washington, D.C. 20002.

The hearing officer called the hearing to order as scheduled when the parties announced they had settled.

## The SETTLEMENT AGREEMENT

On or before March 10, 2003, DCPS agrees to complete psycho-educational, speech/language and adaptive physical education evaluations along with a social history, convene an MDT/IEP meeting and complete an IEP. Should a public placement be recommended, a Notice of Placement will be issued in 5 school days of the said MDT/IEP meeting; should the recommendation be for a non-public placement, the Notice of Placement will be issued in 30 calendar days.

For disputes arising under this Settlement Agreement, either party may request an expedited hearing.

Meetings are to be scheduled through Counsel for the Parent except that,

for everyday of unavailability of parent/student/Counsel for the Parent, the deadlines herein will be extended one day.

Issues as to compensatory education are reserved.

Date: February 10, 2003

H. St. Clair, Esq., Hearing Officer

Issued: 2-10-03

Student Hearing Office, DCPS

## INDEX OF NAMES for Auzhane Dixon
**Hearing Date:** January 31, 2003

Appearing on behalf of DCPS:  None.

Appearing on behalf of the parent/student:

1. Nicole Dixon, mother

No testimony was taken.

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### *OFFICE OF COMPLIANCE*

### Special Education Due Process Hearing

## I. INTRODUCTION

On July 31, 2003, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the student, Cathy Braxton, Esq. The request alleges DCPS failed to timely perform reevaluations of Jerome Fletcher.

A Due Process Hearing was convened on August 27, 2003, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002.  Melisa Bennett, Attorney-Advisor, represented DCPS.  Cathy Braxton, Esq., represented the student  at the hearing..  Disclosure Letters were introduced into the record.  On behalf of the parent: Disclosure Letter dated August 20, 2003: JF-1 through 2. On behalf of DCPS: Disclosure Letter dated August 20, 2003. Counsel for the parent waived the formal reading of the Due Process Rights.

## II. JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to Public Law 105-17, The Individuals with Disabilities Education Act of 1997, 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III. ISSUES

Whether DCPS denied the student FAPE by failing to timely perform reevaluations?

2.

## IV.  SUMMARY OF RELEVANT EVIDENCE

At the commencement of the Hearing, the parties represented that they agreed upon terms to settle this matter. Counsel for the parties requested that the Hearing Officer approve of the terms and incorporate those terms into an order.

## V.  FINDING OF FACTS

The Hearing Officer makes the following finding of facts:

- The terms of the agreement, as set forth in the record, are in the best interest of this student; therefore, the terms are approved and incorporated into an Order.

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1. DCPS shall, within forty-five (45) calendar days of the issuance of the HOD, perform a Psycho-Educational evaluation, Vocational evaluation and a Social History.

2. DCPS shall, within forty-five  (45) calendar days of the issuance of the HOD, convene a MDT/IEP meeting to review all evaluations, review and revise the student's IEP, if warranted, and discuss and determine placement for the 2003-2004 school years.

3. If the placement is to a public school, DCPS shall issue a NOPP within five (5) calendar days from the MDT/IEP meeting. If the placement is to a non-public school, DCPS shall issue a NOPP within thirty- (30) business days from the MDT/IEP meeting.

4. The MDT/IEP shall discuss compensatory education and determine if compensatory is warranted. If warranted, the team shall determine the amount of hours, the format and form of compensatory education.

5. All communications and notices shall be sent through parent's counsel.

3.

6.  Any delay in the above time frames caused by the parent or parent's counsel shall result in an extension of one day for each day of delay.

## VI.    APPEAL PROCESS

This is the **FINAL ADMINISTRATIVE DECISION.  Appeals may be made to a court of competent jurisdiction within thirty (30) days from the date this decision was issued.**

_____          Date Filed: _09 - 15 - 03_____
Charles R. Jones, Esq., Hearing Officer

Date Issued:  ___9/15/03___

4.

DCPS ID No.: 7882940

**Jurisdiction**

       This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Act ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia Municipal Regulations, re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

**Introduction**

       Petitioner is a fifteen year-old student at Accotink Academy ("Accotink"). On July 10, 2003, Petitioner filed a *Request for Hearing ("Request")* alleging that DCPS had failed to comply with recommendations of a Multidisciplinary Team ("MDT")/Individualized Education Program ("IEP") that Petitioner receive extended school year ("ESY") services and compensatory education services. The parties' Five Day Disclosure Notices were admitted into evidence at the hearing. Neither party offered oral testimony at the hearing. The parties agreed to relief for Petitioner as described in the Findings of Fact below.

**Findings of Fact**

    1. Petitioner is a fifteen year-old student at Accotink.[1]

    2. On May 29, 2003, DCPS convened an MDT/IEP meeting. The team prescribed full-time specialized instruction, two hours per week of psychological counseling, one hour per week of speech and language therapy, and ESY.[2] The team also "agrees as a group that [Petitioner] would benefit from compensatory education...: a computer in the home with educational software that support classroom & tutoring especially reading, written language and math."[3]

    3. During the hearing, the parties agreed to the following relief for Petitioner:

       A. DCPS will provide Petitioner compensatory education services in the form of 88 hours of one-on-one tutoring by a tutor trained in the methodology of Linda Mood Bell. The tutoring will begin no later than September 30, 2003.

       B. DCPS shall convene an MDT/IEP meeting on or before September 30, 2003 to determine Petitioner's need for an assistive technological device evaluation and/or an assistive technological device (computer).

---

[1] Petitioner's Exhibit ("P.Exh.") No. 4 at 1.
[2] *Id.*
[3] P.Exh. No. 3.

3

DCPS ID No.: 7882940

**Conclusions of Law**

     The agreement between the parties is in Petitioner's best interests.

## ORDER

     Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, and the representations of the parties' counsel at the hearing, this 27th day of August 2003, it is hereby

     **ORDERED,** that DCPS will provide Petitioner compensatory education services in the form of 88 hours of one-on-one tutoring by a tutor trained in the methodology of Linda Mood Bell. The tutoring will begin no later than September 30, 2003.

     **IT IS FURTHER ORDERED,** that DCPS shall convene an MDT/IEP meeting on or before September 30, 2003 to determine Petitioner's need for an assistive technological device evaluation and/or an assistive technological device (computer).

     **IT IS FURTHER ORDERED,** that DCPS shall coordinate scheduling the MDT/IEP meeting through Petitioner's counsel.

     **IT IS FURTHER ORDERED,** that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

     **IT IS FURTHER ORDERED,** that this Order is effective immediately.

4

Case 1:06-cv-00147-RBW Document 18 Filed 06/02/2006 Page 38 of 65 ☑006

DCPS ID No.: 7882940

**Notice of Right to Appeal Hearing Officer's Decision and Order**

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision.[4]

*Terry Michael Banks*
Terry Michael Banks
Hearing Officer

Date:   August 27, 2003

Issued:   8/27/03

Copies to:

Cathy A. Braxton, Esquire
217 – 15th Street, N.E.
Washington, D.C. 20002
(202) 543-8162; Fax: (202) 543-8163

James E. Fisher, Esquire
Linda M. Smalls, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

---

[4] *See Amman v. Town of Stow*, 991 F.2d 929, 931(1st Cir. 1993) (since the IDEA does not set a time limit for lawsuits brought under its terms, the district court must "borrow" the most analogous statute of limitations under state law); *Spiegler v. District of Columbia*, 866 F.2d 461, 463-64 (D.C. Cir. 1989)(borrowing a 30-day limitations period for review of agency orders and applying it to an appeal from a decision under the predecessor to IDEA). In the District of Columbia, the Rules of the Board of Education do not prescribe a time limit for bringing the civil action authorized by the IDEA and the Board's Regulations, 5 D.C.M.R. Section 3032.5. The D.C. Administrative Procedures Act defers to the District of Columbia Court of Appeals to set the limitation period for filing an appeal from a final agency action. D.C. Code §2-510(a). Under the Court's rules, a petition for review of an agency order must be filed within thirty days. D.C. Ct. App. Rule 15(a).

5

# PLAINTIFFS' EXHIBIT B

# BILLING INVOICES

**District of Columbia Public Schools**
**Office of General Counsel**
**825 North Capitol Street, NE, 9th Floor**
**Washington, DC 20002-1994**
**Phone 202-442-5000 Fax 202-442-5098**

**APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS PURSUANT TO THE INDIVIDUALS WITH A DISABILITIES EDUCATION ACT**

    **1.**     **Attorney Information**

| | |
|---|---|
| Law Firm | Sole Practitioner |
| Attorney | Cathy A. Braxton |
| Attorney's Federal Tax ID# | 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 |
| D.C. Bar # | 441105 |

    **2.**     **Student Information**

| | |
|---|---|
| Name | Mark Washington |
| DOB | 7/7/93 |
| Date of Determination (HOD/SA) | 8/14/03 |
| Parent/Guardian Name | Tyronnis Carmichael |
| Parent/Guardian Address | 400 6th Street, SW, DC 20024 |
| | |
| Current School | Moten Center |

    **3.**     **Invoice Information**

| | |
|---|---|
| Invoice Number | |
| Date Request Submitted | 10/10/03 |
| Date Services Rendered | 7/10/03-8/14/03 |
| Amount of Payment Request | $2600.00 |

    **4.**     **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

All services listed on the enclosed invoices were actually performed;
The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
The District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
No attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education services providers;

I understand that the making of a false statement to any agency of the DC
Government is punishable by criminal penalties to D.C. Code Section 22-2405.


_____
Signature

_____
Date

LAW OFFICE OF
## CATHY A. BRAXTON
217 15TH Street, NE,
Washington, D.C. 2002
(tel.) 202.487.6528
(fax) 202.232-3025

## **Billing Invoice**

Name of Student:   Mark Washington

Date of Birth:   7/7/93

Date of Hearing:   August 14, 2003

Attorney Rate:   $200.00 per hour

| Description of Duties | Time | Date | Amount Due |
|---|---|---|---|
| Retrieval of Records | 1.0 | 7/10/03 | 200.00 |
| Review of Records for Due Process Hearing | 1.0 | 7/10/03 | 200.00 |
| Discussion with Jennifer Mason, GAL, regarding testifying at A due process hearing | 1.0 | 7/12/03 | 200.00 |
| Draft Due Process Request | 1.0 | 7/20/03 | 200.00 |
| Research law and regulations And cases regarding denial of FAPE; and Placement | 1.0 | 7/15/03 | 200.00 |
| Direct Examination Preparation For Jennifer Mason | 1.0 | 8/3/03 | 200.00 |
| Direct Examination Preparation For social worker, Tyronnis Carmichael Fletcher | 1.0 | 8/4/03 | 200.00 |

| | | | |
|---|---|---|---|
| Cross Examination Preparation for Moten Special Education Coordinator, DCPS | 2.5 | 7/28/03 | 500.00 |
| Draft Five Day Disclosure | 1.0 | 7/31/03 | 200.00 |
| Due Process Hearing Appearance | 1.5 | 8/14/03 | 300.00 |
| Draft Letter to Compel Witnesses | 1.0 | 8/1/03 | 200.00 |
| | **TOTAL** | | **2600.00** |

2

District of Columbia Public Schools
Office of General Counsel
825 North Capitol Street, NE, 9th Floor
Washington, DC 20002-1994
Phone 202-442-5000 Fax 202-442-5098

**APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
PURSUANT TO THE INDIVIDUALS WITH A DISABILITIES EDUCATION
ACT**

**1.    Attorney Information**
Law Firm                                  Sole Practitioner
Attorney                                  Cathy A. Braxton
Attorney's Federal Tax ID#                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
D.C. Bar #                                441105

**2.    Student Information**
Name                                      JaJuan Hill
DOB                                       9/2/87
Date of Determination (HOD/SA)            8/11/03
Parent/Guardian Name                      Grace Santo
Parent/Guardian Address                   400 6th Street, SW, DC 20024

Current School                            Sunrise Academy

**3.    Invoice Information**
Invoice Number
Date Request Submitted                    10/10/03
Date Services Rendered                    7/10/03-8/11/03
Amount of Payment Request                 $3900.00

**4.    Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

All services listed on the enclosed invoices were actually performed;
The entire amount requested on the enclosed invoice for payment of costs and
expenses represents the actual amount of costs and expenses incurred;
The District of Columbia Public Schools is the sole entity from which payment of
the fees, costs and expenses itemized on the enclosed invoice is requested;
No attorney or law firm who either (1) provided services listed on the enclosed
invoice, or (2) will benefit from any monies paid as a result of the submission of
the enclosed invoice, has a pecuniary interest, either through an attorney, officer
or employee of the firm, in any special education diagnostic services, schools, or
other special education services providers;

I understand that the making of a false statement to any agency of the DC Government is punishable by criminal penalties to D.C. Code Section 22-2405.

Signature

Date 10/10/03

LAW OFFICE OF
# CATHY A. BRAXTON
217 15TH Street, NE,
Washington, D.C. 2002
(tel.) 202.487.6528
(fax) 202.232-3025

## Billing Invoice

Name of Student:   JaJuan Hill

Date of Birth:   9/2/87

Date of Hearing:   August 11, 2003

Attorney Rate:   $200.00 per hour

| Description of Duties | Time | Date | Amount Due |
|---|---|---|---|
| Review of Records for Due Process Hearing | 2.0 | 7/10/03 | 400.00 |
| Discussion with Kay O'Gilvey, GAL, regarding testifying at A due process hearing | 1.0 | 7/12/03 | 200.00 |
| Draft Due Process Request | 1.0 | 7/20/03 | 200.00 |
| Research law and regulations And cases regarding denial of FAPE; and Placement | 1.0 | 7/2603 | 200.00 |
| Direct Examination Preparation For Kay Ogilvey | 1.0 | 7/31/03 | 200.00 |
| Direct Examination Preparation For social worker, Grace Santo Fletcher | 2.0 | 8/5/03 | 400.00 |
| Direct Examination Preparation for Dr. Sarampote, Children's Hospital | 2.0 | 8/5/03 | 400.00 |

| | | | |
|---|---|---|---|
| Direct Examination Preparation for Ms. Makinikibee, Sunrise Academy | 1.0 | 8/6/03 | 200.00 |
| Cross Examination Preparation for Deal Special Education Coordinator, Ms. Brooks DCPS | 2.5 | 7/28/03 | 500.00 |
| Draft Five Day Disclosure | 1.0 | 8/4//03 | 200.00 |
| Due Process Hearing Appearance | 2.5 | 8/11/03 | 500.00 |
| Draft Letter to Compel Witnesses | 1.0 | 8/1/03 | 200.00 |
| Discussion with foster Parents regarding Due Process Hearing | 1.5 | 8/9/03 | 300.00 |
| | **TOTAL** | | **3900.00** |

2

District of Columbia Public Schools
Office of General Counsel
825 North Capitol Street, NE, 9th Floor
Washington, DC 20002-1994
Phone 202-442-5000 Fax 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS PURSUANT TO THE INDIVIDUALS WITH A DISABILITIES EDUCATION ACT

1.      **Attorney Information**

| | |
|---|---|
| **Law Firm** | **Sole Practitioner** |
| **Attorney** | **Cathy A. Braxton** |
| **Attorney's Federal Tax ID#** | **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** |
| **D.C. Bar #** | **441105** |

2.      **Student Information**

| | |
|---|---|
| **Name** | **Jerome Fletcher** |
| **DOB** | **5/27/87** |
| **Date of Determination (HOD/SA)** | **8/27/03** |
| **Parent/Guardian Name** | **Lisa Fletcher** |
| **Parent/Guardian Address** | **400 6th Street, SW, DC 20024** |

| | |
|---|---|
| **Current School** | **Spingarn High School** |

3.      **Invoice Information**

| | |
|---|---|
| **Invoice Number** | |
| **Date Request Submitted** | **10/10/03** |
| **Date Services Rendered** | **7/7/03-8/27/03** |
| **Amount of Payment Request** | **$2700.00** |

4.      **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

All services listed on the enclosed invoices were actually performed;
The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
The District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
No attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education services providers;

I understand that the making of a false statement to any agency of the DC
Government is punishable by criminal penalties to D.C. Code Section 22-2405.

_____
Signature

10/10/03
Date

LAW OFFICE OF
## CATHY A. BRAXTON
217 15TH Street, NE,
Washington, D.C. 2002
(tel.) 202.487.6528
(fax) 202.232-3025

## Billing Invoice

Name of Student:   Jerome Fletcher

Date of Birth:       5/27/87

Date of Hearing:    August 27, 2003

Attorney Rate:      $200.00 per hour

| Description of Duties | Time | Date | Amount Due |
|---|---|---|---|
| Retrieval of Records | 1.0 | 7/7/03 | 200.00 |
| Review of Records for Due Process Hearing | 1.0 | 7/7/03 | 200.00 |
| Discussion with Mr. Jesse Goode GAL, regarding testifying at A due process hearing | 1.0 | 7/8/03 | 200.00 |
| Draft Due Process Request | 1.0 | 7/20/03 | 200.00 |
| Research law and regulations And cases regarding denial of FAPE; and Evaluations | 1.0 | 7/15/03 | 200.00 |
| Direct Examination Preparation For Jesse Goode | 1.0 | 7/21/03 | 200.00 |
| Direct Examination Preparation For social worker, Jerome Fletcher | 1.5 | 7/24/03 | 300.00 |

| | | | |
|---|---|---|---|
| Cross Examination Preparation for Spingarn Special Education Coordinator, DCPS | 2.0 | 7/28/03 | 400.00 |
| Draft Five Day Disclosure | 1.0 | 8/15/03 | 200.00 |
| Due Process Hearing Appearance | 1.0 | 8/27/03 | 200.00 |
| Draft Letter to Compel Witnesses | 1.0 | 8/1/03 | 200.00 |
| Discuss Due Process Hearing with mother, Lisa Fletcher | 1.0 | 8/2/03 | 200.00 |
| **TOTAL** | | | **2700.00** |

2

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *Office of Compliance*
## CONFIDENTIAL

## Charles R. Jones, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E. 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| **In the Matter of** ) | **IMPARTIAL DUE PROCESS** |
| ) | |
| **Jerome Fletcher**   (Student), ) | **HEARING OFFICER'S DECISION** |
| Date of Birth: 05-27-87 ) | |
| ) | |
| **Petitioner,** ) | Hearing Date:  August 27, 2003 |
| ) | |
| **vs.** ) | |
| ) | Held at:  825 North Capitol Street, NE |
| **The District of Columbia Public Schools,** ) | Eighth Floor |
| Spingarn High School ) | Washington, D.C. 20002 |
| **Respondent.** ) | |
| ) | |

| | |
|---|---|
| Parent | Unknown |
| | |
| Counsel for Student | Cathy A. Braxton, Equire |
| | Law Office of Cathy A. Braxton |
| | 217 15th Street, N.E. |
| | Washington, DC   20002 |
| | |
| Counsel for School: | Melisa Bennett, Attorney- Advisor |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E., 9th Floor |
| | Washington, D.C. 20002 |

**District of Columbia Public Schools**
**Office of General Counsel**
**825 North Capitol Street, NE, 9ᵗʰ Floor**
**Washington, DC 20002-1994**
**Phone 202-442-5000 Fax 202-442-5098**

**APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS PURSUANT TO THE INDIVIDUALS WITH A DISABILITIES EDUCATION ACT**

**1.    Attorney Information**

| | |
|---|---|
| Law Firm | Sole Practitioner |
| Attorney | Cathy A. Braxton |
| Attorney's Federal Tax ID# | 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 |
| D.C. Bar # | 441105 |

**2.    Student Information**

| | |
|---|---|
| Name | Allan Barnes |
| DOB | 8/26/88 |
| Date of Determination (HOD/SA) | 8/11/03 |
| Parent/Guardian Name | Erika Bunton |
| Parent/Guardian Address | 400 6ᵗʰ Street, SW, DC 20024 |
| Current School | Accotink Academy |

**3.    Invoice Information**

| | |
|---|---|
| Invoice Number | |
| Date Request Submitted | 10/10/03 |
| Date Services Rendered | 7/1/03-8/11/03 |
| Amount of Payment Request | $3000.00 |

**4.    Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

All services listed on the enclosed invoices were actually performed;

The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;

The District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;

No attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education services providers;

I understand that the making of a false statement to any agency of the DC
Government is punishable by criminal penalties to D.C. Code Section 22-2405.


_____
Signature

_____
Date    10/10/03

**LAW OFFICE OF**
# CATHY A. BRAXTON
217 15TH Street, NE,
Washington, D.C. 2002
(tel.) 202.487.6528
(fax) 202.232-3025

## Billing Invoice

Name of Student:    Allan Barnes

Date of Birth:        8/26/88

Date of Hearing:    August 11, 2003

Attorney Rate:       $200.00 per hour

| Description of Duties | Time | Date | Amount Due |
|---|---|---|---|
| Retrieval of Records | 1.0 | 7/1/03 | 200.00 |
| Review of Records for Due Process Hearing | 1.0 | 7/1/03 | 200.00 |
| Discussion with Mr. Gary Jacobs GAL, regarding testifying at A due process hearing | 1.0 | 7/9/03 | 200.00 |
| Draft Due Process Request | 1.0 | 7/9/03 | 200.00 |
| Research law and regulations And cases regarding denial of FAPE | 1.5 | 7/21/03 | 300.00 |
| Direct Examination Preparation For Gary Jacobs | 1.0 | 7/21/03 | 200.00 |
| Direct Examination Preparation For social worker, Erika Bunton | 1.0 | 7/24/03 | 200.00 |
| Direct Examination Preparation for Special education teacher, Marilyn Peacock | 1.0 | 7/26/03 | 200.00 |

| | | | |
|---|---|---|---|
| Cross Examination Preparation for Arlene Jackson, DCPS | 2.0 | 7/26/03 | 400.00 |
| Draft Five Day Disclosure | 1.0 | 8/1/03 | 200.00 |
| Due Process Hearing Appearance | 3.0 | 8/11/03 | 600.00 |
| Draft Letter to Compel Witnesses | 1.0 | 8/1/03 | 200.00 |

**TOTAL**                          **3000.00**

# District of Columbia Public Schools

**OFFICE OF GENERAL COUNSEL**

825 North Capitol Street, NE, 9th Floor
Washington, DC 20002-1994
Phone 202-442-5000, Fax 202-442-5098

### APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
### PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

**1. Attorney Information**

| | |
|---|---|
| Law Firm | Sole Practitioner |
| Attorney | Cathy A. Braxton |
| Attorney's Federal Tax ID# | 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 |
| D.C. Bar # | 441105 |

**2. Student Information**

| | |
|---|---|
| Name | Andreas Evans |
| DOB | 9/8/83 |
| Date of Determination (HOD/SA) | 6/13/03 |
| Parent/Guardian Name | District of Columbia, Ward |
| Parent/Guardian Address | c/o Carrie Jones, SW |
| | 441 4th Street, SW |
| | Washington, DC 20024 |
| Current School | Spingarn HS |

**3. Invoice Information**

| | |
|---|---|
| Invoice Number | 00011 |
| Date Request Submitted | 7/28/03 |
| Dates Services Rendered | 4/22/03-6/3/03 |
| Amount of Payment Request | $3350.00 |

**4. Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service provides;
- I understand that the making of a false statement to any agency of the DC Government is punishable by criminal penalties to D.C. Code Section 22-2405.

Signature _____        Date 7/28/03

**Law Office of
Cathy A. Braxton**

217 15th Street, NE
Washington, D.C. 20002
Tel. 202-487-6528
Fax 202-543-8163

## BILLING INVOICE

Name of Student:    Andreas Evans

Date of Birth:    9/8/83

Date of Hearing:    6/3/03

Re:    Attorney Billing Invoice; Hourly Rate $200.00

| Description of Duties | Time Spent | Date | Amount Due |
|---|---|---|---|
| Retrieval of Records | 1.0 | 4/22/03 | 200.00 |
| Discussion with Carrie Jones, Social Regarding Due Process Hearing. | 1.0 | 4/24/03 | 200.00 |
| Discussion with Jesse Goode, GAL Regarding Due Process Hearing | 1.0 | 4/24/03 | 200.00 |
| Review of Educational Documentation | 1.5 | 4/26/03 | 350.00 |
| Draft of Due Process Amended Hearing Request | 1.0 | 5/21/03 | 200.00 |
| Research Law, Regulations, and Court Cases Concerning FAPE Provisions | 1.5 | 5/21/03 | 350.00 |
| Discussion with Andreas Evans regarding Testimony at Due Process Hearing | 1.0 | 5/22/03 | 200.00 |

Direct Examination Preparation for

| | | | |
|---|---|---|---|
| Carrie Jones, Social Worker | 1.5 | 5/24/03 | 350.00 |
| Direct Examination Preparation for Jesse Goode, GAL | 1.0 | 5/26/03 | 200.00 |
| Cross-Examination Preparation for Ms. Hickman, Special Education Coordinator, Spingarn HS | 1.0 | 5/26/03 | 200.00 |
| Cross-Examination Preparation for Cheryl Summers, DCPS, Psychologist | 1.50 | 5/27/03 | 350.00 |
| Draft Five Day Disclosure Letter | 1.0 | 5/22/03 | 200.00 |
| Due Process Hearing Appearance | 1.0 | 6/3/03 | 200.00 |
| Draft Letter to Compel Attendance And Testimony of Witnesses | .75 | 5/22/03 | 150.00 |

**Total**          $ 3350.00

**PLAINTIFFS' EXHIBIT C**

**DCPS PAYMENT DISPUTE AND APPROVAL MEMORANDA**

# Memorandum

To:      Finance Department

From:    James Baxley - General Counsel Office

Date:    February 7, 2003

Subject: **Attorney Invoices Approved for Payment**

Please see attached the following invoices with approved amount for payment.

| Item | Attorney | Student | Approved Payment |
|------|----------|---------|------------------|
| 1 | Cathy Braxdon | Charles Estes | $2,843.75 |
| 2 | Cathy Braxdon | DeMarques Roscoe | $2,887.50 |
| 3 | Cathy Braxdon | Dontae Bailey | $3,412.50 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | **TOTAL** | | **$9,143.75** |

Kindly acknowledge receipt by signing and return copy.

James Baxley

_____

Finance Department Representative

Date 2/10/03

# Memorandum

To:     Finance Department

From:   James Baxley - General Counsel Office

Date:   July 2, 2003

Subject: **Attorney Invoices Approved for Payment**

Please see attached the following invoices with approved amount for payment.

| Item | Attorney | Student | Approved Payment |
|------|----------|---------|------------------|
| 1 | Cathy Braxton | Auzhane Dixon | 2021.25 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | TOTAL | | $ 2021.25 |

Kindly acknowledge receipt by signing and return copy.

James Baxley

Finance Department Representative                Date

Kimberly Reynolds                                 7-3-03

STUDENT: **Charles Estes**
PERIOD:   **7/30/02-11/8/02**
ATTORNEY **Cathy Braxton**
ATTORNEY RATE: **$175.00**

| Date | Contested Items | Basis for Dispute | Attorney Rate | Submitted | | Approved | | | Variance | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Time (Hour) | Amt. $ | Rate | Time (Hour) | Amt. $ | Time (Hour) | Amt. $ |
| 7/30/2002 | Retreival of Records | Exessive time billed | $175.00 | 0.75 | $131.25 | $175 | 0.25 | $43.75 | 0.5 | $87.50 |
| 7/30/2002 | Disc. With Charles Estes | Dupplication | $175.00 | 1 | $175.00 | $175 | 0 | $0.00 | 1 | $175.00 |
| 8/28/2002 | Review of Edu. Documentation | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | 1 | $175.00 |
| 9/6/2002 | Draft Due Process Hearing Req. | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | 1 | $175.00 |
| 9/8/2002 | Research Law & Regulations | Exessive time billed | $175.00 | 3 | $525.00 | $175 | 1.5 | $262.50 | 1.5 | $262.50 |
| 9/20/2002 | Disc. With Charles Estes | Dupplication | $175.00 | 0.5 | $87.50 | $175 | 0 | $0.00 | 0.5 | $87.50 |
| 9/21/2002 | Preparation of Direct Exam. | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | 1 | $175.00 |
| 9/21/2002 | Preparation of Direct Exam. | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | 1 | $175.00 |
| 9/21/2002 | Preparation of Direct Exam. | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | 1 | $175.00 |
| 9/21/2002 | Preparation of Cross Exam. | Exessive time billed | $175.00 | 1.5 | $262.50 | $175 | 0.75 | $131.25 | 0.75 | $131.25 |
| 9/21/2002 | Preparation of Cross Exam. | Exessive time billed | $175.00 | 1.5 | $262.50 | $175 | 0.75 | $131.25 | 0.75 | $131.25 |
| 9/23/2002 | Preparation of Cross Exam. | Exessive time billed | $175.00 | 1.5 | $262.50 | $175 | 0.75 | $131.25 | 0.75 | $131.25 |
| 10/19/2002 | Draft 5 day | Exessive time billed | $175.00 | 1.5 | $262.50 | $175 | 0.75 | $131.25 | 0.75 | $131.25 |
| | | | | | | | | | | |
| | | Contested Amount | $175.00 | 21.25 | $3,718.75 | $175 | 9.75 | $1,706.25 | 11.5 | $2,012.50 |
| | Summary Rate Adjustment | Rate Determination | $175.00 | 0 | $0.00 | $175 | 0 | $0 | | $0.00 |

**Justification:**

| | |
|---|---|
| 2001 Attorney Fee Cap Amount | $0.00 |
| Cap Adjustment | $0.00 |
| Non- Cap Attorney Fee Amount | $4,856.25 |
| Total Amount of Invoice | $4,856.25 |
| Contested Amount | $2,012.50 |
| Summary Rate Adjustment | $0.00 |
| Approved for Payment | $2,843.75 |

STUDENT: **Dontae Bailey**
PERIOD:   **9/27/02-11/22/02**
ATTORNEY: Cathy Braxton
ATTORNEY RATE: $175.00

| Date | Contested Items | Basis for Dispute | Attorney Rate | Submitted | | Approved | | | Variance | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Time (Hour) | Amt. $ | Rate | Time (Hour) | Amt. $ | Time (Hour) | Amt. $ |
| 9/29/2002 | Review Edu. Documents | Exessive time billed | $175.00 | 3 | $525.00 | $175 | 1.5 | $262.50 | 1.5 | $262.50 |
| 9/29/2002 | Draft Due Process Hearing | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | 1 | $175.00 |
| 10/15/2002 | Research Law & Regulations | Exessive time billed | $175.00 | 3 | $525.00 | $175 | 2 | $350.00 | 1 | $175.00 |
| 11/1/2002 | Disc. With Advocate | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | 1 | $175.00 |
| 11/9/2002 | Preparation for Direct Exam. | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | 1 | $175.00 |
| 11/9/2002 | Preparation for Direct Exam. | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | 1 | $175.00 |
| 11/10/2002 | Preparation for Direct Exam. | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | 1 | $175.00 |
| 11/10/2002 | Preparation for Direct Exam. | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | 1 | $175.00 |
| 11/11/2002 | Draft 5day | Exessive time billed | $175.00 | 1.5 | $262.50 | $175 | 1 | $175.00 | 0.5 | $87.50 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | Contested Amount | $175.00 | 19.5 | $3,412.50 | $175 | 10.5 | $1,837.50 | 9 | $1,575.00 |
| | Summary Rate Adjustment | Rate Determination | $175.00 | 0 | $0.00 | $175 | 0 | $0 | | $0.00 |

**Justification:**

| | |
|---|---|
| 2001 Attorney Fee Cap Amount | $0.00 |
| Cap Adjustment | $0.00 |
| Non- Cap Attorney Fee Amount | $4,987.50 |
| Total Amount of Invoice | $4,987.50 |
| Contested Amount | $1,575.00 |
| Summary Rate Adjustment | $0.00 |
| Approved for Payment | **$3,412.50** |

Jul-24-03  03:29pm   From-DCPS OGC   +2024425000   T-802   P.05/05   F-842

STUDENT: DeMarques Roscoe
PERIOD:  7/30/02-11/8/02
ATTORNEY Cathy Braxton
ATTORNEY RATE: $175.00

| Date | Contested Items | Basis for Dispute | Attorney Rate | Submitted | | Approved | | | Variance | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Time (Hour) | Amt. $ | Rate | Time (Hour) | Amt. $ | Time (Hour) | Amt. $ |
| 7/30/2002 | Retreival of Records | Exessive time billed | $175.00 | 0.75 | $131.25 | $175 | 0.25 | $43.76 | 0.5 | $87.50 |
| 8/30/2002 | Review of Edu. Records | Exessive time billed | $175.00 | 1.75 | $306.25 | $175 | 0.75 | $131.25 | 1 | $175.00 |
| 9/7/2002 | Draft Due Process Hearing | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | 1 | $175.00 |
| 9/7/2002 | Research Law & Regulations | Exessive time billed | $175.00 | 1.5 | $262.50 | $175 | 0.75 | $131.25 | 0.75 | $131.25 |
| 9/20/2002 | Preparation of Direct Exam. | Exessive time billed | $175.00 | 1.75 | $306.25 | $175 | 0.75 | $131.25 | 1 | $175.00 |
| 9/20/2002 | Preparation of Direct Exam. | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | 1 | $175.00 |
| 9/20/2002 | Preparation of Cross Exam. | Exessive time billed | $175.00 | 1.5 | $262.50 | $175 | 1 | $175.00 | 0.5 | $87.50 |
| 9/20/2002 | Preparation of Cross Exam. | Exessive time billed | $175.00 | 1.5 | $262.50 | $175 | 1 | $175.00 | 0.5 | $87.50 |
| 9/20/2002 | Preparation of Cross Exam. | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | 1 | $175.00 |
| 10/20/2002 | Draft 5 day Disclosure | Exessive time billed | $175.00 | 1.5 | $262.50 | $175 | 0.75 | $131.25 | 0.75 | $131.25 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | Contested Amount | $175.00 | 16.25 | $2,843.75 | $175 | 8.25 | $1,443.75 | 8 | $1,400.00 |
| | Summary Rate Adjustment | Rate Determination | $175.00 | 0 | $0.00 | $175 | 0 | $0 | | $0.00 |

Justification:
| | |
|---|---|
| 2001 Attorney Fee Cap Amount | $0.00 |
| Cap Adjustment | $0.00 |
| Non- Cap Attorney Fee Amount | $4,267.50 |
| Total Amount of Invoice | $4,267.50 |
| Contested Amount | $1,400.00 |
| Summary Rate Adjustment | $0.00 |
| Approved for Payment | $2,867.50 |

Jul-24-03  03:20pm  From-DCPS OGC  +2024425098  T-602  P.04/05  F-942