UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SHEILA ANN PERKINS, *et al.*,<br>Parent and Next Friend of D.B., a Minor,[1]<br><br>        Plaintiffs,<br><br>            v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation,<br><br>        Defendant. | Civil Action No. 06-0017 (GK)<br>Oppositions to Motions due 08/01/06 |

**DEFENDANT'S MOTION FOR DISMISSAL OF THE COMPLAINT, OR IN THE ALTERNATIVE, FOR PARTIAL DISMISSAL OF THE COMPLAINT WITH REGARD TO PLAINTIFFS PERKINS, ESTES, ROSCOE, AND SANTO**

Pursuant to Fed. R. Civ. P. 12(b)(6), the defendant, by counsel, respectfully moves this Court for the dismissal of the Complaint because all of the claims for attorneys' fees are outside of the applicable 90 day time frame for bringing such actions. Alternatively, in the event that this Court chooses to apply a longer limitation, the defendant moves this Court for partial dismissal of the Complaint as a matter of law because: (1) Plaintiffs Perkins, Estes, and Roscoe have claims that are outside of a longer, three year limitations period; and (2) Plaintiff Santo is not a prevailing party, and thus is not entitled to attorneys' fees.

---

[1] All minors will be referred to only by their initials, pursuant to LCvR 5.4(f)(2). Exhibits have been redacted pursuant to this same rule.

The reasons for this motion are set forth in the accompanying supporting memorandum. A proposed order is also submitted herewith.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General of the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section 2

**/s/ Eden I. Miller**
EDEN I. MILLER [#483802]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
Eden.Miller@dc.gov

July 3, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SHEILA ANN PERKINS, *et al.*,<br>Parent and Next Friend of D.B., a Minor,[2]<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br>A municipal corporation,<br><br>Defendant. | Civil Action No. 06-0017 (GK)<br>Oppositions to Motions due 08/01/06 |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR
DISMISSAL OF THE COMPLAINT, OR IN THE ALTERNATIVE,
FOR PARTIAL DISMISSAL OF THE COMPLAINT WITH
<u>REGARD TO PLAINTIFFS PERKINS, ESTES, ROSCOE, AND SANTO</u>**

**INTRODUCTION**

On January 6, 2006, Plaintiffs filed the present case, alleging that the District of Columbia Public Schools ("DCPS") either did not respond the plaintiffs' requests for attorneys' fees or improperly disputed and reduced payment of attorneys' fees, which the plaintiffs allege that they are entitled to as prevailing parties at administrative hearings, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C § 1415(i)(3).

Because each plaintiff has alleged that his or her attorney was not paid for services rendered outside of the 90 day limitation, all of their claims should be dismissed.

---

[2] All minors will be referred to only by their initials, pursuant to LCvR 5.4(f)(2). Exhibits have been redacted pursuant to this same rule.

**ARGUMENT**

I. **The Court should dismiss the Complaint because the claims are barred by the 90 day statute of limitations.**

While the IDEA does not give a timeframe for bringing actions in court for attorneys' fees, it does give a timeframe for bringing actions to appeal hearing officer's decisions ("HODs"); such an appeal must be filed within 90 days of the date of the HOD.[3] 20 U.S.C. § 1415(i)(2)(B). This same limitation should here apply because attorneys' fees are part of the HOD—the prevailing party in the HOD is entitled to attorneys' fees under the IDEA. 20 U.S.C § 1415(i)(3).

The defendant acknowledges that some trial judges in this jurisdiction have applied a longer statute of limitation of three years (see Defendant's below second argument), but the District respectfully asserts that these holdings are in error and that a far shorter 90 day statute is appropriate, given the 90 day limitation for filing appeals in the IDEA and given that fees are part of that decision.

As a general rule, a "statute of limitation begins to 'run at the time when a prospective plaintiff knows or should know through the exercise of due diligence of [his] right to recover.'" *Kropinski v. World Plan Executive Counsel,* 853 F.2d 948, 956 (D.C. Cir. 1988) (quoting *Baker v. H.S. Robins Co.*, 613 F. Supp. 994, 996 (D.C. Cir 1985)). Ordinarily, the statutory time limit for an attorney fee claim under the IDEA would start to run when the services provided by the attorney were completed and the parent or guardian qualified as the "prevailing party" under 20 U.S.C. § 1415(i)(3)(B).

---

[3] If a state has its own explicit time limitation for bringing appeals of IDEA HODs, that limitation applies. 20 U.S.C. § 1415(i)(2)(B). The District of Columbia does not have such an explicit time limitation, so the 90 days limitation applies. *Anthony v. District of Columbia*, 2006 U.S. Dist. LEXIS 31389, No. 06-0192, slip op. at 4 (D.D.C. May 22, 2006) (order denying motion to dismiss the complaint as untimely) (Huvelle, J.).

As a practical matter, a longer period of time for filing actions regarding fee disputes results in the District of Columbia Public Schools' ("DCPS") inability to thoroughly review the reasonableness of the submitted fee petition.  DCPS personnel familiar with the cases most likely will no longer be around.

In the present case, all of the plaintiffs seek attorneys' fees for services rendered beyond the 90 day statute of limitations.  Plaintiffs filed their Complaint on January 6, 2006, so a 90 day limitation would bar all claims for entitlement to attorneys' fees for services rendered before October 11, 2005.  As such, the Complaint should be dismissed.

**II.    Should this Court apply a longer, three year limitations period, the claims of Plaintiffs Perkins, Estes, and Roscoe should be dismissed because <u>they seek fees for services rendered outside of the three year period.</u>**

In this jurisdiction, several District Court decisions have held that a three year Statute of Limitations applies to fee petitions brought pursuant to the IDEA.  *Kaseman v. District of Columbia,* 329 F. Supp. 2d 20 (D.D.C. 2004), *rev'd on other grounds* 444 F.3d 637 (D.C. Cir. 2006);  *Akinseye v. Dist. of Columbia,* 193 F. Supp. 2d 134, 144-45 (D. D.C. 2002), *rev'd on other grounds*, 339 F.3d 970, 971-72 (D.C. Cir. 2003); *Smith v. D.C.,* 2002 U.S. Dist. LEXIS 27535, No. 02-0373, slip. op. at 5-7 (D. D.C. Sept. 20, 2002).  In all of these cases, the judges borrowed the three year statute of limitations provided by D.C. Code § 12-301(8), which applies to causes of action "not otherwise specifically prescribed."  *Id.*  Because the IDEA does not specifically address fee cases, the Courts held that the three year limitations period applies.  *Id.*

Even if that approach is taken here, however, the claims of at least three plaintiffs should be dismissed—Plaintiffs Perkins, Estes, and Roscoe—because they failed to file

5

their Complaint before a three year limitations period expired.[4] Plaintiffs filed their Complaint on January 6, 2006. Thus, only claims for services rendered from January 6, 2003, onward are viable.

### A. Plaintiff Perkins, on behalf of D.B., seeks attorneys' fees for services rendered outside of the three year limitation and must be dismissed from the case.

On July 24, 2003, Plaintiff Perkins submitted an invoice to DCPS for services rendered by her attorney, Cathy Braxton, for a November 22, 2002, HOD. Pls' Amended Complaint, Exhibit B, at 64; Defendant's Exhibit 1, HOD regarding D.B. The charges in Ms. Braxton's invoice are dated from September 27, 2002, through November 22, 2002—all of which are beyond January 6, 2003 limitation cut-off date. *Id.* Because her claims for fees in this case are untimely, Plaintiff Perkins' claims should be dismissed from the case.

### B. Plaintiff Estes, on behalf of C.E., seeks attorneys' fees for services rendered outside of the three year limitation and must be dismissed from the case.

On July 24, 2003, Plaintiff Estes submitted an invoice to DCPS for services rendered by his attorney, Cathy Braxton, for work on a November 12, 2002, HOD.[5] Pls' Amended Complaint, Exhibit B, at 63. The charges in his invoice are dated July 30, 2002, through November 8, 2002—all of which predate the three year limitations deadline of January 6, 2003. *Id.* Because his claims for fees in this case are untimely, Plaintiff Estes' claims should be dismissed from the case.

---

[4] In utilizing the three year limitation, the defendant is in no way abandoning its position that a shorter timeframe of 90 days after the filing of the administrative decision applies because attorneys' fees are ancillary to the substantive claims at the administrative hearing. See below argument. Should this Court apply a 90 day deadline, all of the plaintiffs would be seeking fees outside of the time limitation, and the Complaint should be denied in its entirety. Amended Complaint, Exhibits.

[5] Plaintiffs did not include the HOD regarding C.E. as part of the Amended Complaint, but according to DCPS records, the subject HOD for C.E. was dated 11/22/02.

6

       **C.**      **Plaintiff Roscoe, on behalf of D.R., seeks attorneys' fees for services rendered outside of the three year limitation <u>and must be dismissed from the case.</u>**

On July 24, 2003, Plaintiff Roscoe submitted an invoice to DCPS for services rendered by her attorney, Cathy Braxton, for work on a November 12, 2002, HOD. Pls' Amended Complaint, Exhibit A, at 11, and Exhibit B, at 65. The charges in Ms. Braxton's invoice are dated July 30, 2002, through November 8, 2002—all of which are prior to the three year limitations deadline of January 6, 2003. *Id.* Because her claims for fees in this case are untimely, Plaintiff Roscoe's claims should be dismissed from the case.

**III**.    **Plaintiff Santo, on behalf of J.H., wrongly seeks fees for a Hearing Officer's <u>Decision, dated August 11, 2003, in which J.H. was not the prevailing party.</u>**

The claims of Plaintiff Santo, on behalf of J.H., should be dismissed from the case because the student was not a prevailing party at the administrative hearing. Plaintiffs' Amended Complaint, Exhibit 1, at 15. The hearing officer specifically held that there was no denial of a free appropriate public education because no harm came to J.H. *Id.* While the hearing officer held that the DCPS-proposed placement at Coolidge was not appropriate, because J.H. remained at his then-current school Deal until the end of the school year, and because the J.H. would not have attended Coolidge until the next year, no harm came to the student. *Id.* When there is no denial of a free appropriate public education, plaintiff cannot claim prevailing party status. Thus, Plaintiff Santo is not entitled to attorneys' fees and should be dismissed from this case. Defendant's Exhibit 2, Dispute Sheet for J.H., stating that the dispute basis is "[n]o denial of [a] FAPE."

7

IV.  **Defendant here submits recent DCPS approvals for payment of attorneys' fees for Plaintiffs Bunton, Jones, Fletcher, and Carmichael.**

DCPS previously did not approve any amount of attorneys' fees for Plaintiffs Bunton, Jones, Dixon, and Fletcher.  Recently, DCPS has reviewed and approved partial payments for these four plaintiffs.  Defendant's Exhibit 3, Dispute Sheets for Students A.B., A.E., J.F., and M.W.[6]  With regard to Plaintiff Bunton, on behalf of A.B., DCPS will pay[7] $1,800.00.  *Id.* at 3.  This leaves in dispute $1,200.00.  *Id.*  With regard to Plaintiff Jones, on behalf of A.E., DCPS will pay $2,450.00.  *Id.* at 4.  This leaves $900.00 in dispute.  *Id.*  With regard to Plaintiff Fletcher, on behalf of J.F., DCPS will pay $1,700.00.  *Id.* at 5.  This leaves $1,000.00 in dispute.  *Id.*  With regard to Plaintiff Carmichael, on behalf of M.W., DCPS will pay $1,400.00.  *Id.* at 2.  This leaves $1,200.00 in dispute.  *Id.*

## CONCLUSION

The Court should dismiss the Complaint.  In the alternative, this Court should dismiss the claims of Plaintiffs Perkins, Estes, Roscoe, and Santo.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General of the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section 2

---

[6] The undersigned counsel has asked the plaintiffs' counsel for the invoice of A.D. because it was not submitted as an attachment to the Amended Complaint.  Plaintiffs' counsel has given the undersigned the DCPS dispute sheet and informed the undersigned that she would be submitting the DCPS dispute sheet to this Court.

[7] The documentation has been sent to the Finance Office for payment processing.

**/s/ Eden I. Miller**
EDEN I. MILLER [#483802]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
Eden.Miller@dc.gov