# Exhibit 1

*CONFIDENTIAL*
## HEARING OFFICER'S DETERMINATION
## FOR HEARING HELD NOVEMBER 21, 2002

| | |
|---|---|
| STUDENT: D▮▮▮ B▮▮▮ | DCPS ID No. 9043491 |
| DATE OF BIRTH: | ▮▮▮▮▮▮▮ |
| PARENT: Sheila Ann Perkins | |
| FOSTER PARENT: Dorothy Fitzgerald | |
| ADDRESS: 1649 W Street., #T2, S.E. Washington, DC 20020 | |
| DATE OF HEARING REQUEST: | October 11, 2002 |
| DATE OF MOST RECENT IEP: | June 5, 2002 |
| PRESENT SCHOOL: | Moten Center |
| HOME SCHOOL: | Wilkinson Elementary School |
| PRESENT AT THIS HEARING: | Cathy A. Braxton, Student's Attorney |
| | Quinne Harris-Lindsey, Attorney Advisor for the DC Public Schools |
| | Joan Brady, Student's Mentor |
| PARENT'S/STUDENT'S REPRESENTATIVE: ADDRESS: | Cathy A. Braxton, Esquire |
| | 217-15th Street, N.E. |
| | Washington, DC 20002 |
| | FAX 202-543-8163 |
| SCHOOL SYSTEM'S REPRESENTATIVE: ADDRESS: | Quinne Harris-Lindsey, Esquire |
| | Office of the General Counsel |
| | District of Columbia Public Schools |
| | 825 North Capitol St., N.E. |
| | 9th Floor |
| | Washington, DC 20002 |
| | FAX 202-442-5098 |



*Hearing Officer's Determination*
*In the Matter of Student 9043491*                                                                                 *2 of 4*

## INTRODUCTION

The parent claimed that the District of Columbia Public Schools ("DCPS") denied the student a free and appropriate public education ("FAPE") by placing him at District Heights Elementary School and requested that DCPS provide compensatory education and perform a neuropsychological evaluation. The hearing was held at the DCPS central offices, 825 North Capitol St., N.E. Washington, DC.

## DUE PROCESS RIGHTS

The foster parent averred through her attorney that she was aware of the due process rights and waived her presence as well as a formal reading of those rights at this hearing.

## SUMMARY OF THE EVIDENCE

### A. Documents

The parent disclosed four potential witnesses and 18 documents (DB-1 to -18) in her November 12, 2002 letter, and DCPS disclosed four potential witnesses and seven documents, all duplicative of the parent's documents. The parent stipulated that DCPS had attempted to disclose, to no avail, its documents on November 14, 2002 by FAX. The parent's documents are itemized below, identified as DB-1 to -19 in the student's file with the DCPS Student Hearing Office.

- DB-1   FAX letter to DCPS representative Deirdre Counsel, 10/16/02
- DB-2   Conditional acceptance for admissions to Phillips School, 10/14/02
- DB-3   Court order for appointment of an educational advocate, 9/12/02
- DB-4   FAX cover sheet, IEP of 6/5/02 and last report card for SY 2001
- DB-5   Physician's discharge report, Psychiatric Institute of Washington, 8/16/02
- DB-6   Letter from student's mentor regarding suicide threats, 10/31/02
- DB-7   Psychological evaluation, 5/4/02-6/8/02
- DB-8   Referral for occupational therapy and physical therapy, 5/11/01
- DB-9   DCPS notification of interim placement at Wilkinson ES, 5/19/00
- DB-10   Clinical evaluation, 5/2/00
- DB-11   The Psychiatric Institute of Washington psychological evaluation, 6/25/02;
- DB-12   Educational evaluation, 6/27/02
- DB-13   DCPS speech/language evaluation report, 3/27/00
- DB-14   Prince George's County Public Schools educational assessment report, 1/11/00; psychological report, 1/14/00
- DB-15   DCPS Security Division incident reports, 1/26/01 and 10/27/00
- DB-16   IEP, 6/5/02
- DB-17   Letters from parent's attorney to private schools, 9/29/02
- DB-18   Letter from parent's attorney to DCPS Student Hearing Office, 11/13/02
- DB-19   Parent's memorandum of law

### B. Record

This hearing was electronically recorded. A complete record of the hearing is on that tape.

### C. Testimony

*Hearing Officer's Determination*
*In the Matter of Student 9043491*                                                                                      *3 of 4*

No testimony was needed for this hearing. Also, there were no compelled witnesses.

## FINDINGS OF FACT AND DECISIONS ON THE ISSUES

(1) Issue: Did DCPS deny the student a FAPE?

Fact: Since the parent requested the hearing DCPS has funded the student's placement at Phillips School.

Discussion: The parties agreed that there was a FAPE denial in the amount of 4.5 weeks. That will be covered under issue (2).

(2) Issue: Should DCPS provide compensatory education?

Fact: The parent averred that DCPS denied FAPE for 4.5 weeks between September 2002 and October 11, 2003 because of inappropriate placement.

Discussion: The parties agreed that at the next annual IEP meeting compensatory education will be discussed and a decision will be made as to whether or not it is needed and, if needed, what form it will take. The parent would like to reserve on this issue until the annual IEP meeting.

Remedy: The parent will reserve on compensatory education until the next annual IEP meeting.

(3) Issue: Should DCPS perform a neuropsychological evaluation?

Fact: DB-7 documents the June 29, 2002 recommendation for a neuropsychological evaluation.

Discussion: DCPS agreed to provide a neuropsychological evaluation, and the parent asked that it be performed within 30 days. DCPS averred that 30 business/school days is reasonable due to the impending holiday season. The parent agreed and asked that if DCPS fails to perform said evaluation DCPS should fund an independent evaluation. DCPS agreed.

Remedy: Within 30 school/business days of issuance of this HOD DCPS will provide a neuropsychological evaluation. If DCPS fails to provide the evaluation within this time frame, it will fund an independent neuropsychological evaluation.

## ORDER

\*   The parent shall reserve the right to make a claim for compensatory education subsequent to the next annual IEP meeting.

\*   Within 30 school/business days of issuance of this HOD DCPS shall provide a neuropsychological evaluation; if it fails to do so, it shall fund an independent neuropsychological evaluation.

## JURISDICTION

This hearing was held, and the determination written, pursuant to the *Individuals with Disabilities*

*Hearing Officer's Determination*
*In the Matter of Student 9043491*                                                          4 of 4

*Education Act* (IDEA), P.L. 101-476, reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) and their current regulations, specifically the Code of Federal Regulations, CFR Part 300 20 U.S.C. 1400 et seq.; District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title 5, §§ 3000-3099; and the *DC Appropriations Act, Section 145*, effective October 21, 1998. Finally, per *Dorsett et al. v. The District of Columbia,* Civil Action No. 00-CV-0212, filed June 7, 2000, the one potential witness present for this hearing was sworn.

This is the final administrative determination in matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of this determination.

*[signature]*
C. Robin Boucher, Ph.D.
Impartial Hearing Officer
November 22, 2002

Issued: 11-22-02