UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D. B. *et al.* | ) |
| | ) |
| **Plaintiffs** | ) |
| v. | ) |
| | ) Civil Action No: 1:06cv00017 (GK) |
| **District of Columbia** | ) Next Date: None Set |
| | ) |
| **Defendants** | ) |

------------------------------------------------------------------------------------------

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, by and through undersigned counsel, respectfully move this honorable

Court, pursuant to Fed. R.Civ.P. 56, to enter a summary judgment awarding each plaintiff

the attorney's fees sought in this Complaint. The award of such fees is proper pursuant to

20 U.S.C. § 1415 (e). The grounds for this Motion are set forth in the Memorandum of

Points and Authorities, the Statement of Material Facts As to Which There is No Dispute,

and the Exhibits which accompany this Motion.

Wherefore, Plaintiffs respectfully request that this Motion be granted.


Respectfully submitted,

/s/ Angela T. Green
Angela T. Green, Esq., # 484436

Attorneys for Plaintiffs
ANTHONY R. DAVENPORT, ESQ., P.C.
601 Pennsylvania Avenue
Suite 900
Washington D.C. 20004

202-434-8252 (telephone)
202-220-3116 (facsimile)

## CERTIFICATE OF SERVICE

I certify that on July 26, 2006, I caused to be electronically served a copy of the

above Motion for Summary Judgment to:


Eden I. Miller, Esq.
Assistant Attorney General
441 Fourth Street, N.W.
6th Floor, South
Washington D.C. 20001


/s/ Angela T'nia Green
Angela T. Green, Esq., # 484436

Attorneys for Plaintiffs
ANTHONY R. DAVENPORT, ESQ., P.C.
601 Pennsylvania Avenue
Suite 900
Washington D.C. 20004

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D. B. *et al.* | ) |
| | ) |
| **Plaintiffs** | ) |
| | ) |
| v. | ) |
| | ) Civil Action No: 1:06cv00017 (GK) |
| District of Columbia | ) Next Date: None Set |
| | ) |
| **Defendants** | ) |

-----------------------------------------------------------------------------------------------

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R.Civ.P. 56 (c), a moving party is entitled to summary judgment forthwith "if the pleadings … show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The movant has the burden of demonstrating the absence of issues as to material facts. *Rodway v. U.S. Dep't of Agric.,* 482 F.2d 722 (D.C. Cir. 1977). Plaintiffs submit that there are no genuine issues as to the material facts and that they are entitled to judgment as a matter of law.

**Factual Background**

Each of the named minor Plaintiffs in this Complaint is a resident or a ward of the District of Columbia who suffers from a diagnosed disability such that they require special education and related services, which they have an entitlement to, pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1487 (2006) (hereinafter "the IDEA"). The IDEA requires that the Defendant, through its agent, the District of Columbia Public School system (hereinafter "the D.C.P.S."), provide a free and

appropriate education that accommodates the given disability of each Plaintiff.  20 U.S.C. § 1412 (a).

The Plaintiffs' counsel, Cathy Braxton, filed a complaint and requested relief under the IDEA on behalf of each Plaintiff.  Cathy Braxton succeeded in each of these administrative actions brought pursuant to the IDEA.  Either by way of a hearing officer's determination after a contested hearing, or through settlement negotiations, each Plaintiff was the prevailing party and found to be entitled to specified special education instruction or services.  A Hearing Officer's Determination ordering the D.C.P.S. to take action on behalf of the Plaintiff was issued in each of these administrative proceedings. Thereafter, Cathy Braxton, in accordance with the policies and procedures implemented by the D.C.P.S. for processing IDEA attorney fee applications, timely submitted an application and invoice for attorney's fees on behalf of each Plaintiff.

Further, with their amended complaint and during discovery, the Plaintiffs have provided the Defendant with additional documentation to establish fee entitlement; namely, invoices, hearing officers' determinations, and fee dispute correspondence between the D.C.P.S. and the Plaintiffs' attorney, Cathy Braxton.  Indeed, the Defendant only requested that the Plaintiffs propound one document during discovery in this matter. Copies of all of the documentation of fee entitlement which the Plaintiffs have provided to the Defendants are hereby incorporated with this motion and copies of the same are included herewith as Plaintiffs' Exhibits A:1-I:4

At the time of the filing of the instant complaint, the D.C.P.S. had approved partial payments on the invoices for Plaintiffs Perkins (D.B.), Dixon (A.D.), Estes (C.E.) and Roscoe (D.R.).  During the pendency of this complaint, the D.C.P.S. has approved

partial payments on the invoices for Bunton (A.B.), Jones (A.E.), Fletcher (J.F.) and

Carmichael (M.W.).[1] Thus, the Plaintiffs contend that the D.C.P.S. has conceded

prevailing party status as to all of the Plaintiffs, save Plaintiff Santo. The D.C.P.S. has

issued correspondence disputing the Plaintiffs' counsel's entitlement to obtain the

remaining unapproved and unpaid fees. However, with the exception of the invoice

submitted for work performed on Plaintiff Santo's behalf, the D.C.P.S.' disputes are

based on grounds which this Court has previously deemed frivolous and unreasonable.

*See Holbrook et al. v. District of Columbia*, 305 F. Supp. 2d 41 (D.D.C. 2004). The

Court must determine whether the hourly rates billed and the number of hours expended

by Plaintiffs counsel are reasonable. *Bailey v. District of Columbia*, 839 F. Supp. 888

(D.D.C. 1993). If the Court determines that Plaintiffs' invoiced attorney's fees are

reasonable, the Court should order the D.C.P.S. to pay the Plaintiffs' invoiced attorney's

fees.

**Argument**

**The Court Should Award Each Plaintiff the Reasonable Attorney's Fees Incurred
In Obtaining Relief Under the IDEA**

20 U.S.C. § 1415 (i) (3) (B) (i) provides that:

In any action or proceeding brought under this section, the court, in its discretion,

may award reasonable attorneys' fees as part of the costs to the prevailing party who is

the parent of a child with a disability.

### A. *Each Plaintiff Was the Prevailing Part y in a Proceeding Brought Under the IDEA*

The Supreme Court has held that, in order to qualify as a prevailing party, there

must be an alteration in the legal relationship of the parties and that this change in

---

[1] On July 3, 2006, the D.C.P.S. denied Plaintiff Santo's (J.H.) invoice submission in its entirety.

3

relationship must occur as a result of formal judicial action. *Lopez v. District of Columbia*, 383 F. Supp. 2d 18, 21 (D.D.C. 2005) (quoting *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 605 (2001)). Each of the Plaintiffs was the successful litigant in an administrative action brought under the IDEA. Each administrative action was concluded by means of a hearing officer's determination. In each matter, the hearing officer either concluded that the D.C.P.S. had violated the IDEA and ordered the relief that the Plaintiff requested in its complaint, or considered and approved a settlement agreement between the parties which provided that the Plaintiff would receive the relief that it requested in its complaint. Thus, each of the Plaintiffs was the prevailing party in their respective administrative actions. *Herbin v. District of Columbia*, 362 F. Supp. 2d 254, 265 (D.D.C. 2005) (finding that a prevailing party is one who gains judgment on the merits and holding that the Plaintiff was the prevailing party and entitled to recover attorney's fees and costs because the Plaintiff successfully sought a ruling directing action by the D.C.P.S., consistent with the IDEA, on behalf of the Plaintiff, over the District of Columbia' s and the D.C.P.S.' objections.); *Abraham v. District of Columbia*, 338 F. Supp. 2d 113, 117-188 (D.D.C. 2004 ) ( holding that the Plaintiff parents were prevailing parties where the litigation was terminated by a settlement agreement that was memorialized in an administrative hearing officer's determination which required the D.C.P.S. to perform, or to refrain from conduct, in compliance with the IDEA).

### B. The Fees Requested by the Plaintiffs Are Reasonable

Generally a reasonable attorney's fee is based on the reasonable number of hours expended, multiplied by a reasonable hourly rate. *Holbrook et al. v. District of*

4

*Columbia*, 305 F. Supp. 2d 41, 45 (2004) (*citing Nat'l Ass'n of Concerned Veterans v.*

*Sec'y of Def.*, 675 F.2d 1319 (D.C. Cir. 1982)).  Moreover, it is clear that a prevailing

party should be awarded attorneys' fees at the prevailing market rate.  20 U.S.C. § 1415

(i) (3) (c).  *See also Abraham v. District of Columbia*, 338 F. Supp. 2d 113, 123 (D.D.C.

2004) (explaining that a fee applicant's burden in establishing a reasonable hourly rate

entails a showing of counsel's billing practices, counsel's skill, experience and reputation,

and the prevailing market rates in the community.) (citing *Covington v. District of*

*Columbia*, 57 F. 3d 1101, 1107 (D.C. Cir. 1995).

### 1.  The Hourly Rate Plaintiffs Request is Reasonable

Plaintiffs seek an award of attorneys' fees for attorney, Cathy Braxton's, services

in the instant case at the hourly rate of $200.00 for the five Plaintiffs whom Cathy

Braxton represented in 2003, and at the hourly rate of $175.00 for the remaining four

Plaintiffs whom Cathy Braxton represented in 2002.  The District of Columbia Circuit

has approved a fee matrix for the determination of market rates for public interest

attorneys.  *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 371-72 (D.D.C. 1983)

(hereinafter *Laffey* fee schedule) (Plaintiffs' Exhibit J).  *See also Lopez v. District of*

*Columbia*, 383 F. Supp. 2d 18, 24 (D.D.C. 2005) (using the *Laffey* fee schedule to

determine the amount of reasonable attorneys' fees to be awarded to a prevailing party

under the IDEA); *accord Abraham*, 338 F. Supp. 2d at 124.  The hourly rates that Cathy

Braxton charged are reasonable and are below the prevailing hourly market rate for

attorneys of her experience in the Washington Metropolitan area as set forth in the *Laffey*

fee schedule.  Cathy Braxton has been practicing law for over 14 years.  The rates of

$200.00 per hour and $175.00 per hour, which are being requested for services that Cathy

5

Braxton performed, are well below the *Laffey* fee schedule rate of $335.00 per hour for attorneys who have 11-19 years of experience. Moreover, Cathy Braxton has previously been paid at the rate of $200.00 per hour by the D.C.P.S. for her work on cases in which her clients prevailed at administrative hearings held pursuant to the IDEA, or obtained settlements which were approved by an administrative hearing officer.

> 2. *The Number of Hours that Plaintiffs' Counsel Spent on Each Matter is Reasonable*

The amount of time expended by Cathy Braxton on each Plaintiffs' cause of action against the D.C.P.S. was necessary and reasonable. The amount of time spent on behalf of each Plaintiff is set forth in invoices which were initially timely submitted to the D.C.P.S. for payment. The D.C.P.S. has approved partial payments on all but one of the submitted invoices, thereby conceding both the Plaintiffs' prevailing party status and the reasonableness of Cathy Braxton's hourly billing rates. Plaintiffs' Exhibits A:1-I:4. The D.C.P.S. disputes the remaining entries on each invoice, however, the grounds on which the D.C.P.S. disputes the time entries have already been deemed "frivolous" and "nitpicking" by this Court. *Holbrook. v. District of Columbia*, 305 F. Supp. 2d 41, 46-48 (2004). The current dispute status and payment status of each Plaintiff is set forth in the attached Statement of Material Facts As to Which There Is No Dispute and Exhibits A:1-I:4.

The experience and skill of the Plaintiffs' counsel, the quality of representation which ultimately resulted in obtaining the relief sought in favor of each Plaintiff, and the comparable costs of similar legal work justifies the billing rates and number of hours requested in the Plaintiffs' invoices.

6

**Conclusion**

As there is no genuine dispute as to any issue of material fact, and each Plaintiff is entitled to judgment as a matter of law, Plaintiffs request that this honorable Court enter summary judgment in favor of each Plaintiff and award each Plaintiff the attorneys' fees incurred as a consequence of bringing this action.

/s/ Angela T'nia Green
Angela T. Green, Esq., # 484436

Attorneys for Plaintiffs
ANTHONY R. DAVENPORT, ESQ., P.C.
601 Pennsylvania Avenue
Suite 900
Washington D.C. 20004

202-434-8252 (telephone)
202-220-3116 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

D. B. *et al.*                                    )
                                                  )
            **Plaintiffs**                        )
                                                  )
      v.                                          )
                                                  ) **Civil Action No: 1:06cv00017 (GK)**
                                                  ) **Next Date: None Set**
**District of Columbia**                          )
                                                  )
            **Defendants**                        )

-------------------------------------------------------------------------------------------------

### PLAINTIFFS' STATEMENT OF MATERIAL FACTS
### AS TO WHICH THERE IS NO DISPUTE

Plaintiffs, by and through undersigned counsel, submit that the following factual matters, regarding each Plaintiff, are not in dispute:

A. Every Plaintiff was a resident of the District of Columbia during all material times related to the matters raised in the Complaint.

B. 20 U.S.C. § 1415 (e) authorizes this Court to award attorney's fees to the parents or guardians of handicapped children who are the prevailing party in an IDEA administrative proceeding.

C. Every Plaintiff named in the Complaint was awarded the relief that they requested following a due process hearing and the issuance of a hearing officer's determination, and, thus, was the prevailing party in an IDEA administrative proceeding.

D. The attorneys' fees claimed, as set forth below, are attorneys' fees that were incurred solely for the purpose of assisting the named Plaintiffs in an IDEA proceeding as set forth in the Complaint.

Plaintiffs, through undersigned counsel, submit that the following matters concerning the named individual Plaintiffs are not in dispute:

**Sheila Ann Perkins (parent of D. B.)**

1.      On November 21, 2002, an administrative due process hearing was held, pursuant to the IDEA, concerning the special education needs of D. B.  On November 22, 2002, the D.C.P.S. issued a Hearing Officer's Determination which awarded D.B. and his parent the relief that their attorney, Cathy Braxton, requested on their behalves at the due process hearing.  Thus, D. B. and Sheila Ann Perkins were the prevailing parties at this hearing.  Plaintiffs' Exhibit A:1.

2.      On or before February 7, 2003, pursuant to the IDEA, an invoice and petition for attorney's fees was submitted to the D.C.P.S., for services rendered in conjunction with the above-referenced administrative proceeding, in the amount of $4,897.50.  Plaintiffs' Exhibit A:2.

3.      On February 7, 2003, the D.C.P.S. approved $3,412.50 of the invoiced $4,897.50, thereby acknowledging the Plaintiffs' prevailing party status and the reasonableness of Cathy Braxton's hourly rate.  Plaintiffs' Exhibit A:3.

4.      On July 24, 2003, the D.C.P.S. disputed Cathy Braxton's entitlement to attorney's fees for time spent reviewing documents, drafting the due process complaint, conducting legal research, preparing for examination of trial witnesses, and drafting pre-trial disclosures.  Plaintiffs' Exhibit A:3.

5.      On October 11, 2003, Cathy Braxton provided the D.C.P.S. with a written explanation for the disputed time entries and again requested payment of the billed attorney's fees.  To date, the D.C.P.S. has not responded to this request.  Plaintiffs' Exhibit A:4.

6.      The outstanding amount of the Plaintiffs' invoiced attorney's fees is $1,485.00.

**Erika Bunton (parent of A. B.)**

1.      On August 11, 2003, an administrative due process hearing was held, pursuant to the IDEA, concerning the special education needs of A. B.  On August 27, 2003, the D.C.P.S. issued a Hearing Officer's Determination which awarded A. B. and his parent the relief that their attorney, Cathy Braxton, requested on their behalves at the due process hearing.  Thus, A. B. and Erika Bunton were the prevailing parties at this hearing. Plaintiffs' Exhibit B:1.

2.      On October 10, 2003, pursuant to the IDEA, an invoice and a petition for attorney's fees was submitted to the D.C.P.S., for services rendered in conjunction with the above-referenced administrative proceeding, in the amount of $3,000.00.  Plaintiffs' Exhibits B:2-B:3.

3.      On July 3, 2006, the D.C.P.S. approved $1,800.00 of the invoiced $3,000.00, thereby acknowledging the Plaintiffs' prevailing party status and the reasonableness of Cathy Braxton's hourly rate.  See Exhibit B:4.

4.      On July 3, 2006, the D.C.P.S. disputed Cathy Braxton's entitlement to attorney's fees for time spent retrieving records, preparing for the examination of trial witnesses, and attending the August 11, 2003 due process hearing.  Plaintiffs' Exhibit B:4.

5.      The outstanding amount of the Plaintiffs' invoiced fees is $1,200.00.

**Charles Estes (parent of C. E.)**

1.      On or about October 24, 2002, an administrative due process hearing was held, pursuant to the IDEA, concerning the special education needs of C. E.  On November 22, 2002, the D.C.P.S. issued a Hearing Officer's Determination which awarded C. E. and his

parent the relief that their attorney, Cathy Braxton, requested on their behalves at the due process hearing. Thus, C. E. and Charles Estes were the prevailing parties at this hearing. Plaintiffs' Exhibit C:2.

2.     On or before February 7, 2003, pursuant to the IDEA, an invoice and petition for attorney's fees was submitted to the D.C.P.S., for services rendered in conjunction with the above-referenced administrative proceeding, in the amount of $4,856.25. Plaintiffs' Exhibit C:2.

3.     On February 7, 2003, the D.C.P.S. approved $2,843.75 of the invoiced $4,856.25, thereby acknowledging the Plaintiffs' prevailing party status and the reasonableness of Cathy Braxton's hourly rate. Plaintiffs' Exhibit C:2.

4.     On July 24, 2003, the D.C.P.S. disputed Cathy Braxton's entitlement to attorney's fees for time spent retrieving and reviewing records, meeting with the Plaintiff, preparing for examination of trial witnesses, and drafting pre-trial disclosures. Plaintiffs' Exhibit C:2.

5.     On October 11, 2003, Cathy Braxton provided the D.C.P.S. with a written explanation for the disputed time entries and again requested payment of the billed attorney's fees. To date, the D.C.P.S. has not responded to this request. Plaintiffs' Exhibit A:4.

6.     The outstanding amount of the Plaintiffs' invoiced attorney's fees is $2,012.50.

**Carrie Jones (parent of A. E.)**

1.     On June 3, 2003, an administrative due process hearing was held, pursuant to the IDEA, concerning the special education needs of A. E. On June 13, 2003, the D.C.P.S. issued a Hearing Officer's Determination which awarded A. E. and his mother the relief

that their attorney, Cathy Braxton, requested on their behalves at the due process hearing.

Thus, A. E. and Carrie Jones were the prevailing parties at this hearing. Plaintiffs'

Exhibit D:1.

2.    On July 28, 2003, pursuant to the IDEA, an invoice and petition for attorney's

fees was submitted to the D.C.P.S., for services rendered in conjunction with the above-

referenced administrative proceeding, in the amount of $3,350.00. Plaintiffs' Exhibits

D:2-D:3

3.    On July 3, 2006, the D.C.P.S. approved $2,450.00 of the invoiced $3,350.00,

thereby acknowledging the Plaintiffs' prevailing party status and the reasonableness of

Cathy Braxton's hourly rate. Plaintiffs' Exhibit D:4.

4.    On July 3, 2003, the D.C.P.S. disputed Cathy Braxton's entitlement to attorney's

fees for time spent retrieving records, preparing for examination of trial witnesses, and

attending the June 3, 2003 due process hearing. Plaintiffs' Exhibit D:4.

5.    The outstanding amount of the Plaintiffs' invoiced attorney's fees is $900.00.

**Nicole Dixon (parent of A. D.)**

1.    On January 31, 2003, an administrative due process hearing was held, pursuant to

the IDEA, concerning the special education needs of A. D. On February 10, 2003, the

D.C.P.S. issued a Hearing Officer's Determination which awarded A. D. and his parent

the relief that their attorney, Cathy Braxton, requested on their behalves at the due

process hearing. Thus, A. D. and Nicole Dixon were the prevailing parties at this

hearing. Plaintiffs' Exhibit E:1.

2.    On or before July 2, 2003, pursuant to the IDEA, an invoice and petition for

attorney's fees was submitted to the D.C.P.S., for services rendered in conjunction with

5

the above-referenced administrative proceeding, in the amount of $2,975.00. Plaintiffs'

Exhibit E:2.

3.       On July 2, 2003, the D.C.P.S. approved $2,021.25 of the invoiced $2,9750.00,

thereby acknowledging the Plaintiffs' prevailing party status and the reasonableness of

Cathy Braxton's hourly rate. Plaintiffs' Exhibit E:2.

4.       On or before July 2, 2003, the D.C.P.S. disputed Cathy Braxton's entitlement to

attorney's fees for time spent retrieving and reviewing school records, preparing

witnesses for trial, preparing to examine trial witnesses, and conversing with D.C.P.S.'

counsel regarding the complaint. Plaintiffs' Exhibits E:2-E:3.

5.       On October 11, 2003, Cathy Braxton provided the D.C.P.S. with a written

explanation for the disputed time entries and again requested payment of the billed

attorney's fees. To date, the D.C.P.S. has not responded to this request. Plaintiffs'

Exhibit A:4.

6.       The outstanding amount of the Plaintiffs' invoiced attorney's fees is $953.75.

**Lisa Fletcher (parent of J. F.)**

1.       On August 27, 2003, an administrative due process hearing was held, pursuant to

the IDEA, concerning the special education needs of J. F. On September 15, 2003, the

D.C.P.S. issued a Hearing Officer's Determination which awarded J. F. and his parent the

relief that their attorney, Cathy Braxton, requested on their behalves at the due process

hearing. Thus, J. F. and Lisa Fletcher were the prevailing parties at this hearing.

Plaintiffs' Exhibit F:1.

2.       On October 10, 2003, pursuant to the IDEA, an invoice and petition for attorney's

fees was submitted to the D.C.P.S., for services rendered in conjunction with the above-

referenced administrative proceeding, in the amount of $2,700.00. Plaintiffs' Exhibits F:2-F:3.

3.      On July 3, 2006, the D.C.P.S. approved $1,700.00 of the invoiced $2,700.00, thereby acknowledging the Plaintiffs' prevailing party status and the reasonableness of Cathy Braxton's hourly rate. Plaintiffs' Exhibit F:4.

4.      On July 3, 2006, the D.C.P.S. disputed Cathy Braxton's entitlement to invoiced fees for time spent retrieving records, preparing to examine trial witnesses, and attending the August 27, 2003 due process hearing. Plaintiffs' Exhibit F:4.

5.      The outstanding amount of the Plaintiffs' invoiced attorney's fees is $1,000.00.

**Grace Santo (guardian of J. H.)**

1.      On August 11, 2003, an administrative due process hearing was held pursuant to the IDEA concerning the special education needs of J. H.  On September 2, 2003, the D.C.P.S. issued a Hearing Officer's Determination which awarded J. H. and his guardian the relief that their attorney, Cathy Braxton, requested on their behalves at the due process hearing.  Thus, J. H. and Grace Santo were the prevailing parties at this hearing. Plaintiffs' Exhibit G:1.

2.      On October 10, 2003, pursuant to the IDEA, an invoice and petition for attorney's fees was submitted to the D.C.P.S., for services rendered in conjunction with the above-referenced administrative proceeding, in the amount of $3,900.00. Plaintiffs' Exhibits G:2-G:3.

3.      On July 3, 2006, the D.C.P.S. disputed Cathy Braxton's entitlement to the invoiced fees on the grounds that the Hearing Officer's Determination, which ordered the

7

requested relief for J.H., also stated that no denial of FAPE had yet occurred at the time

of the due process hearing. Plaintiffs' Exhibits G:1, G:4.

4.      The outstanding amount of the Plaintiffs' invoiced attorney's fees is $3,900.00.

**Shannon Roscoe (parent of D. R.)**

1.      On November 8, 2002, an administrative due process hearing was held pursuant

to the IDEA concerning the special education needs of D. R.  On November 12, 2002, the

D.C.P.S. issued a Hearing Officer's Determination which awarded D. R. and his parent

the relief that their attorney, Cathy Braxton, requested on their behalves at the due

process hearing.  Thus, D. R. and Shannon Roscoe were the prevailing parties at this

hearing.  Plaintiffs' Exhibit H:1.

2.      On or before February 7, 2003, pursuant to the IDEA, an invoice and petition for

attorney's fees and costs was submitted to the D.C.P.S., for services rendered in

conjunction with the above-referenced administrative proceeding, in the amount of

$4,287.50.  Plaintiffs' Exhibit H:2.

3.      On February 7, 2003, the D.C.P.S. approved $2,887.50 of the invoiced $4,287.50,

thereby acknowledging the Plaintiffs' prevailing party status and the reasonableness of

Cathy Braxton's hourly rate.  Plaintiffs' Exhibit H:2.

4.      On July 24, 2003, the D.C.P.S. disputed Cathy Braxton's entitlement to attorneys'

fees for time spent retrieving and reviewing documents, drafting the complaint, preparing

to examine trial witnesses, and drafting pre-trial disclosures.  Plaintiffs' Exhibit H:3.

5.      On October 11, 2003, Cathy Braxton provided the D.C.P.S. with a written

explanation for the disputed time entries and again requested payment of the billed

8

attorney's fees.  To date, the D.C.P.S. has not responded to this request.  Plaintiffs'

Exhibit A:4.

6.      The outstanding amount of the Plaintiffs' invoiced attorney's fees is $1,400.00.

**Tyronnis Carmichael (parent of M. W.)**

1.      On August 14, 2003, an administrative due process hearing was held, pursuant to

the IDEA, concerning the special education needs of M. W.  On August 21, 2003, the

D.C.P.S. issued a Hearing Officer's Determination which awarded M. W. and his parent

the relief that their attorney, Cathy Braxton, requested on their behalves at the due

process hearing.  Thus, M. W. and Tyronnis Carmichael were the prevailing parties at

this hearing.  Plaintiffs' Exhibit I:1.

2.      On October 10, 2003, pursuant to the IDEA, an invoice and petition for attorney's

fees and costs was submitted to the D.C.P.S., for services rendered in conjunction with

the above-referenced administrative proceeding, in the amount of $2,600.00.  Plaintiffs'

Exhibits I:2-I:3.

3.      On July 3, 2006, the D.C.P.S. approved $1,400.00 of the invoiced $2,600.00,

thereby acknowledging the Plaintiffs' prevailing party status and the reasonableness of

Cathy Braxton's hourly rate.  Plaintiffs' Exhibit I:4.

4.      On July 3, 2006, the D.C.P.S. disputed Cathy Braxton's entitlement to attorney's

fees for time spent retrieving records, preparing to examine trial witnesses, and attending

the August 14, 2003 due process hearing.  Plaintiffs' Exhibit I:4.

5.      The outstanding amount of the Plaintiffs' invoiced attorney's fees is $1,200.00.

9

Respectfully Submitted,

/s/ Angela T'nia Green
Angela T. Green, Esq., # 484436

Attorneys for Plaintiffs
ANTHONY R. DAVENPORT, ESQ., P.C.
601 Pennsylvania Avenue
Suite 900
Washington D.C. 20004

202-434-8252 (telephone)
202-220-3116 (facsimile)

10