## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

D. B. *et al.*                                    )
                                                  )
        **Plaintiffs**                  )
     v.                                  )
                                                  ) **Civil Action No: 1:06cv00017 (GK)**
**District of Columbia**                          ) **Next Date: None Set**
                                                  )
        **Defendants**                 )
--------------------------------------------------------------------------------------------

### PLAINTIFFS' EXHIBITS A:1 – J IN SUPPORT OF PLAINTIFFS'

### MOTION FOR SUMMARY JUDGEMENT

Case 1:06-cv-00017-GK    Document 14    Filed 07/03/2006    Page 2 of 5

*CONFIDENTIAL*
### HEARING OFFICER'S DETERMINATION
### FOR HEARING HELD NOVEMBER 21, 2002

STUDENT: D⬛ B⬛                          **DCPS ID No. 9043491**

DATE OF BIRTH:                          ⬛

PARENT: Sheila Ann Perkins

FOSTER PARENT: Dorothy Fitzgerald

ADDRESS: 1649 W Street., #T2, S.E. Washington, DC  20020

DATE OF HEARING REQUEST:                October 11, 2002

DATE OF MOST RECENT IEP:                June 5, 2002

PRESENT SCHOOL:                         Moten Center

HOME SCHOOL:                            Wilkinson Elementary School

PRESENT AT THIS HEARING:                Cathy A. Braxton, Student's Attorney
                                        Quinne Harris-Lindsey, Attorney Advisor for
                                            the DC Public Schools
                                        Joan Brady, Student's Mentor

PARENT'S/STUDENT'S REPRESENTATIVE:      Cathy A. Braxton, Esquire
ADDRESS:                                217-15th Street, N.E.
                                        Washington, DC 20002
                                        FAX 202-543-8163

SCHOOL SYSTEM'S REPRESENTATIVE:         Quinne Harris-Lindsey, Esquire
ADDRESS:                                Office of the General Counsel
                                        District of Columbia Public Schools
                                        825 North Capitol St., N.E.
                                        9th Floor
                                        Washington, DC  20002
                                        FAX 202-442-5098



*1 of 4*

Plaintiffs' Ex. A:1

*Hearing Officer's Determination*
*In the Matter of Student 9043491*

*2 of 4*

## INTRODUCTION

The parent claimed that the District of Columbia Public Schools ("DCPS") denied the student a free and appropriate public education ("FAPE") by placing him at District Heights Elementary School and requested that DCPS provide compensatory education and perform a neuropsychological evaluation. The hearing was held at the DCPS central offices, 825 North Capitol St., N.E. Washington, DC.

## DUE PROCESS RIGHTS

The foster parent averred through her attorney that she was aware of the due process rights and waived her presence as well as a formal reading of those rights at this hearing.

## SUMMARY OF THE EVIDENCE

    A.    Documents

The parent disclosed four potential witnesses and 18 documents (DB-1 to -18) in her November 12, 2002 letter, and DCPS disclosed four potential witnesses and seven documents, all duplicative of the parent's documents. The parent stipulated that DCPS had attempted to disclose, to no avail, its documents on November 14, 2002 by FAX. The parent's documents are itemized below, identified as DB-1 to -19 in the student's file with the DCPS Student Hearing Office.

        DB-1    FAX letter to DCPS representative Deirdre Counsel, 10/16/02
        DB-2    Conditional acceptance for admissions to Phillips School, 10/14/02
        DB-3    Court order for appointment of an educational advocate, 9/12/02
        DB-4    FAX cover sheet, IEP of 6/5/02 and last report card for SY 2001
        DB-5    Physician's discharge report, Psychiatric Institute of Washington, 8/16/02
        DB-6    Letter from student's mentor regarding suicide threats, 10/31/02
        DB-7    Psychological evaluation, 5/4/02-6/8/02
        DB-8    Referral for occupational therapy and physical therapy, 5/11/01
        DB-9    DCPS notification of interim placement at Wilkinson ES, 5/19/00
        DB-10    Clinical evaluation, 5/2/00
        DB-11    The Psychiatric Institute of Washington psychological evaluation, 6/25/02;
        DB-12    Educational evaluation, 6/27/02
        DB-13    DCPS speech/language evaluation report, 3/27/00
        DB-14    Prince George's County Public Schools educational assessment report, 1/11/00;
                psychological report, 1/14/00
        DB-15    DCPS Security Division incident reports, 1/26/01 and 10/27/00
        DB-16    IEP, 6/5/02
        DB-17    Letters from parent's attorney to private schools, 9/29/02
        DB-18    Letter from parent's attorney to DCPS Student Hearing Office, 11/13/02
        DB-19    Parent's memorandum of law

    B.    Record

This hearing was electronically recorded. A complete record of the hearing is on that tape.

    C.    Testimony

*Hearing Officer's Determination*
*In the Matter of Student 9043491*

*3 of 4*

No testimony was needed for this hearing. Also, there were no compelled witnesses.

## FINDINGS OF FACT AND DECISIONS ON THE ISSUES

(1) Issue: Did DCPS deny the student a FAPE?

Fact: Since the parent requested the hearing DCPS has funded the student's placement at Phillips School.

Discussion: The parties agreed that there was a FAPE denial in the amount of 4.5 weeks. That will be covered under issue (2).

(2) Issue: Should DCPS provide compensatory education?

Fact: The parent averred that DCPS denied FAPE for 4.5 weeks between September 2002 and October 11, 2003 because of inappropriate placement.

Discussion: The parties agreed that at the next annual IEP meeting compensatory education will be discussed and a decision will be made as to whether or not it is needed and, if needed, what form it will take. The parent would like to reserve on this issue until the annual IEP meeting.

Remedy: The parent will reserve on compensatory education until the next annual IEP meeting.

(3) Issue: Should DCPS perform a neuropsychological evaluation?

Fact: DB-7 documents the June 29, 2002 recommendation for a neuropsychological evaluation.

Discussion: DCPS agreed to provide a neuropsychological evaluation, and the parent asked that it be performed within 30 days. DCPS averred that 30 business/school days is reasonable due to the impending holiday season. The parent agreed and asked that if DCPS fails to perform said evaluation DCPS should fund an independent evaluation. DCPS agreed.

Remedy: Within 30 school/business days of issuance of this HOD DCPS will provide a neuropsychological evaluation. If DCPS fails to provide the evaluation within this time frame, it will fund an independent neuropsychological evaluation.

## ORDER

\*    The parent shall reserve the right to make a claim for compensatory education subsequent to the next annual IEP meeting.

\*    Within 30 school/business days of issuance of this HOD DCPS shall provide a neuropsychological evaluation; if it fails to do so, it shall fund an independent neuropsychological evaluation.

## JURISDICTION

This hearing was held, and the determination written, pursuant to the *Individuals with Disabilities*

Case 1:06-cv-00017-GK    Document 14    Filed 07/03/2006    Page 5 of 5

*Education Act* (IDEA), P.L. 101-476, reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) and their current regulations, specifically the Code of Federal Regulations, CFR Part 300 20 U.S.C. 1400 et seq.; District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title 5, §§ 3000-3099; and the *DC Appropriations Act, Section 145*, effective October 21, 1998. Finally, per *Dorsett et al. v. The District of Columbia*, Civil Action No. 00-CV-0212, filed June 7, 2000, the one potential witness present for this hearing was sworn.

This is the final administrative determination in matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of this determination.

C. Robin Boucher, Ph.D.
Impartial Hearing Officer
November 22, 2002

Issued: 11-22-02

## Memorandum

To:    Finance Department

From:    James Baxley - General Counsel Office

Date:    February 7, 2003

Subject: **Attorney Invoices Approved for Payment**

___

Please see attached the following invoices with approved amount for payment.

| Item | Attorney | Student | Approved Payment |
|------|----------|---------|------------------|
| 1 | Cathy Braxdon | Charles Estes | $2,843.75 |
| 2 | Cathy Braxdon | DeMarques Roscoe | $2,887.50 |
| 3 | Cathy Braxdon | Dontae Bailey | $3,412.50 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | TOTAL | | $9,143.75 |

Kindly acknowledge receipt by signing and return copy.

James Baxley

Finance Department Representative

Date 2/10/03

Plaintiffs' Ex. A:2

STUDENT: **Dontae Bailey**
PERIOD:   9/27/02-11/22/02
ATTORNEY: Cathy Braxton
ATTORNEY RATE: $175.00

| Date | Contested Items | Basis for Dispute | Attorney Rate | Submitted | | | Approved | | | | Variance | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Time (Hour) | Amt. $ | Rate | Time (Hour) | Amt. $ | | Time (Hour) | Amt. $ |
| 9/29/2002 | Review Edu. Documents | Exessive time billed | $175.00 | 3 | $525.00 | $175 | 1.5 | $262.50 | | 1.5 | $262.50 |
| 9/29/2002 | Draft Due Process Hearing | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | | 1 | $175.00 |
| 10/15/2002 | Research Law & Regulations | Exessive time billed | $175.00 | 3 | $525.00 | $175 | 2 | $350.00 | | 1 | $175.00 |
| 11/1/2002 | Disc. With Advocate | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | | 1 | $175.00 |
| 11/9/2002 | Preparation for Direct Exam. | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | | 1 | $175.00 |
| 11/9/2002 | Preparation for Direct Exam. | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | | 1 | $175.00 |
| 11/10/2002 | Preparation for Direct Exam. | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | | 1 | $175.00 |
| 11/10/2002 | Preparation for Direct Exam. | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | | 1 | $175.00 |
| 11/11/2002 | Draft 5day | Exessive time billed | $175.00 | 1.5 | $262.50 | $175 | 1 | $175.00 | | 0.5 | $87.50 |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | Contested Amount | $175.00 | 19.5 | $3,412.50 | $175 | 10.5 | $1,837.50 | | 9 | $1,575.00 |
| | Summary Rate Adjustment | Rate Determination | $175.00 | 0 | $0.00 | $175 | 0 | $0 | | | $0.00 |

Justification:
2001 Attorney Fee Cap Amount          $0.00
Cap Adjustment                        $0.00
Non- Cap Attorney Fee Amount          $4,987.50
Total Amount of Invoice               $4,987.50
Contested Amount                      $1,575.00
Summary Rate Adjustment               $0.00
Approved for Payment                  $3,412.50

Plaintiffs' Ex. A:3

Jul-24-03  03:28pm   From-DCPS OGC                    +2024425098                    T-602   P.05/05   F-842

217 15th Street, NE
Washington, D.C. 20002
Tel. 202-487-6528
Fax 202-543-8163

**Law Office
Cathy A. Braxton**

July 28, 2003

**HAND DELIVERED**

Ms. James A. Baxley
Deputy General Counsel
DCPS
825 North Capitol Street, NE, 9th Floor
Washington, D.C. 20002

Re: Invoice Resubmissions for Dontae Bailey; Charles Estes Jr;
Demarques Roscoe; Auzhane Dixon

Dear Mr. Baxley:

Pursuant to a meeting that I had with you on July 15, 2003, I am resubmitting
certain invoices for nonpayment by DCPS. The reasons for the resubmitted invoices are
set forth below:

**Charles Estes Jr.**

1. I billed for .75 of an hour to retrieve records. You only paid for .25
minutes. It is highly unreasonable to think that it could take a .25 of an
hour to retrieve records from a DCPS. In fact it took more than an hour,
however, I only billed .75. Consequently, I request that I be paid the
variance $87.50.

2. A significant amount of time for the preparation of witnesses. The time
for witness preparation was not excessive. In fact, I attempted to settle
this case with the DCPS attorney prior to the hearing date, but the attorney
did not want to settle. Finally, you have been inconsistent in your
approved amounts for witness preparation. In some cases you state that an
hour is appropriate for each witness preparation and in other cases, you
approve only .75 for each witness preparation. (compare with Demarques
Roscoe invoice). Consequently, I ask that you pay the full variance
amount for witness preparation $918.50.

3. Total reconsidered amount $1006.25.

**Demarques Roscoe**

1.    Retrieval of records took .75 minutes, far beyond the .50 minutes you approved. It is unreasonable to believe that it could take .50 minutes to request and retrieve records in person from any DCPS. I request that the variance of $87.50 be paid.

2.    You approved .75 minutes to review more than five years worth of general curriculum and special education school records. The time billed was 1.75. This is not an excessive amount for a child that has been receiving special education services for more than five years. Please pay the $175.00 variable.

3.    You cut time from the preparation of the direct examination and cross-examination testimony. The time billed ranging from 1.5-2.0 hours is not excessive for witness preparation for a due process hearing. Furthermore, the time paid is inconsistent with out invoices concerning witness preparation. In some cases you pay .50 for witness preparation and in other cases you pay 1.0 for witness preparation (compare with invoices for Dontae Bailey and Charles Estes Jr.). DCPS stance is inconsistent and unreasonable. I request that you pay the variance $700.00

4.    Total reconsidered amount $962.50.


**Dontae Bailey**

1.    You cut a significant amount of time from the preparation of direct and cross examination of witnesses. The time billed for each witness preparation was 2 hours. I submit that preparing each witness for two hours for a due process hearing is not excessive. Given that your stance has been inconsistent regarding payment for the preparation of witnesses, I request that you reconsider and pay the full variance for this issue amounting to $700.00

2.    Total reconsidered amount $700.00.

**Auzhane Dixon**

1.    I billed for one hour to retrieve records in person from Webb Elementary School. You only paid for .40. Again, this timeframe appears to be inconsistent from other approved timeframes for the retrieval of records. One hour for retrieving records is not excessive. In fact, it took longer than an hour to retrieve the records, however, I only bill for an hour. Please pay the full variable $105.00.

2

2. I billed for 1.5 to review records. You only approved .90. This case concerns a child diagnosed with autism. There are a considerable amount of records concerning this case. In addition, there were some complicated evaluations dealing with autism that had to be reviewed. I do not believe that the time billed was excessive. Consequently, I ask that you reconsider and pay the full variable $105.00.

3. All of the time billed for the preparation of witness was cut. The reason for the rejection was that no testimony was taken. This is an illogical approach. The witnesses were certainly prepared to testify. I tried to settle with the DCPS attorney before the hearing but the attorney refused. Finally, the DCPS attorney agreed to settle at the "eleventh hour" at the due process hearing. This is certainly through no fault of mine and I should not be penalized. The work was done; the student prevailed; and reasonable attorney fees should be paid. Consequently, I request that I be paid for services rendered $1225.00.

4. A telephone conversation between me and Mr. Levy, DCPS attorney, was cut, calling it a non-professional service. This was a conversation regarding the settlement of the case between two attorneys. Consequently, I think that it is unreasonable to consider this conversation and unprofessional service. I request that the variance of $43.75 be paid.

5. Total reconsidered amount of $1,478.50.

There are other services that have been cut by DCPS that I do not agree with. However, in the interest of compromise, I will not ask that you reconsider. I also ask that you take in mind that in a few of these cases, services have been rendered more than a year ago. It would be unfair and unreasonable to make me wait the historical three months to be paid, if you consider by request for reconsideration reasonable. The total amount for reconsideration is $4147.25.

If you have any questions concerning this matter, please do not hesitate to contact me on 202-487-6528.

Cathy Bra

3

# District of Columbia Public Schools
## Office of Management Services

**Terry Michael Banks, Due Process Hearing Officer**
**825 North Capitol Street, N.E.; Room 8076**
**Washington, D.C. 20002**
**(571) 437-7381**
**Facsimile: (202) 442-5556**

### Confidential

| | |
|---|---|
| ALLAN BARNES, STUDENT | ) |
| | ) |
| Date of Birth: August 26, 1988 | ) |
| | ) |
| Petitioner, | ) Hearing Date: August 11, 2003 |
| | ) |
| v. | ) Request for Hearing: July 10, 2003 |
| | ) |
| THE DISTRICT OF COLUMBIA | ) |
| PUBLIC SCHOOLS | ) |
| | ) Held at: 825 North Capitol Street, N.E. |
| Respondent. | ) 8th Floor |
| | ) Washington, D.C. 20002 |
| | ) |
| Student Attending: | ) |
| Accotink Academy | ) |

### HEARING OFFICER'S DECISION

| | |
|---|---|
| **Parents:** | Ward of the District of Columbia |
| | |
| **Counsel for the Parent/Student:** | Cathy A. Braxton, Esquire |
| | 217 – 15th Street, N.E. |
| | Washington, D.C. 20002 |
| | (202) 543-8162; Fax: (202) 543-8163 |
| | |
| **Counsel for DCPS:** | James E. Fisher, Esquire |
| | Linda M. Smalls, Esquire |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E.; 9th Floor |
| | Washington, D.C. 20002 |

Plaintiffs' Ex. B:1

☑003

DCPS ID No.: 7882940

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

# INDEX OF NAMES

*Allan Barnes v. District of Columbia Public Schools*

| Child And Child's DCPS ID # or SSN | Allan Barnes<br>DCPS ID No. 7882940 |
|---|---|
| Child's Parent(s) (specific relationship) | Gary Jacobs, Guardian *ad litem* |
| Child/Parent's Representative | Cathy A. Braxton, Esquire |
| School System's Representative | James E. Fisher, Esquire<br>Linda M. Smalls, Esquire |
| Principal | Peggy Willing, Accotink Academy |
| Placement Specialist, DCPS | Arlene F. Jackson |
| Special Education Teacher | Marilyn Peacock, Accotink Academy |
| Social Worker | Erika Bunton |

DCPS ID No.: 7882940

## Jurisdiction

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Act ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia Municipal Regulations, re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

## Introduction

Petitioner is a fifteen year-old student at Accotink Academy ("Accotink"). On July 10, 2003, Petitioner filed a *Request for Hearing* ("*Request*") alleging that DCPS had failed to comply with recommendations of a Multidisciplinary Team ("MDT")/Individualized Education Program ("IEP") that Petitioner receive extended school year ("ESY") services and compensatory education services. The parties' Five Day Disclosure Notices were admitted into evidence at the hearing. Neither party offered oral testimony at the hearing. The parties agreed to relief for Petitioner as described in the Findings of Fact below.

## Findings of Fact

1. Petitioner is a fifteen year-old student at Accotink.[1]

2. On May 29, 2003, DCPS convened an MDT/IEP meeting. The team prescribed full-time specialized instruction, two hours per week of psychological counseling, one hour per week of speech and language therapy, and ESY.[2] The team also "agrees as a group that [Petitioner] would benefit from compensatory education...: a computer in the home with educational software that support classroom & tutoring especially reading, written language and math."[3]

3. During the hearing, the parties agreed to the following relief for Petitioner:

   A. DCPS will provide Petitioner compensatory education services in the form of 88 hours of one-on-one tutoring by a tutor trained in the methodology of Linda Mood Bell. The tutoring will begin no later than September 30, 2003.
   B. DCPS shall convene an MDT/IEP meeting on or before September 30, 2003 to determine Petitioner's need for an assistive technological device evaluation and/or an assistive technological device (computer).

---

[1] Petitioner's Exhibit ("P.Exh.") No. 4 at 1.
[2] *Id.*
[3] P.Exh. No. 3.

3

DCPS ID No.: 7882940

**Conclusions of Law**

  The agreement between the parties is in Petitioner's best interests.

## ORDER

  Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, and the representations of the parties' counsel at the hearing, this 27th day of August 2003, it is hereby

  **ORDERED,** that DCPS will provide Petitioner compensatory education services in the form of 88 hours of one-on-one tutoring by a tutor trained in the methodology of Linda Mood Bell. The tutoring will begin no later than September 30, 2003.

  **IT IS FURTHER ORDERED,** that DCPS shall convene an MDT/IEP meeting on or before September 30, 2003 to determine Petitioner's need for an assistive technological device evaluation and/or an assistive technological device (computer).

  **IT IS FURTHER ORDERED,** that DCPS shall coordinate scheduling the MDT/IEP meeting through Petitioner's counsel.

  **IT IS FURTHER ORDERED,** that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

  **IT IS FURTHER ORDERED,** that this Order is effective immediately.

DCPS ID No.: 7882940

## Notice of Right to Appeal Hearing Officer's Decision and Order

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision.[4]

Terry Michael Banks
Hearing Officer

Date: August 27, 2003

Issued: 8/27/03

Copies to:

Cathy A. Braxton, Esquire
217 – 15th Street, N.E.
Washington, D.C. 20002
(202) 543-8162; Fax: (202) 543-8163

James E. Fisher, Esquire
Linda M. Smalls, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

---

[4] *See Amman v. Town of Stow,* 991 F.2d 929, 931(1st Cir. 1993) (since the IDEA does not set a time limit for lawsuits brought under its terms, the district court must "borrow" the most analogous statute of limitations under state law); *Spiegler v. District of Columbia,* 866 F.2d 461, 463-64 (D.C. Cir. 1989)(borrowing a 30-day limitations period for review of agency orders and applying it to an appeal from a decision under the predecessor to IDEA). In the District of Columbia, the Rules of the Board of Education do not prescribe a time limit for bringing the civil action authorized by the IDEA and the Board's Regulations, 5 D.C.M.R. Section 3032.5. The D.C. Administrative Procedures Act defers to the District of Columbia Court of Appeals to set the limitation period for filing an appeal from a final agency action. D.C. Code §2-510(a). Under the Court's rules, a petition for review of an agency order must be filed within thirty days. D.C. Ct. App. Rule 15(a).

**District of Columbia Public Schools**
**Office of General Counsel**
**825 North Capitol Street, NE, 9th Floor**
**Washington, DC 20002-1994**
**Phone 202-442-5000 Fax 202-442-5098**

**APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS**
**PURSUANT TO THE INDIVIDUALS WITH A DISABILITIES EDUCATION**
**ACT**

1. **Attorney Information**
Law Firm                          Sole Practitioner
Attorney                          Cathy A. Braxton
Attorney's Federal Tax ID#        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
D.C. Bar #                        441105

2. **Student Information**
Name                              Allan Barnes
DOB                               8/26/88
Date of Determination (HOD/SA)    8/11/03
Parent/Guardian Name              Erika Bunton
Parent/Guardian Address           400 6th Street, SW, DC 20024

Current School                    Accotink Academy

3. **Invoice Information**
Invoice Number
Date Request Submitted            10/10/03
Date Services Rendered            7/1/03-8/11/03
Amount of Payment Request         $3000.00

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

All services listed on the enclosed invoices were actually performed;
The entire amount requested on the enclosed invoice for payment of costs and
expenses represents the actual amount of costs and expenses incurred;
The District of Columbia Public Schools is the sole entity from which payment of
the fees, costs and expenses itemized on the enclosed invoice is requested;
No attorney or law firm who either (1) provided services listed on the enclosed
invoice, or (2) will benefit from any monies paid as a result of the submission of
the enclosed invoice, has a pecuniary interest, either through an attorney, officer
or employee of the firm, in any special education diagnostic services, schools, or
other special education services providers;

Plaintiffs' Ex. B:2

I understand that the making of a false statement to any agency of the DC
Government is punishable by criminal penalties to D.C. Code Section 22-2405.


_____
Signature


_____
Date    10/10/03

LAW OFFICE OF
## CATHY A. BRAXTON
217 15TH Street, NE,
Washington, D.C. 2002
(tel.) 202.487.6528
(fax) 202.232-3025

### Billing Invoice

Name of Student:    Allan Barnes

Date of Birth:    8/26/88

Date of Hearing:    August 11, 2003

Attorney Rate:    $200.00 per hour

| Description of Duties | Time | Date | Amount Due |
|---|---|---|---|
| Retrieval of Records | 1.0 | 7/1/03 | 200.00 |
| Review of Records for Due Process Hearing | 1.0 | 7/1/03 | 200.00 |
| Discussion with Mr. Gary Jacobs GAL, regarding testifying at A due process hearing | 1.0 | 7/9/03 | 200.00 |
| Draft Due Process Request | 1.0 | 7/9/03 | 200.00 |
| Research law and regulations And cases regarding denial of FAPE | 1.5 | 7/21/03 | 300.00 |
| Direct Examination Preparation For Gary Jacobs | 1.0 | 7/21/03 | 200.00 |
| Direct Examination Preparation For social worker, Erika Bunton | 1.0 | 7/24/03 | 200.00 |
| Direct Examination Preparation for Special education teacher, Marilyn Peacock | 1.0 | 7/26/03 | 200.00 |

Plaintiffs' Ex. B:3

| | | | |
|---|---|---|---|
| Cross Examination Preparation for Arlene Jackson, DCPS | 2.0 | 7/26/03 | 400.00 |
| Draft Five Day Disclosure | 1.0 | 8/1/03 | 200.00 |
| Due Process Hearing Appearance | 3.0 | 8/11/03 | 600.00 |
| Draft Letter to Compel Witnesses | 1.0 | 8/1/03 | 200.00 |
| | **TOTAL** | | **3000.00** |

Case 1:06-cv-00017-GK    Document 14    Filed 07/03/2006    Page 4 of 6

District of Columbia Public Schools
OFFICE OF THE GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944



| Attorney Firm | Cathy Braxton | | Dates of Service | 7/1/2003 to 8/11/2003 |
| Student | | | OGC Control | 5258 |
| Date Received | 6/29/2006 | | Attorney Invoice | |
| HOD DATE | 8/11/2003 | | Fiscal Year | 2006 |

## Allocation of Invoice

| | Invoiced | Approved |
|---|---|---|
| Attorney's Fees | $3,000.00 | $1,800.00 |
| Expert/Advocate Fees | $0.00 | $0.00 |
| Attorney's Expenses | $0.00 | $0.00 |
| TOTA | $3,000.00 | $1,800.00 |

| Total Before Partial Payment | $1,800.00 |
|---|---|
| Partial Paymen | $0.00 |
| Total Amount Approved | $1,800.00 |

## Disputes

| OGC | Date of Dispute | Dispute Type: | Disputed Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approved Rate | Time | Approved Amount | Disputed Time | Disputed Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5258 | | Cost | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 5258 | | Expert/ Advocat | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 5258 | 7/1/2003 | Fee | Record Retrieval | Administrative | $200.00 | 1 | $200.00 | $0.00 | 0 | $0.00 | 1 | $200.00 |
| 5258 | 7/26/2003 | Fee | Cross Exam Preparation | Unsubstantiated | $200.00 | 2 | $400.00 | $0.00 | 0 | $0.00 | 2 | $400.00 |
| 5258 | 8/11/2003 | Fee | Hearing Attendance/Pre | Time Inconsistent | $200.00 | 3 | $600.00 | $0.00 | 0 | $0.00 | 3 | $600.00 |
| Totals | | | | | | $1,200.00 | | | | $0.00 | | $1,200.00 |

### Attorney Charges

| Invoiced Attorney Fee Amount | $3,000.00 |
|---|---|
| Disputed Attorney Fee Amount | $1,200.00 |
| Pre-Cap Approved Attorney Fee Amount | $1,800.00 |
| Fee Cap Adjustment (amt cap exceeded) | $0.00 |
| Approved Attorney Fees | $1,800.00 |

### Expert/Advocate Charges

| Total Invoiced Expert Charges: | $0.00 |
|---|---|
| Disputed Expert Fee | $0.00 |
| Approved Expert Fee | $0.00 |

### Attorney Expenses

| Invoiced Attorney Expenses | $0.00 |
|---|---|
| Disputed Attorney Expenses | $0.00 |
| Approved Expenses | $0.00 |

Processed By: Attorney Fee Invoice Processing Team

Approved By:

| Attorney Fee Cap Amount: | $4,000.00 |
|---|---|
| Cathy Braxton | 5258 B | Page 1 of 1 |

Plaintiffs' Ex. B:4

## Memorandum

To:      Finance Department

From:    James Baxley - General Counsel Office

Date:    February 7, 2003

Subject: **Attorney Invoices Approved for Payment**

---

Please see attached the following invoices with approved amount for payment.

| Item | Attorney | Student | Approved Payment |
|------|----------|---------|------------------|
| 1 | Cathy Braxdon | Charles Estes | $2,843.75 |
| 2 | Cathy Braxdon | DeMarques Roscoe | $2,887.50 |
| 3 | Cathy Braxdon | Dontae Bailey | $3,412.50 |
|   |   |   |   |
|   |   |   |   |
|   |   |   |   |
|   |   |   |   |
|   |   |   |   |
|   |   |   |   |
|   |   |   |   |
|   |   |   |   |
| **TOTAL** |   | | **$9,143.75** |

Kindly acknowledge receipt by signing and return copy.

James Baxley

_____

Finance Department Representative

Date 2/10/03

STUDENT: Charles Estes
PERIOD:  7/30/02-11/8/02
ATTORNE` Cathy Braxton
ATTORNEY RATE: $175.00

| Date | Contested Items | Basis for Dispute | Attorney Rate | Submitted | | Approved | | | Variance | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Time (Hour) | Amt. $ | Rate | Time (Hour) | Amt. $ | Time (Hour) | Amt. $ |
| 7/30/2002 | Retrieval of Records | Exessive time billed | $175.00 | 0.75 | $131.25 | $175 | 0.25 | $43.75 | 0.5 | $87.50 |
| 7/30/2002 | Disc. With Charles Estes | Dupplication | $175.00 | 1 | $175.00 | $175 | 0 | $0.00 | 1 | $175.00 |
| 8/28/2002 | Review of Edu. Documentation | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | 1 | $175.00 |
| 9/6/2002 | Draft Due Process Hearing Req. | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | 1 | $175.00 |
| 9/8/2002 | Research Law & Regulations | Exessive time billed | $175.00 | 3 | $525.00 | $175 | 1.5 | $262.50 | 1.5 | $262.50 |
| 9/20/2002 | Disc. With Charles Estes | Dupplication | $175.00 | 0.5 | $87.50 | $175 | 0 | $0.00 | 0.5 | $87.50 |
| 9/21/2002 | Preparation of Direct Exam. | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | 1 | $176.00 |
| 9/21/2002 | Preparation of Direct Exam. | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | 1 | $175.00 |
| 9/21/2002 | Preparation of Direct Exam. | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | 1 | $175.00 |
| 9/21/2002 | Preparation of Cross Exam. | Exessive time billed | $175.00 | 1.5 | $262.50 | $175 | 0.75 | $131.25 | 0.75 | $131.25 |
| 9/21/2002 | Preparation of Cross Exam. | Exessive time billed | $175.00 | 1.5 | $262.50 | $175 | 0.75 | $131.25 | 0.75 | $131.25 |
| 9/23/2002 | Preparation of Cross Exam. | Exessive time billed | $175.00 | 1.5 | $262.50 | $175 | 0.75 | $131.25 | 0.75 | $131.25 |
| 10/19/2002 | Draft 5 day | Exessive time billed | $175.00 | 1.5 | $262.50 | $175 | 0.75 | $131.25 | 0.75 | $131.25 |
| | | | | | | | | | | |
| | | Contested Amount | $175.00 | 21.25 | $3,718.75 | $175 | 9.75 | $1,706.25 | 11.5 | $2,012.50 |
| | Summary Rate Adjustment | Rate Determination | $175.00 | 0 | $0.00 | $175 | 0 | $0 | | $0.00 |

Justification:

| | |
|---|---|
| 2001 Attorney Fee Cap Amount | $0.00 |
| Cap Adjustment | $0.00 |
| Non- Cap Attorney Fee Amount | $4,856.25 |
| Total Amount of Invoice | $4,856.25 |
| Contested Amount | $2,012.50 |
| Summary Rate Adjustment | $0.00 |
| Approved for Payment | $2,843.75 |

Plaintiffs' Ex. C-2

JUL-24-03  03:28pm  From-DCPS OGC  +2024425088  T-602  P 03/05  F-842