# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*Office of Compliance*
CONFIDENTIAL

Nadine S. Evans, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E., 8th Floor
Washington, DC 20002
(202) 442-5432

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| JaJuan Hill ("Student"), | ) | **HEARING OFFICER'S DECISION** |
| Date of Birth: September 2, 1987 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: August 11, 2003 |
| | ) | |
| v. | ) | Held at: 825 North Capitol Street, N.E. |
| | ) | 8th Floor |
| District of Columbia Public Schools | ) | Washington, DC 20002 |
| ("School", "DCPS") | ) | |
| [Deal JHS] | ) | Case Number: |
| | ) | |
| Respondent. | ) | |

OFFICE

Parent(s):                          Ward of the District of Columbia

Counsel for Parent(s):              Cathy A. Braxton, Esq.
                                    217 15th Street, NE
                                    Washington, DC 20002

Counsel for School:                 Karen J. Herbert, Esq.
                                    825 North Capitol Street, NE
                                    9th Floor
                                    Washington, DC 20002

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

Plaintiffs' Ex. G:1

## INDEX OF NAMES

### JaJuan Hill v. District of Columbia Public Schools

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | Not Applicable (N/A) |
| Special Education Teacher | N/A |
| School Psychologist | N/A |
| Regular Education Teacher | N/A |
| Assistant Principal, Coolidge SHS | Carolyn Richards |
| Speech Pathologist | N/A |
| Occupational Therapist | N/A |
| Physical Therapist | N/A |
| Private Psychologist | N/A |
| CHILD AND CHILD'S DCPS ID # or SSN | JaJuan Hill, 8367848 |
| Child's Parent(s) (specific relationship) | N/A |
| Student's Representative | Cathy A. Braxton, Esq. |
| School System's Representative | Karen J. Herbert, Esq. |
| Social Worker | Grace Santo |
| Principal, Sunrise Academy | Makini Niliwaambieni |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*OFFICE OF COMPLIANCE*

### Special Education Due Process Hearing

## I.    INTRODUCTION

On July 10, 2003, the attorney for the student filed a Request for Due Process Hearing with the Student Hearing Office. The Request alleges DCPS (1) failed to provide the student with an appropriate placement; (2) denied the student a Free Appropriate Public Education (FAPE); and (3) failed to find the student eligible for compensatory education. A Due Process Hearing was convened on August 11, 2003 at the DCPS Student Hearing Office, 825 North Capitol Street, N.E., 8th Floor, Washington, DC 20002.

## II.    JURISDICTION

The Due Process Hearing was convened, and this decision was written, pursuant to Public Law 105-17, The Individuals with Disabilities Education Act of 1997, 20 United States Code 1400 et. seq.; Title 34 of the Code of Federal Regulations, Part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act.

## III.    ISSUE(S)

1.    Whether DCPS failed to provide the student with an appropriate placement?

2.    Whether DCPS denied the student a Free Appropriate Public Education (FAPE)?

3.    Whether DCPS failed to find the student eligible for compensatory education?

## IV.    SUMMARY OF HEARING PROCESS

During the hearing, counsel for parent and counsel for DCPS offered exhibits into evidence, and the exhibits were admitted, without objections. DCPS presented testimony by the Assistant Principal at Coolidge High School (Coolidge), and counsel for the student presented testimony by the Principal at Sunrise Academy and the student's Social Worker.

Counsel for the student moved for a directed verdict on the issue of the inappropriateness of the Coolidge placement, after testimony by the DCPS witness. The motion was granted. The parties also agreed concerning a date for a MDT meeting.

## V.   STIPULATIONS

DCPS stipulated to the fact that the student has an emotional disability.

## VI.   FINDINGS OF FACT

The Hearing Officer hereby makes the following Findings of Fact:

1.   The student is a fifteen (15) year-old ward of the District of Columbia.

2.   The student has been a victim and perpetrator of sexual assault, and has demonstrated "aggressive", and "sexually intimidating" behavior toward female classmates.

3.   The student was placed at Deal Junior High School for school year 2002-2003.

4.   On June 20, 2003 a MDT convened in order to review the student's evaluations, and revise the student's IEP.

5.   The team determined that the student was "speech/language impaired" and also held discussions on whether the student was mentally retarded, and whether he suffered from an emotional disability.

6.   The MDT notes do not reflect a resolution to the questions of whether the student is mentally retarded, or whether he has an emotional disability.

7.   The team agreed to place the student in Coolidge, his neighborhood school.

8.   Coolidge does not have a program for emotionally disabled students.

9.   Sunrise Academy is primarily a school for emotionally disabled students, although the school also has learning disabled students.

10.   The school population consists of male students between the ages of seven (7) and eighteen (18).

11.   The school has certified special education teachers, individual, group and family counseling services, and can provide all of the services detailed in the student's IEP.

## VII.   CONCLUSIONS OF LAW

### 1.    DCPS failed to provide an appropriate placement for the student.

DCPS has the burden of proving that it is in compliance with all due process provisions. [Title 5 D.C.M.R Section 3022.16; 20 U.S.C.A. 1401(a)(1); 20 U.S.C.A. 1415(b)(2)].

The student's MDT notes detail a long discussion concerning whether the student has an emotional disability. Given the student's history of being sexually assaulted, and or assaulting his younger sister, it may be difficult to believe that he does not suffer from some emotional disability. There is also the added fact that the student becomes sexually aggressive, and intimidating with female peers. DCPS, through its counsel stipulated to the fact that the student has an emotional disability, although the hearing officer does not believe that the issue was firmly established by the MDT.

In light of the stipulation, the student's placement at Coolidge cannot be appropriate. The Assistant Principal of Coolidge testified that the school does not have a program for emotionally disabled students. Therefore, DCPS has failed to prove by a preponderance of the evidence that the placement at Coolidge is appropriate.

Sunrise Academy does have an appropriate program for the student. The school offers all of the services required by the student's IEP, and it provides an all-male student population. This environment, along with the required therapy, may assist the student in resolving some of the psychological and emotional issues that have him headed toward becoming a sexual predator.

### 2.    The inappropriate placement has not resulted in a denial of FAPE.

Although, based upon an emotional disability, the placement at Coolidge was inappropriate, the placement did not result in a denial of FAPE. The student was allowed to remain at Deal through the end of the school year. The student's placement at Coolidge would not have begun until September 2003.

Due to the agreement reached by the parties concerning the time frame for another MDT meeting, and the lack of information on the student's compensatory education claim, no determination is made regarding that issue.

## VIII. ORDER

Pursuant to the Agreement reached between the parties, and the Findings of Fact and Conclusions of Law, it is hereby ORDERED, that:

1.  DCPS shall place, and fund the student's placement at Sunrise Academy for school year 2003-2004.

2.  DCPS shall convene a MDT on September 19, 2003, to formally review the issue of whether the student has an emotional disability, and if so, the IEP shall be reviewed and revised to reflect the new disability category.

3.  If the MDT determines that additional evaluation(s) are required, said evaluation(s) shall be scheduled within five (5) school days of the MDT, and shall occur within thirty (30) days after the evaluations are scheduled.

4.  The MDT shall review the 2001, 2002, and 2003 IEPs developed by DCPS, if said IEPs exist, as well as any other reports or records, in order to determine whether the student is eligible for compensatory education. If the student is eligible, the MDT shall determine the amount, manner, and form of the award of compensatory education.

5.  All meetings shall be scheduled through counsel for the student (court appointed educational advocate).

6.  Any delay caused by the attorney for the student, the educational advocate, or anyone working on the student's behalf, shall result in a day-for-day extension to DCPS on any deadline.

## VIIII. APPEAL PROCESS

**This is the FINAL ADMINISTRATIVE DECISION.   Appeal may be made to a court of competent jurisdiction within thirty (30) days for the date this decision was issued.**

Nadine S. Evans, Esq., Hearing Officer          Date: August 29, 2003

Date Issued:

9/2/03

Student Hearing Office, DCPS

6

INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*Office of Compliance*
IMPARTIAL DUE PROCESS HEARING

| | |
|---|---|
| In the Matter of ) | **CERTIFICATION OF RECORD** |
| ) | |
| JaJuan Hill ("Student"), ) | |
| Date of Birth:  September 2, 1987 ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| District of Columbia Public Schools ) | |
| [Deal JHS] ) | |
| ) | |
| Respondent. ) | |

I, Nadine S. Evans, Esq., Impartial Due Process Hearing Officer in this matter,

DO HEREBY CERTIFY that the attached Record of Proceeding and attached Index of

Exhibits itemizes the entire record in the above entitled matter as of this date, consisting

of all letters, pleadings, orders, exhibits, depositions, and tapes.

I FURTHER CERTIFY that the documents and things forwarded herewith are

either the original, or true copy of the original documents submitted in this matter.

EXECUTED this _29th_ day of _August_, 20_03_.

_____
DUE PROCESS HEARING OFFICER

## MATTER OF  JaJuan Hill  V.  District of Columbia Public Schools

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| JH-1 | Amended Due Process Hearing Request (8/4/03) | Yes |
| JH-2 | Due Process Hearing Request (7/10/03) | Yes |
| JH-3 | Memorandum of Law | Yes |
| JH-4 | Psycho-educational Evaluation Report (6/19/03) | Yes |
| JH-5 | Psycho-educational Evaluation Report (3/3/03) | Yes |
| JH-6 | Psychological In-take Evaluation (3/31/03) | Yes |
| JH-7 | Columbia House Incident Reports (3/03 & 4/03) | Yes |
| JH-8 | IEP (6/13/03) | Yes |
| JH-9 | Sex Offender Evaluation (3/1/00) | Yes |
| JH-10 | MDT Prior Notice (6/20/03) | Yes |
| JH-11 | Stanford Nine Test Results (4/01 & 4/02) | Yes |
| JH-12 | Pittsylvania County Psycho-ed. Eval. Report (4/3/97) | Yes |
| JH-13 | Conditional Ltr. of Acceptance- Sunrise (5/12/03) | Yes |
| JH-14 | Record Review and Evaluation (6/9/03) | Yes |
| DCPS-1 | MDT Meeting Notes (6/13/03) | Yes |
| DCPS-2 | MDT Meeting Notes (6/13 & 6/20/03) | Yes |
| DCPS-3 | IEP (6/20/03) | Yes |
| DCPS-4 | IEP Notes (6/20/03) | Yes |
| DCPS-5 | Prior Notice (6/20/03) | Yes |
| DCPS-6 | Psycho-educational Evaluation Report (10/24/01) | Yes |
| DCPS-7 | Clinical Evaluation Report (10/24/01) | Yes |
| DCPS-8 | Psychiatric Evaluation Report (3/28 & 4/4/03) | Yes |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**MATTER OF  JaJuan Hill  v. District of Columbia Public Schools**

### RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 7/10/03 | Request for Due Process Hearing |
| N/A | Notice of Pre-Hearing Conference (as applicable) |
| 7/9/03 | Notice of Due Process Hearing |
| 8/11/03 | Transcripts or audio tapes of hearing |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

District of Columbia Public Schools
Office of General Counsel
825 North Capitol Street, NE, 9th Floor
Washington, DC 20002-1994
Phone 202-442-5000 Fax 202-442-5098

APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
PURSUANT TO THE INDIVIDUALS WITH A DISABILITIES EDUCATION
ACT

1.    Attorney Information
Law Firm                            Sole Practitioner
Attorney                            Cathy A. Braxton
Attorney's Federal Tax ID#          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
D.C. Bar #                          441105

2.    Student Information
Name                                JaJuan Hill
DOB                                 9/2/87
Date of Determination (HOD/SA)      8/11/03
Parent/Guardian Name                Grace Santo
Parent/Guardian Address             400 6th Street, SW, DC 20024

Current School                      Sunrise Academy

3.    Invoice Information
Invoice Number
Date Request Submitted              10/10/03
Date Services Rendered              7/10/03-8/11/03
Amount of Payment Request           $3900.00

4.    Certification (must be signed by principal attorney)

I certify that all of the following statements are true and correct:

All services listed on the enclosed invoices were actually performed;
The entire amount requested on the enclosed invoice for payment of costs and
expenses represents the actual amount of costs and expenses incurred;
The District of Columbia Public Schools is the sole entity from which payment of
the fees, costs and expenses itemized on the enclosed invoice is requested;
No attorney or law firm who either (1) provided services listed on the enclosed
invoice, or (2) will benefit from any monies paid as a result of the submission of
the enclosed invoice, has a pecuniary interest, either through an attorney, officer
or employee of the firm, in any special education diagnostic services, schools, or
other special education services providers;

Plaintiffs' Ex. G:2

I understand that the making of a false statement to any agency of the DC
Government is punishable by criminal penalties to D.C. Code Section 22-2405.


Signature                                    Date  10/10/03

LAW OFFICE OF
**CATHY A. BRAXTON**
217 15TH Street, NE,
Washington, D.C. 2002
(tel.) 202.487.6528
(fax) 202.232-3025

## Billing Invoice

Name of Student:    JaJuan Hill

Date of Birth:    9/2/87

Date of Hearing:    August 11, 2003

Attorney Rate:    $200.00 per hour

| Description of Duties | Time | Date | Amount Due |
|---|---|---|---|
| Review of Records for Due Process Hearing | 2.0 | 7/10/03 | 400.00 |
| Discussion with Kay O'Gilvey, GAL, regarding testifying at A due process hearing | 1.0 | 7/12/03 | 200.00 |
| Draft Due Process Request | 1.0 | 7/20/03 | 200.00 |
| Research law and regulations And cases regarding denial of FAPE; and Placement | 1.0 | 7/2603 | 200.00 |
| Direct Examination Preparation For Kay Ogilvey | 1.0 | 7/31/03 | 200.00 |
| Direct Examination Preparation For social worker, Grace Santo Fletcher | 2.0 | 8/5/03 | 400.00 |
| Direct Examination Preparation for Dr. Sarampote, Children's Hospital | 2.0 | 8/5/03 | 400.00 |

| | | | |
|---|---|---|---|
| Direct Examination Preparation for Ms. Makinikibee, Sunrise Academy | 1.0 | 8/6/03 | 200.00 |
| Cross Examination Preparation for Deal Special Education Coordinator, Ms. Brooks DCPS | 2.5 | 7/28/03 | 500.00 |
| Draft Five Day Disclosure | 1.0 | 8/4//03 | 200.00 |
| Due Process Hearing Appearance | 2.5 | 8/11/03 | 500.00 |
| Draft Letter to Compel Witnesses | 1.0 | 8/1/03 | 200.00 |
| Discussion with foster Parents regarding Due Process Hearing | 1.5 | 8/9/03 | 300.00 |
| | **TOTAL** | | **3900.00** |

Case 1:06-cv-00017-GK     Document 14     Filed 07/03/2006     Page 2 of 2

District of Columbia Public Schools
**OFFICE OF THE GENERAL COUNSEL**
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1944

| | | | | |
|---|---|---|---|---|
| **Attorney Firm** | Cathy Braxton | **Dates of Service** | 7/10/2003 to 8/11/2003 | |
| **Student** | | **OGC Control** | 5257 | |
| **Date Received** | 6/29/2006 | **Attorney Invoice** | | |
| **HOD DATE** | 8/11/2003 | **Fiscal Year** | 2006 | |

## Allocation of Invoice

| | Invoiced | Approved |
|---|---|---|
| **Attorney's Fees** | $3,900.00 | $0.00 |
| **Expert/Advocate Fees** | $0.00 | $0.00 |
| **Attorney's Expenses** | $0.00 | $0.00 |
| **TOTA** | $3,900.00 | $0.00 |

| | |
|---|---|
| **Total Before Partial Payment** | $0.00 |
| **Partial Paymen** | $0.00 |
| **Total Amount Approved** | $0.00 |

## Disputes

| OGC | Date of Dispute | Dispute Type: | Disputed Item | Dispute Basis | Attorney Rate of Disputed Item | Time | Sub Amt | Approved Rate | Time | Approved Amount | Disputed Time | Disputed Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5257 | | Cost | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 5257 | | Expert/ Advocat | | | $0.00 | 0 | $0.00 | $0.00 | 0 | $0.00 | 0 | $0.00 |
| 5257 | | Fee | Attorney Invoiced Fees | No Denial of FAPE | $3,900. | 1 | $3,900.00 | $0.00 | 0 | $0.00 | 1 | $3,900.00 |
| **Totals** | | | | | | | $3,900.00 | | | $0.00 | | $3,900.00 |

**Attorney Charges**

| | |
|---|---|
| Invoiced Attorney Fee Amount | $3,900.00 |
| Disputed Attorney Fee Amount | $3,900.00 |
| Pre-Cap Approved Attorney Fee Amount | $0.00 |
| Fee Cap Adjustment (amt cap exceeded) | $0.00 |
| Approved Attorney Fees | $0.00 |

**Expert/Advocate Charges**

| | |
|---|---|
| Total Invoiced Expert Charges: | $0.00 |
| Disputed Expert Fee | $0.00 |
| Approved Expert Fee | $0.00 |
| **Attorney Expenses** | |
| Invoiced Attorney Expenses | $0.00 |
| Disputed Attorney Expenses | $0.00 |
| Approved Expenses | $0.00 |

**Processed By: Attorney Fee Invoice Processing Team**

**Approved By:**

| | | |
|---|---|---|
| Attorney Fee Cap Amount: | $4,000.00 | |
| Cathy Braxton | 5257 | Page 1 of 1 |

Plaintiffs' Ex. G:4

# CONFIDENTIAL

# HEARING OFFICER DETERMINATION

Name of Student: **DEMARQUES ROSCOE**

Date of Birth:        11/24/87

Current Placement: Roosevelt Sr. High School

Date of Hearing:     November 8, 2002

DCPS Representative - Michael Levy, Esq.

Parent Representative - Cathy Braxton, Esq.

Hearing Officer: Lois Hochhauser, Esq.

Plaintiffs' Ex. H:1

₫011

DeMarques Roscoe                                                        Page 2

I.  **INTRODUCTION:**   This hearing took place on November 8, 2002 at
the offices of the District of Columbia Public Schools (DCPS)
Student Hearing Office (SHO) located at 825 North Capitol Street,
N.E. in the District of Columbia regarding the student, **DeMarques
Roscoe** (student # 7888474), who was present.   Michael Levy, Esq.
represented DCPS.    Cathy Braxton, Esq. represented DeMarques's
parent, Shannon Roscoe, who was also  present.  Review of the due
process rights was waived.

II. **JURISDICTION:** The proceeding was conducted in accordance with
the  Individuals with Disabilities Education Act (IDEA) and its
regulations; the Section 504 of the Rehabilitation Act of 1973;
Rules of the Board of Education of the District of Columbia; and
Section 145 of the District of Columbia Appropriations Act of 1999.

III.  **ISSUE:**  Did DCPS violate the applicable laws rules  or
regulations in this matter?

IV. **DOCUMENTARY EVIDENCE:** DCPS did not introduce any documents.
DCPS introduced documents:   DR 1 – DR 13[1].

V.  **SUMMARY OF PROCEEDINGS, DISCUSSION, FINDINGS AND CONCLUSIONS**

    DeMarques Roscoe, born November 24, 1987, is identified as
learning disabled (LD) and is eligible for special education.   He
currently attends a part-time special education program at Roosevelt
Sr. High School.

    The parent contents that the student's last triennial review
took place in 1994. DCPS does not agree with the year identified by
the parent, but concedes that it has failed to complete evaluations
for the student. IDEA, at §300.321 requires that DCPS reevaluate a
student eligible for special education.   Pursuant to §300.536(b), a
reevaluation must be conducted "if conditions warrant" it, but at
least once every three years.   The Hearing Officer concludes that
DCPS failed to complete required evaluations for DeMarques in a
timely manner. [2]

---

[1]The parent's submission was not in the SHO file.  However, it was
not disputed that the submission was made in a timely manner. The parent
provided the Hearing Officer with her copy that is currently in the file
but should be returned to the parent when the SHO locates its file.

   [2]The parties agree that since DCPS agreed it failed to complete
required evaluations in a timely manner, specific findings did not need
to be made regarding the triennial.   The specific time violation may
become relevant if a request for compensatory relief is made, and the
parties then can present evidence on that issue.

DeMarques Roscoe                                                    Page 3

The parent raised several other issues, i.e. that the current individualized education program (IEP) is incomplete and that the student is not receiving special education services at Roosevelt. The parties agreed that since the IEP will need to be revised and a placement decision made based on the new evaluations that will be ordered, that the issue regarding the defects in the current IEP would not be addressed at this time. With regard to the provision of current services, DeMarques testified that he has not received special education instruction or counselling thus far this school year, although such is required in his IEP. (DR 4). DeMarques provided his current class schedule and stated that all classes, i.e. Algebra, English, Zoology/Botany, Spanish, Travel/Tourism, World History and Physical Education are in regular education. He testified that he prefers special education classes because he is able to keep up in those classes.

As relief, the parent seeks independent testing at George Washington University. In additional to the psychoeducational, vocational and speech/language assessments, she also seeks a clinical assessment for DeMarques. Ms. Roscoe testified that DeMarques is often withdrawn and that he has low self-esteem because he is unable to keep up with his mainstream peers. She stated that DeMarques often refuses to go to school as a result of these issues. The Hearing Officer concluded that sufficient evidence was presented to justify the completion of a clinical assessment.

DCPS requested the opportunity to do the testing itself. The Hearing Officer agreed that DCPS would have the opportunity to complete the psychoeducational and speech/language assessments, because it is generally able to complete assessments with its own personnel. Since the other assessments usually take more time and DCPS usually contracts out for the testing, and since there has been delay in completing assessments and the parent has represented she could get the assessments completed promptly, and since there was clear evidence of the need to have the assessments completed expeditiously, the Hearing Officer ordered that the parent could obtain the vocational and clinical assessments at public expense. If DCPS does not complete the other testing in the time frame ordered, the parent may also obtain those at public expense. The parent stated she could get all testing completed by the deadline ordered for the MDT/IEP meeting. DCPS requested, and the Hearing Officer ordered, that if the student, parent or representative were responsible for any delays, the time frames would be extended on a proportionate basis.

At the request of the parties, the Hearing Officer retained jurisdiction, as detailed below, but the parties may request another hearing officer if they so choose.

- DeMarques Roscoe                                                      Page 4

     · The parent may raise the other issues if a hearing on compensatory relief is sought.

     VI.  **DETERMINATION**: Based on these findings and conclusions, consistent with the analysis presented, and with the participation of the parties, at the close of the proceeding, it was:

     **ORDERED**: By **November 26, 2002**, DCPS will complete the speech/language and psychoeducational assessments, and the parent will complete independent clinical and vocational assessments at public expense.  If DCPS does not complete the speech/language and psychoeducational assessments by November 26, then the parent may obtain those assessments at public expense.

     **ORDERED**: By **December 6, 2002**, DCPS will reconvene the MDT and revise the IEP, as needed.  By **December 11, 2002**, DCPS will complete a placement meeting and issue a placement notice for the remainder of the current school year.  DCPS may propose Roosevelt again, but must have a placement meeting before proposing any placement, even the current one.

     **ORDERED**: The parent's right to seek compensatory relief on behalf of her son is reserved.  The parties should discuss the issue of compensatory relief at the IEP meeting and attempt to resolve the issue and develop a plan of compensatory relief if they agree such is appropriate.  If they cannot resolve the matter, the parent may obtain an expedited proceeding on this issue, the hearing to be held no later than ten school days from the date of receipt of the request by the Student Hearing Office.  At that hearing, the parties may present evidence on the issue of the provision of services this school year and the appropriateness of the current IEP.

     **ORDERED**: DCPS will be granted an extension of one day for each day of delay caused by the student, parent or representative.

     **ORDERED**: The Hearing Officer retained jurisdiction regarding issues of placement and compensatory relief for the 02/03 school year, but the parties may request another hearing officer if they so choose.

                                         _Lois Hochhauser_
                                         Lois Hochhauser, Esq.
                                         Hearing Officer

                                         Date submitted: November 12, 2002

Date issued:  _11-12-02_

**This is a final administrative decision.  Appeals can be made to a court of competent jurisdiction within thirty days of the date of this Determination.**

## Memorandum

To:     Finance Department

From:   James Baxley - General Counsel Office

Date:   February 7, 2003

Subject: **Attorney Invoices Approved for Payment**

Please see attached the following invoices with approved amount for payment.

| Item | Attorney | Student | Approved Payment |
|------|----------|---------|------------------|
| 1 | Cathy Braxdon | Charles Estes | $2,843.75 |
| 2 | Cathy Braxdon | DeMarques Roscoe | $2,887.50 |
| 3 | Cathy Braxdon | Dontae Bailey | $3,412.50 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | TOTAL | | $9,143.75 |

Kindly acknowledge receipt by signing and return copy.

James Baxley

Finance Department Representative

Date  2/10/03

Plaintiffs' Ex. H:2

STUDENT: **DeMarques Roscoe**
PERIOD:   7/30/02-11/8/02
ATTORNE' Cathy Braxton
ATTORNEY RATE: $175.00

| Date | Contested Items | Basis for Dispute | Attorney Rate | Submitted | | Approved | | | Variance | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Time (Hour) | Amt. $ | Rate | Time (Hour) | Amt. $ | Time (Hour) | Amt. $ |
| 7/30/2002 | Retreival of Records | Exessive time billed | $175.00 | 0.75 | $131.25 | $175 | 0.25 | $43.75 | 0.5 | $87.50 |
| 8/30/2002 | Review of Edu. Records | Exessive time billed | $175.00 | .1.75 | $306.25 | $175 | 0.75 | $131.25 | 1 | $175.00 |
| 9/7/2002 | Draft Due Process Hearing | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | 1 | $175.00 |
| 9/7/2002 | Research Law & Regulations | Exessive time billed | $175.00 | 1.5 | $262.50 | $175 | 0.75 | $131.25 | 0.75 | $131.25 |
| 9/20/2002 | Preparation of Direct Exam. | Exessive time billed | $175.00 | 1.75 | $306.25 | $175 | 0.75 | $131.25 | 1 | $175.00 |
| 9/20/2002 | Preparation of Direct Exam. | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | 1 | $175.00 |
| 9/20/2002 | Preparation of Cross Exam. | Exessive time billed | $175.00 | 1.5 | $262.50 | $175 | 1 | $175.00 | 0.5 | $87.50 |
| 9/20/2002 | Preparation of Cross Exam. | Exessive time billed | $175.00 | 1.5 | $262.50 | $175 | 1 | $175.00 | 0.5 | $87.50 |
| 9/20/2002 | Preparation of Cross Exam. | Exessive time billed | $175.00 | 2 | $350.00 | $175 | 1 | $175.00 | 1 | $175.00 |
| 10/20/2002 | Draft 5 day Disclosure | Exessive time billed | $175.00 | 1.5 | $262.50 | $175 | 0.75 | $131.25 | 0.75 | $131.25 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | Contested Amount | $175.00 | 16.25 | $2,843.75 | $175 | 8.25 | $1,443.75 | 8 | $1,400.00 |
| | Summary Rate Adjustment | Rate Determination | $175.00 | 0 | $0.00 | $175 | 0 | $0 | | $0.00 |

Justification:

| | |
|---|---|
| 2001 Attorney Fee Cap Amount | $0.00 |
| Cap Adjustment | $0.00 |
| Non- Cap Attorney Fee Amount | $4,287.50 |
| Total Amount of Invoice | $4,287.50 |
| Contested Amount | $1,400.00 |
| Summary Rate Adjustment | $0.00 |
| Approved for Payment | $2,887.50 |

Plaintiffs' Ex. H:3

Jul-24-03  03:28pm  From-DCPS OGC  +2024425088  T-602  P.04/05  F-842

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### *OFFICE OF MANAGEMENT SERVICES*

#### SPECIAL EDUCATION DUE PROCESS HEARING

| | | |
|---|---|---|
| In the Matter of Mark Washington | ) | |
| | ) | |
| Date of Birth: July 7, 1993 | ) | |
| ("Student") | ) | Hearing Date: August 14, 2003 |
| | ) | |
| | ) | |
| District of Columbia Public Schools | ) | 825 North Capitol St. NE |
| ("DCPS" or "District") | ) | Washington, DC |
| | ) | |
| Attending School: Truesdell ES | ) | Coles B. Ruff, Esq. |
| | | Independent Hearing Officer |

## CONFIDENTIAL
## HEARING OFFICER'S DETERMINATION
## AND ORDER

Hearing Participants:

Counsel for Student:                    Cathy A. Braxton, Esq.
                                        217 15th Street NE Street, NW
                                        Washington, DC  20002

Counsel for DCPS:                       James Fisher, Esq.
                                        Office of General Counsel
                                        825 North Capitol St. NE
                                        Washington, DC  20002

### INTRODUCTION:

A Due Process Hearing was convened on August 14, 2003, at the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002. The hearing was held pursuant to a hearing request submitted by the counsel for the student dated July 11, 2003.

### JURISDICATION:

The hearing was held and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

Plaintiffs' Ex. I:1

(In the Matter MW  DOB 7/7/93  HOD August 21, 2003)

**DUE PROCESS RIGHTS:**

The student's counsel waived a formal reading of the due process rights.

**SUMMARY OF THE RELEVANT EVIDENCE:**

The Hearing Officer considered the representations made on the record by each counsel and documents contained in the parties' disclosure statements, which were admitted into the record.  The parties discussed the matter on the record and reached an agreement.

**FINDINGS OF FACT:**

The Hearing Officer finds that the agreement reached on the record by the parties is in the best interest of the student and, therefore, a Hearing Determination is hereby issued incorporating the agreement as stated.

**ORDER:**

1. DCPS has issued a prior notice on behalf of the student to Moten Center where he will attend in the 2003-04 school year.

2. DCPS shall provide transportation for the student and Moten Center will be charged with the implementation of the student's individual educational program (IEP).

3. Petitioner is the prevailing party.

4. All issues raised in the due process hearing request have been fully resolved by the terms of this Order.

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

**Coles B. Ruff, Esq.**
**Hearing Officer**
**Date: August 21, 2003**                                      Issued: _8-21-03_

**District of Columbia Public Schools**
**Office of General Counsel**
**825 North Capitol Street, NE, 9th Floor**
**Washington, DC 20002-1994**
**Phone 202-442-5000 Fax 202-442-5098**

**APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS PURSUANT TO THE INDIVIDUALS WITH A DISABILITIES EDUCATION ACT**

1.    **Attorney Information**
Law Firm                              Sole Practitioner
Attorney                              Cathy A. Braxton
Attorney's Federal Tax ID#           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
D.C. Bar #                           441105


2.    **Student Information**
Name                                 Mark Washington
DOB                                  7/7/93
Date of Determination (HOD/SA)       8/14/03
Parent/Guardian Name                 Tyronnis Carmichael
Parent/Guardian Address              400 6th Street, SW, DC 20024

Current School                       Moten Center

3.    **Invoice Information**
Invoice Number
Date Request Submitted               10/10/03
Date Services Rendered               7/10/03-8/14/03
Amount of Payment Request            $2600.00

4.    **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

All services listed on the enclosed invoices were actually performed;
The entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
The District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
No attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education services providers;

Plaintiffs' Ex. I:2

I understand that the making of a false statement to any agency of the DC
Government is punishable by criminal penalties to D.C. Code Section 22-2405.

_____
Signature

_____
Date

LAW OFFICE OF
**CATHY A. BRAXTON**
217 15TH Street, NE,
Washington, D.C. 2002
(tel.) 202.487.6528
(fax) 202.232-3025

## Billing Invoice

Name of Student:   Mark Washington

Date of Birth:        7/7/93

Date of Hearing:    August 14, 2003

Attorney Rate:       $200.00 per hour

| Description of Duties | Time | Date | Amount Due |
|---|---|---|---|
| Retrieval of Records | 1.0 | 7/10/03 | 200.00 |
| Review of Records for Due Process Hearing | 1.0 | 7/10/03 | 200.00 |
| Discussion with Jennifer Mason, GAL, regarding testifying at A due process hearing | 1.0 | 7/12/03 | 200.00 |
| Draft Due Process Request | 1.0 | 7/20/03 | 200.00 |
| Research law and regulations And cases regarding denial of FAPE; and Placement | 1.0 | 7/15/03 | 200.00 |
| Direct Examination Preparation For Jennifer Mason | 1.0 | 8/3/03 | 200.00 |
| Direct Examination Preparation For social worker, Tyronnis Carmichael Fletcher | 1.0 | 8/4/03 | 200.00 |

Plaintiffs' Ex. I:3

| | | | |
|---|---|---|---|
| Cross Examination Preparation for Moten Special Education Coordinator, DCPS | 2.5 | 7/28/03 | 500.00 |
| Draft Five Day Disclosure | 1.0 | 7/31/03 | 200.00 |
| Due Process Hearing Appearance | 1.5 | 8/14/03 | 300.00 |
| Draft Letter to Compel Witnesses | 1.0 | 8/1/03 | 200.00 |
| | **TOTAL** | | **2600.00** |

2



# UNITED STATES ATTORNEY'S OFFICE
## FOR THE DISTRICT OF COLUMBIA

555 4TH STREET, NW
WASHINGTON, DC 20530
(202) 514-7566

**HOME**

**U.S. ATTORNEY**

**ABOUT US**

**DIVISIONS**

**COMMUNITY PROSECUTION**

**PROGRAMS FOR YOUTH**

**VICTIM WITNESS ASSISTANCE**

**PARTNERSHIPS**

**PRESS RELEASES**

**EMPLOYMENT**

**ESPAÑOL**

**CONTACT US**

**LINKS**

**SITE MAP**

## LAFFEY MATRIX 2003 - 2014

Years (Rate for June 1 - May 31 based on prior year's CPI-U)

| Experience | 03-04 | 04-05 | 05-06 | 06-07 | 07-08 | 08-09 | 09-10 | 10-11 | 11-12 | 12-13 | 13-14 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 20+ years | 380 | | | | | | | | | | |
| 11-19 years | 335 | | | | | | | | | | |
| 8-10 years | 270 | | | | | | | | | | |
| 4-7 years | 220 | | | | | | | | | | |
| 1-3 years | 180 | | | | | | | | | | |
| Paralegals & Law Clerk | 105 | | | | | | | | | | |

### Explanatory Notes

1. This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. The matrix is intended to be used in cases in which a "fee-shifting" statute permits the prevailing party to recover "reasonable" attorney's fees. *See, e.g.*, 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412 (b) (Equal Access to Justice Act). The matrix does not apply in cases in which the hourly rate is limited by statute. See 28 U.S.C. § 2412(d).

2. This matrix is based on the hourly rates allowed by the District Court in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985). It is commonly referred to by attorneys and federal judges in the District of Columbia as the "Laffey Matrix" or the "United States Attorney's Office Matrix." The column headed "Experience" refers to the years following the attorney's graduation from law school. The various "brackets" are intended to correspond to "junior associates" (1-3 years after law school graduation), "senior associates" (4-7 years), "experienced federal court litigators" (8-10 and 11-19 years), and "very experienced federal court litigators" (20 years or more). *See Laffey*, 572 F. Supp. at 371.

3. The hourly rates approved by the District Court in *Laffey* were for work done principally in 1981-82. The Matrix begins with those rates. *See Laffey*, 572 F. Supp. at 371 (attorney rates) & 386 n.74 (paralegal and law clerk rate). The rates for subsequent yearly periods were determined by adding the change in the cost of living for the Washington, D.C. area to the applicable rate for the prior year, and then rounding to the nearest multiple of $5 (up if within $3 of the next multiple of $5). The result is subject to adjustment if appropriate to ensure that the relationship between the highest rate and the lower rates remains reasonably constant. Changes in the cost of living are measured by the Consumer Price Index for All Urban Consumers (CPI-U) for Washington-Baltimore, DC-MD-VA-WV, as announced by the Bureau of Labor Statistics for May of each year.

4. Use of an updated *Laffey* Matrix was implicitly endorsed by the Court of Appeals in *Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516, 1525 (D.C. Cir. 1988) (en banc). The Court of Appeals subsequently stated that parties may rely on the updated *Laffey* Matrix prepared by the United States Attorney's Office as evidence of prevailing market rates for litigation counsel in the Washington, D.C. area. See *Covington v. District of Columbia*, 57 F.3d 1101, 1105 & n. 14, 1109 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996). Lower federal courts in the District of Columbia have used this updated *Laffey* Matrix when determining whether fee awards under fee-shifting statutes are reasonable. *See, e.g., Blackman v. District of Columbia*, 59 F. Supp. 2d 37, 43 (D.D.C. 1999); *Jefferson v. Milvets System Technology, Inc.*, 986 F. Supp. 6, 11 (D.D.C. 1997); *Ralph Hoar & Associates v. Nat'l Highway Transportation Safety Admin.*, 985 F. Supp. 1, 9-10 n.3 (D.D.C. 1997); *Martini v. Fed. Nat'l Mtg Ass'n*, 977 F. Supp. 482, 485 n.2 (D.D.C. 1997); *Park v. Howard University*, 881 F. Supp. 653, 654 (D.D.C. 1995).

Plaintiffs' Ex. J