UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **D. B. *et al.*** | ) |
| | ) |
| **Plaintiffs** | ) |
| **v.** | ) |
| | ) **Civil Action No: 1:06cv00017 (GK)** |
| **District of Columbia** | ) **Next Date: None Set** |
| | ) |
| **Defendants** | ) |

PLAINTIFFS' MEMORANDUM OF POINTS & AUTHORITIES IN
OPPOSITION TO DEFENDANT'S MOTION FOR DISMISSAL OF THE
COMPLAINT, OR IN THE ALTERNATIVE, FOR PARTIAL DISMISSAL OF
THE COMPLAINT WITH REGARD TO PLAINTIFFS PERKINS, ESTES,
ROSCOE AND SANTO

Pursuant to Local Civil Rule 47(b) of the U.S. District Court for the District of

Columbia, Plaintiffs, by and through undersigned counsel, oppose the Defendant's

motion to dismiss the complaint, or to dismiss any of the individual Plaintiffs' claims

therein. The grounds upon which the Plaintiffs oppose the Defendant's motion are set

forth herewith. The Defendant cites two bases for its motion. First, the Defendant asserts

that the Plaintiffs' complaint is time-barred by a statute of limitations. Second, the

Defendant asserts that Plaintiffs J. H. and Santo are not prevailing parties, and thus, are

not entitled to attorney's fees.

The Defendants assertions are erroneous. All of the Plaintiffs have properly

initiated the instant judicial proceeding within the applicable 3-year statute of limitations,

and are entitled to the payment of reasonable attorney's fees. In addition, Plaintiffs J.H.

and Santo **are** prevailing parties under D.C. Circuit law and, as such, are entitled to

reasonable attorney's fees pursuant to the same.

## I.    THE APPLICABLE STATUTE OF LIMITATIONS FOR FEE APPLICATIONS UNDER THE INDIVIDUALS WITH DISABILITIES IN EDUCATION ACT IS THREE YEARS.

In its Motion to Dismiss, the Defendant admits that the District Court for the District of Columbia recognizes a three year statute of limitations for fee applications under the Individuals with Disabilities in Education Act (hereinafter "the IDEA"). Defendant's Motion for Dismissal of the Complaint at 5, *D.B. et al. v. D.C.* (D.D.C. 2006) (No: 1:06cv0017) (citing *Kaseman v. D.C.*, 329 F. Supp. 2d 20 (D.D.C. 2004); *Akinseye v. D.C.*, 193 F. Supp. 2d 134, 144-145 (D.D.C. 2002); *Smith v. D.C.*, 2002 U.S. Dist. LEXIS 27535 (D.D.C. Sept. 20, 2002)). However, the Defendant urges this Court to, instead, apply the IDEA's ninety-day statute of limitations applicable to appeals of a hearing officer's determination (hereinafter "HOD"). 20 U.S.C. § 1415 (i)(2)(B).

Application of the statute of limitations for appeals of an administrative decision is inappropriate here. The Plaintiffs' instant complaint does not seek review or appeal of any HOD; indeed, all of the Plaintiffs' underlying administrative complaints resulted in favorable HODs. Here, the Plaintiffs seek reasonable attorney's fees for legal services rendered which allowed the Plaintiffs to obtain the favorable HODs. The Defendant states generally that a longer limitations period hampers the District of Columbia Public Schools' (hereinafter "the D.C.P.S.") ability to respond to fee petitions due to attrition of D.C.P.S. personnel. However, in general, there is no need to consult D.C.P.S. personnel in order to consider and determine the merits of a fee petition since the relevant inquiries are whether the plaintiff has prevailing party status and whether the requested attorney's fees are reasonable vis-à-vis the market.

Moreover, the D.C. Circuit courts have determined that the three-year statute of limitations under D.C. Code Ann. § 12-301 (8) (2006) is applicable and appropriate to

IDEA fee applications because "a longer limitations period will promote greater attorney representation of parents and their children in IDEA proceedings and also will provide more time for settlement discussion with respect to attorneys' fee petitions, thereby making civil litigation over attorneys' fees less likely and conserving judicial resources." *Armstrong v. Vance*, 328 F. Supp. 2d 50, 55-56 (D.D.C. 2004) (citing *Kaseman*, 329 F. Supp. 2d 20); *accord Akinseye v. D.C.*, 193 F. Supp. 2d at 144 ("the [shorter] statute of limitations suggested by defendants provides no realistic opportunity for the negotiation and compromise of fee claims prior to the filing of an independent [IDEA] action for fees in federal court . . . [A] short limitations period would have the unwholesome effect of undermining settlement negotiations and encouraging a wave of hastily filed suits for attorney fees.") The District Court for D.C. has also determined that the three-year statute of limitations begins to run in IDEA actions once the Plaintiff knows of his right to recover, i.e., when the parent or guardian becomes a prevailing party, or when a partial payment is issued, indicating the D.C.P.S.' intention not to make further payment. *Akinseye v. D.C.*, 193 F. Supp. 2d at 145 *Armstrong v. Vance*, 328 F. Supp. 2d at 53.

### a. The Instant Complaint for Attorney's Fees on Behalf of Each Plaintiff Was Properly Filed Within the Three Year Statute of Limitations.

Each Plaintiff properly filed the instant complaint for attorney's fees within the three year statute of limitations, on January 6, 2006. Thus, the complaint is not time-barred as to any of the Plaintiffs.

Plaintiffs D. B. and Perkins

The HOD was issued in the Plaintiffs' underlying administrative complaint on November 22, 2002. Plaintiffs' Motion for Summary Judgment, Exhibit A:1, D. B. *et al.*

4

v. D.C. (D.D.C.) 2006) (No. 1:06cv0017). Approximately eight months later, on July 24, 2003, after negotiating with the Plaintiffs' counsel, the D.C.P.S. issued approval for partial payment of the invoiced fees. Plaintiffs' Motion for Summary Judgment, Exhibits A:4, A:2-A:3, D. B. et al. v. D.C. (D.D.C.) 2006) (No. 1:06cv0017). Thus, the statute of limitations required that Plaintiffs D. B. and Perkins file their fee application prior to July 24, 2006. Plaintiffs D. B. and Perkins properly filed the instant complaint on January 6, 2006, before the expiration of the statute of limitations.

Plaintiffs A. B. and Bunton

The HOD was issued in the Plaintiffs' underlying administrative complaint on August 27, 2003. Plaintiffs' Motion for Summary Judgment, Exhibit B:1, D. B. et al. v. D.C. (D.D.C.) 2006) (No. 1:06cv0017). Thereafter, the D.C.P.S. did not authorize or issue partial payment, or otherwise respond to the Plaintiffs' invoice for attorney's fees in the underlying administrative complaint prior to the filing of the instant complaint. Defendant's Motion for Dismissal of the Complaint at 8, Exhibit 2, D. B. et al. v. D.C. (D.D.C.) 2006) (No. 1:06cv0017). Thus, the statute of limitations required that Plaintiffs A. B. and Bunton file their fee application prior to August 27, 2006. Plaintiffs A. B. and Bunton properly filed the instant complaint on January 6, 2006, before the expiration of the statute of limitations.

Plaintiffs C. E. and Estes

The HOD was issued in the Plaintiffs' underlying administrative complaint on November 22, 2002. Defendant's Motion for Dismissal of the Complaint at fn.4, Exhibit 2, D. B. et al. v. D.C. (D.D.C.) 2006) (No. 1:06cv0017). Approximately eight months later, on July 24, 2003, after negotiating with Plaintiffs' counsel, the D.C.P.S. issued

approval for partial payment of the invoiced fees. Plaintiffs' Motion for Summary Judgment, Exhibits A:4, C:1-C:2, D.B. et al. v. D.C. (D.D.C. 2006) (No. 1:06cv00017). Thus, the statute of limitations required that Plaintiffs C. E. and Estes file their fee application prior to July 24, 2006. Plaintiffs C. E. and Estes properly filed the instant complaint on January 6, 2006, before the expiration of the statute of limitations.

Plaintiffs A. E. and Jones

The HOD was issued in the Plaintiffs' underlying administrative complaint on June 13, 2003. Plaintiffs' Motion for Summary Judgment, Exhibit D:1, D.B. et al. v. D.C. (D.D.C. 2006) (No. 1:06cv00017). Thereafter, the D.C.P.S. did not authorize or issue partial payment, or otherwise respond to the Plaintiffs' invoice for attorney's fees in the underlying administrative complaint prior to the filing of the instant complaint. Defendant's Motion for Dismissal of the Complaint at 8, Exhibit 2, D.B. et al. v. D.C. (D.D.C. 2006) (No. 1:06cv00017). Thus, the statute of limitations required that Plaintiffs A. E. and Jones file their fee application prior to June 13, 2006. Plaintiffs A. E. and Jones properly filed the instant complaint on January 6, 2006, before the expiration of the statute of limitations.

Plaintiffs A. D. and Dixon

The HOD was issued in the Plaintiffs' underlying administrative complaint on February 10, 2003. Plaintiffs' Motion for Summary Judgment, Exhibit E:1, D.B. et al. v. D.C. (D.D.C. 2006) (No. 1:06cv00017). Thus, the statute of limitations required that Plaintiffs A. D. and Dixon file their fee application prior to February 10, 2006. Plaintiffs A. D. and Dixon properly filed the instant complaint on January 6, 2006, before the expiration of the statute of limitations.

Plaintiffs J. F. and Fletcher

The HOD was issued in the Plaintiffs' underlying administrative complaint on September 15, 2003. Plaintiffs' Motion for Summary Judgment, Exhibit F:1, *D. B. et al. v. D.C.* (D.D.C. 2006) (No. 1:06cv0017). Thereafter, the D.C.P.S. did not authorize or issue partial payment, or otherwise respond to the Plaintiffs' invoice for attorney's fees in the underlying administrative complaint prior to the filing of the instant complaint. Defendant's Motion for Dismissal of the Complaint at 8, Exhibit 2, *D. B. et al. v. D.C.* (D.D.C. 2006) (No. 1:06cv0017). Thus, the statute of limitations required that Plaintiffs J. F. and Fletcher file their fee application prior to September 15, 2006. Plaintiffs J. F. and Fletcher properly filed the instant complaint on January 6, 2006, before the expiration of the statute of limitations.

Plaintiffs J. H. and Santo

The HOD was issued in the Plaintiffs' underlying administrative complaint on September 2, 2003. Plaintiffs' Motion for Summary Judgment, Exhibit G:1, *D. B. et al. v. D.C.* (D.D.C. 2006) (No. 1:06cv0017). Thereafter, the D.C.P.S. did not authorize or issue partial payment, or otherwise respond to the Plaintiffs' invoice for attorney's fees in the underlying administrative complaint prior to the filing of the instant complaint. Defendant's Motion for Dismissal of the Complaint at 8, Exhibit 2, *D. B. et al. v. D.C.* (D.D.C. 2006) (No. 1:06cv0017). Thus, the statute of limitations required that Plaintiffs J. H. and Santo file their fee application prior to September 2, 2006. Plaintiffs J. H. and Santo properly filed the instant complaint on January 6, 2006, before the expiration of the statute of limitations.

7

Plaintiffs D. K. and Roscoe

The HOD was issued in the Plaintiffs' underlying administrative complaint on November 12, 2002. Plaintiffs' Motion for Summary Judgment, Exhibit H:1, *B. B. et al. v. D.C.* (D.D.C. 2006) (No. 1:06cv0017). Approximately eight months later, on July 24, 2003, after negotiating with Plaintiffs' counsel, the D.C.P.S. issued approved for partial payment of the invoiced fees. Plaintiffs' Motion for Summary Judgment, Exhibits A:4, H:2-H:3. Thus, the statute of limitations required that Plaintiffs D. R. and Roscoe file their fee application prior to July 24, 2006. Plaintiffs D. R. and Roscoe properly filed the instant complaint on January 6, 2006, before the expiration of the statute of limitations.

Plaintiffs M. W. and Carmichael

The HOD was issued in the Plaintiffs' underlying administrative complaint on August 21, 2003. Plaintiffs' Motion for Summary Judgment, Exhibit I:1. Thereafter, the D.C.P.S. did not authorize or issue partial payment, or otherwise respond to the Plaintiffs' invoice for attorney's fees in the underlying administrative complaint prior to the filing of the instant complaint. Defendant's Motion for Dismissal of the Complaint at 8, Exhibit 2, *D. B. et al. v. D.C.* (D.D.C. 2006) (No. 1:06cv0017). Thus, the statute of limitations required that Plaintiffs M. W. and Carmichael file their fee application prior to August 21, 2006. Plaintiffs M. W. and Carmichael properly filed the instant complaint on January 6, 2006, before the expiration of the statute of limitations.

II. **PLAINTIFFS J. H. AND SANTO ARE PREVAILING PARTIES UNDER THE IDEA**

Parents or guardians who obtain a favorable decision in an IDEA administrative proceeding are "prevailing parties" for purposes of the IDEA, and may initiate a suit in

district court to obtain attorney's fees from the D.C.P.S. *Roca v. D.C.*, 2005 U.S. Dist. LEXIS 5130 at 20 (March 14, 2002). Further, a plaintiff need not prevail on each alleged count to be a prevailing party. *Lopez v. D.C.*, 383 F. Supp. 2d 18, 22-23 (D.D.C. 2005).

Plaintiffs J. H. and Santo's July 10, 2003 complaint alleged (1) that the D.C.P.S. failed to provide J. H. an appropriate school placement; (2) that the D.C.P.S. denied J. H. a free appropriate public education (hereinafter "FAPE"); and (3) that the D.C.P.S. incorrectly found J. H. ineligible for compensatory education. As relief, Plaintiffs' counsel sought D.C.P.S. funding for J. H.'s placement at the Sunrise Academy, revision of J. H.'s IEP, and reconsideration of J. H.'s eligibility for compensatory education. The D.C.P.S. presented exhibits and testimony in opposition to the Plaintiffs' allegations and the requested relief. At the conclusion of the presentation of the D.C.P.S.' case, Plaintiffs' counsel motioned the hearing officer for a directed verdict. Plaintiffs' counsel's motion for a directed verdict was granted. The September 2, 2003 HOD ordered the D.C.P.S. to place and fund J. H. at the Sunrise Academy, to convene an MDT/IEP meeting to revise J. H.'s IEP as appropriate, and to reconsider J. H.'s eligibility for compensatory education services. Plaintiffs' Motion for Summary Judgment, Exhibit G:1; *D. R. et al. v. D.C.* (D.D.C. 2006) (No. 1:06cv0017).

The Defendant's contention that Plaintiffs J. H. and Santo are not prevailing parties, in spite of the directed verdict for the Plaintiffs and the relief awarded in the HOD, is based on the hearing officer's determination that D.C.P.S. had not yet denied J. H. a FAPE at the time of the hearing, which took place during the summer months, and prior to J. H.'s first day of the school year at his inappropriate school placement. However, as long as a plaintiff prevails on any significant issue in the litigation and

achieves some of the benefit sought in the lawsuit, the plaintiff is "undeniably" a

prevailing party entitled to an award of attorney's fees. *Lopez*, 383 F. Supp. 2d at 22-23.

Plaintiffs J. H. and Santo achieved all of the substantive relief sought in the underlying

administrative complaint, and are therefore clearly prevailing parties entitled to be

awarded reasonable attorney's fees.

Under the IDEA, reasonable attorney's fees may be awarded, in this Court's

discretion, to parents or guardians of minor students who prevailed in an administrative

proceeding held pursuant to the statute. A party prevails when they are awarded the

requested relief by an administrative hearing officer following an administrative

proceeding. The statute of limitations for submission of fee applications to this Court is

three years. As each of the Plaintiffs in the instant complaint was a prevailing party in an

administrative hearing, and timely submitted a fee application to this Court prior to the

expiration of the three year statute of limitations, each Plaintiffs' claim for attorney's fees

is properly before this Court, and thus, the Defendant's Motion to Dismiss the Complaint

must be denied.

Respectfully Submitted,

/s/ Angela T'nia Green
Angela T. Green, Esq., # 484436

Attorneys for Plaintiffs
ANTHONY R. DAVENPORT, ESQ., P.C.
601 Pennsylvania Avenue
Suite 900
Washington D.C. 20004